James F. Clapp, Esq., SBN 145814
DOSTART CLAPP GORDON & COVENEY
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Telephone:     (858) 623-4200
Facsimile:     (858) 623-4299

Kevin J. McInerney, Esq., SBN 46941
Kelly McInerney, Esq., SBN 200017
Charles A. Jones, Esq., SBN 224915
MCINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Telephone:     (775) 849-3811
Facsimile:     (775) 849-3866

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LINDA YOUNG,** and **MIKE SAFAIE,** individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **CHARLES SCHWAB & CO., INC.** <br><br> Defendant. | Case No. C 07:2828 CW <br><br> **FIRST AMENDED COMPLAINT:** <br><br> **1.) COLLECTIVE ACTION FOR OVERTIME PURSUANT TO SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT** <br><br> **2.) CLASS ACTION FOR UNPAID OVERTIME PURSUANT TO CALIFORNIA LAW** |

**THIS IS A CLASS AND COLLECTIVE ACTION**

**I.**

**JURISDICTION**

1.     This Court has jurisdiction because Plaintiffs sue under a federal statute, the Fair Labor Standards Act (29 U.S.C. §201 *et seq.*), and because that statute is a predicate of the Business and Professions Code violation alleged by Plaintiff Mike Safaie.  Jurisdiction also exists under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) defendant

1   is a citizen of California whereas some members of the proposed California class are, upon

2   information and belief, citizens of states other than California, and (b) the amount in controversy

3   with respect to the California class exceeds $5,000,000, exclusive of interests and costs.  Venue

4   is appropriate because the Defendant is a corporation headquartered in and doing business in the

5   Northern District of California.

6

7                                                        **II.**

8                                                     **FACTS**

9       2.      Plaintiff Linda Young, at all times relevant, has been a resident of Reno, Nevada

10  and, during the past four years, was employed as a Customer Service Specialist in Reno, Nevada

11  by Defendant Charles Schwab & Co., Inc.  Plaintiff Mike Safaie at all times relevant has been a

12  resident of California and was employed by Defendant Charles Schwab & Co., Inc. as a

13  Customer Service Specialist in Torrance, California between July 2004 and September 2006.

14

15      3.      Defendant Charles Schwab & Co., Inc. (hereinafter also referred to as

16  "Defendant") is a corporation engaged in the securities brokerage business and other related

17  activities.  Its corporate headquarters is at 101 Montgomery Street in San Francisco, California.

18  Its place of incorporation is Delaware.

19

20      4.      For many years up to and including the present, Defendant has employed persons

21  with the job title of Customer Service Specialist ("CSS") in California and throughout the

22  United States.  The Defendant has maintained several hundred brokerage offices across the

23  country, which have been staffed by one or more Customer Service Specialists.

24

25      5.      At no time during their employment as Customer Service Specialists were the

26  Plaintiffs exempt from the protection of the overtime provisions of the Fair Labor Standards Act

27  (Title 29 United States Code §201 *et seq.*) or the California Labor Code §§510, 1194 and 1198.

28  Although the Plaintiffs and other Customer Service Specialists employed by the Defendant

**FIRST AMENDED COMPLAINT**
**Case No. C 07:2828 CW**

1  regularly worked well in excess of forty (40) hours per week and eight (8) hours per day, they

2  were not paid overtime as required by the Fair Labor Standards Act, the California Labor Code

3  and the applicable Wage Orders. The failure of the Defendant to pay the Plaintiffs and other

4  Customer Service Specialists overtime was willful.

5

6      6.     Up until fairly recently, Defendant classified its Customer Service Specialists,

7  including Plaintiffs, as exempt employees. However, approximately eighteen months ago,

8  Defendant informed its Customer Service Specialists that there was a change in policy and that

9  they would henceforth be eligible to receive overtime.

10

11     7.     Although Defendant announced that it was changing its treatment of the

12  Customer Service Specialists from exempt to non-exempt, there was no change in the actual job

13  description or the duties and activities performed by Plaintiffs and the other Customer Service

14  Specialists.

15

16     8.     Despite this announced policy change, Defendant failed to actually pay the

17  Plaintiffs and other Customer Service Specialists overtime, although they and the other

18  Customer Service Specialists routinely continued to work in excess of forty (40) hours per week

19  and eight (8) hours per day.

20

21                              **III.**

22          **THE NATIONAL FLSA COLLECTIVE CLAIM**

23     9.     Plaintiff Linda Young re-alleges the preceding Paragraphs of this First Amended

24  Complaint and charges that Defendant's conduct in failing to pay overtime to its Customer

25  Service Specialists throughout the nation has been a violation of the Fair Labor Standards Act

26  (Title 29 U.S.C. § 201 *et seq.*).

27

28

**FIRST AMENDED COMPLAINT**
**Case No. C 07:2828 CW**

10.    Pursuant to 29 U.S.C. § 216(b), Plaintiff Linda Young seeks to pursue a collective action on behalf of the following similarly-situated individuals: "All individuals who, within the applicable limitations period, were employed by Defendant as Customer Service Specialists anywhere in the United States (excluding California)."

11.    Pursuant to 29 U.S.C. § 201 *et seq.*, Plaintiff Linda Young seeks recovery of overtime pay on behalf of the individuals described above, plus liquidated damages, interest, attorney fees, and costs, in amounts to be proved at trial.

12.    Plaintiffs respectfully request that this Court send notice pursuant to Title 29 U.S.C. § 216(b) to all other Customer Service Specialists employed by the Defendant throughout the United States and its territories (excluding California) during the past three years so those employees may consent to join this collective action.

## IV.

### THE CALIFORNIA CLASS ACTION
### BROUGHT PURSUANT TO FRCP 23

13.    Plaintiff Mike Safaie re-alleges and incorporates by reference Paragraphs 1-8 of this First Amended Complaint.

14.    Plaintiff Mike Safaie alleges that, with respect to Customer Service Specialists employed by the Defendant in the State of California, Defendant's failure to pay overtime to these individuals violated California Labor Code §§ 510, 1194, and 1198, as well as the applicable California Wage Orders.  In addition, Defendant failed to authorize and permit these individuals with required meal and rest breaks, entitling them to additional wages under California Labor Code § 226.7.

**FIRST AMENDED COMPLAINT**
**Case No. C 07:2828 CW**

15.    Defendant's failure to pay overtime and failure to authorize and permit meal and rest periods for its Customer Service Specialists in California, as alleged herein, constitutes an unlawful, unfair, or fraudulent business act or practice, in violation of California Business and Professions Code §17200 *et seq.*

16.    Pursuant to Fed. R. Civ. P. 23(b)(3), Plaintiff Mike Safaie seeks to bring a class action on behalf of the following individuals: "All individuals who, within the applicable limitations period, were employed by Defendant as Customer Service Specialists in the State of California."

17.    Plaintiff Mike Safaie alleges on information and belief that there are at least 100 individuals who fall within the class definition set forth above.

18.    Common legal and factual questions exist with respect to the claims of the class members, which predominate over individual questions.  These common questions include, but are not limited to, the following: (a) whether Defendant had a common policy or practice regarding the payment of overtime to Customer Service Specialists; (b) Defendant's reasons for classifying Customer Service Specialists as exempt under California law; (c) Defendant's reasons for re-classifying Customer Service Specialists as non-exempt under California law; (d) what type of evidence exists to reflect the number of hours Customer Service Specialists worked or work; (e) the job duties of Customer Service Specialists; (f) whether each of these job duties are properly characterized as exempt or non-exempt under California law; and (g) the extent to which Customer Service Specialists exercised independent judgment and discretion.

19.    Plaintiff Mike Safaie's claims are typical of those of the class in that he has been injured by Defendant's common policy or practice of failing to pay overtime to Customer Service Specialists in California.  He will vigorously protect the interests of the class; he has no interests that are adverse to those of the class; and he has retained counsel who are experienced

**FIRST AMENDED COMPLAINT**
**Case No. C 07:2828 CW**

1  in federal and state class wage and hour litigation and are competent to prosecute the class

2  claims.

3

4       20.     A class action is superior Class treatment is superior because it provides judicial

5  economy.  Many of the central issues are susceptible to being resolved by summary judgment.

6

7       21.     Pursuant to California Business and Professions Code §17203, Plaintiff Mike

8  Safaie seeks an order requiring Defendant to make restitution of all unpaid overtime owed to the

9  class defined above, plus one hour's worth of pay for each missed meal and rest period, plus

10  interest, attorney fees, and costs, in amounts to be proved at trial.

11

12  **PRAYER FOR RELIEF**

13       22.     Plaintiff Linda Young, on her own behalf and for all those similarly situated

14  employees who consent to join, prays for overtime wages, liquidated damages, and attorney fees

15  and costs, in amounts to be proved at trial.

16

17       23.     Plaintiff Mike Safaie, individually and on behalf of the California class defined

18  above, prays for restitution of unpaid wages, plus interest, attorney fees, and costs, in amounts to

19  be proved at trial.

20

21  DATED:     August 3, 2007     McInerney & Jones
     Attorneys For Plaintiffs

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**
**Case No. C 07:2828 CW**

**PROOF OF SERVICE**
**Linda Young and Mike Safaie, et al. v. Charles Schwab & Co., Inc**
**United States District Court, Northern District of California**
**Case No.  C-07:2828 CW**

I, the undersigned, declare as follows:

I am employed in the County of Washoe, State of Nevada.

I am over the age of eighteen (18) years and not a party to the within action; my business address is 18124 Wedge Parkway, #503, Reno Nevada, 89511.

On August 3, 2007, I served the foregoing document(s) described as:

      1.    First Amended Complaint

on all interested parties in this action addressed to the addressee as follows:

Diana Tabacopolous
SEYFARTH SHAW LLP
One Century Plaza, Suite 3300
2029 Century Park East
Los Angeles, CA 90067-3063

   **X**    (By Federal Express or other Overnight Delivery Service) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

       (By Facsimile Transmission) on August 3, 2007, at Reno, Nevada, I served the above-referenced document on the above-stated addressee by facsimile transmission.  A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

       (By electronic mail) I caused the document to be transmitted via electronic mail on January 9, 2007 to the email addresses provided above.

       (By U.S. Mail) The sealed envelope with postage thereon fully prepaid was placed for collection and mailing following ordinary business practices.  I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing set forth in this declaration. I am readily familiar with McINERNEY & JONES's practice for collection and processing of documents for mailing with the United States Postal Service the same day as the day of collection in the ordinary course of business.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on August 3, 2007, at Reno, Nevada.

_____
Jennifer Smith