SEYFARTH SHAW LLP
Diana Tabacopoulos (SBN 128238) dtabacopoulos@seyfarth.com
Francis J. Ortman, III (SBN 213202) fortman@seyfarth.com
Eden Anderson (SBN 233464) eanderson@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
CHARLES SCHWAB & CO., INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA YOUNG, and MIKE SAFAIE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES SCHWAB & CO., INC.,<br><br>Defendant. | Case No. C 07 2828 CW<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant Charles Schwab & Co., Inc. ("Schwab") hereby answers the First Amended Complaint of Linda Young and Mike Safaie ("Plaintiffs") as follows:

**JURISDICTION**

1. Paragraph 1 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent that Paragraph 1 purports to contain any allegations of fact, Schwab admits that this Court has original jurisdiction over claims asserted under the Fair Labor Standards Act. Schwab admits that venue in this Court is appropriate because it is a corporation headquartered and doing business within this judicial district. Schwab lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 1 and therefore denies the same.

## FACTS

2. Schwab admits that it employed Plaintiff Linda Young as a Branch Client Service Specialist II and Plaintiff Mike Safaie as a Branch Client Service Specialist I. Schwab further admits that Plaintiff Young worked in Schwab's Reno, Nevada branch and that Plaintiff Safaie worked in Schwab's Torrance, California branch. Schwab lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 2 and therefore denies the same.

3. Schwab admits that it is incorporated in the state of California, that its corporate headquarters are located at 101 Montgomery Street in San Francisco, California, and that it is engaged in the securities brokerage business. Schwab lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 3 and therefore denies the same.

4. Schwab admits that it has employed persons with the job title Branch Client Service Specialist I and II at various of its branches in California and throughout the United States. The remaining allegations of Paragraph 4 are denied.

5. Paragraph 5 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent that Paragraph 5 purports to contain any allegations of fact, Schwab denies those allegations.

6. Schwab admits that in or around October 2005, it classified certain Branch Client Service Specialists I and II as non-exempt, including Plaintiffs. The remaining allegations of Paragraph 6 are denied.

7. Schwab denies each and every allegation contained in Paragraph 7.

8. Schwab denies each and every allegation contained in Paragraph 8.

## THE NATIONAL FLSA COLLECTIVE CLAIM

9. Schwab incorporates by reference as though fully set forth herein its answers to paragraphs 1-8 of the First Amended Complaint. Schwab otherwise denies each and every allegation contained in Paragraph 9.

10. Schwab lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 and therefore denies the same. Schwab denies that Plaintiff Young is similarly situated to all other Branch Client Service Specialist IIs. Schwab also denies that Plaintiff Young is entitled to the relief for which she prays on behalf of herself or any other individual, or to any other relief.

11. Schwab lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 and therefore denies the same. Schwab denies that Plaintiff Young is entitled to the relief for which she prays on behalf of herself or any other individual, or to any other relief.

12. Schwab lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 and therefore denies the same. Schwab denies that Plaintiff Young is entitled to the relief for which she prays on behalf of herself or any other individual, or to any other relief.

**THE CALIFORNIA CLASS ACTION BROUGHT PURSUANT TO FRCP 23**

13. Schwab incorporates by reference as though fully set forth herein its answers to paragraphs 1-12 of the First Amended Complaint.

14. Paragraph 14 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent that Paragraph 14 purports to contain any allegations of fact, Schwab denies each and every allegation contained in Paragraph 14.

15. Paragraph 15 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent that Paragraph 15 purports to contain any allegations of fact, Schwab denies each and every allegation contained in Paragraph 15.

16. Schwab lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 and therefore denies the same. Schwab denies that Plaintiff Safaie is entitled to the relief for which he prays on behalf of himself or any other individual, or to any other relief. Schwab avers that Plaintiff Safaie is not similarly situated to all Branch Client Service Specialist I's in California.

17. Schwab denies each and every allegation contained in Paragraph 17.

18. Paragraph 18 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent that Paragraph 18 purports to contain any allegations of fact, Schwab denies each and every allegation contained in Paragraph 18.

19. Paragraph 19 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent that Paragraph 19 purports to contain any allegations of fact, Schwab denies that Plaintiff Safaie's claims are typical of the persons he seeks to represent and further denies that it has a common policy or practice of failing to pay overtime to Branch Client Service Specialists Is and IIs in California. Schwab lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 19 and therefore denies the same.

20. Paragraph 20 contains conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent that Paragraph 20 purports to contain any allegations of fact, Schwab denies each and every allegation contained in Paragraph 20.

21. Schwab lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 and therefore denies the same. Schwab denies that Plaintiff Safaie is entitled to the relief for which he prays on behalf of himself or any other individual, or to any other relief.

**PRAYER FOR RELIEF**

22. Schwab denies that Plaintiff Young is entitled to the relief for which she prays on behalf of herself or any other individual, or to any other relief. Schwab further denies that Plaintiff Young and the persons she seeks to represent are similarly situated.

23. Schwab denies that Plaintiff Safaie is entitled to the relief for which he prays on behalf of himself or any other individual, or to any other relief. Schwab further denies that Plaintiff Safaie is similarly situated to all Branch Client Service Specialist Is in California.

**AFFIRMATIVE AND OTHER DEFENSES**

Schwab asserts the following affirmative and other defenses without assuming any burden of production of proof that it otherwise would not have.

**FIRST DEFENSE**

Plaintiffs' First Amended Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

**SECOND DEFENSE**

Some or all of Plaintiffs' and/or the putative plaintiffs' claims are barred in whole or in part by the applicable statutes(s) of limitations.

**THIRD DEFENSE**

Neither Plaintiffs nor any other person they purport to represent is entitled to recover any damages that they failed to mitigate.

**FOURTH DEFENSE**

Some or all of the claims asserted by Plaintiffs' and/or the putative plaintiffs' claims are barred in whole or in part by the doctrine of after-acquired evidence and/or unclean hands.

**FIFTH DEFENSE**

Some or all of Plaintiffs' and/or the putative plaintiffs' claims are barred in whole or in part by the doctrine of estoppel, quasi-estoppel, and/or equitable estoppel.

**SIXTH DEFENSE**

Some or all of Plaintiffs' and/or putative plaintiffs' claims are barred by the doctrine of laches and/or waiver.

**SEVENTH DEFENSE**

Plaintiffs do not have standing to pursue some or all of the claims they purport to assert on behalf of others or a class. Plaintiffs cannot pursue claims on behalf of classes to which they are not members.

**EIGHTH DEFENSE**

The First Amended Complaint is barred by the doctrines of *res judicata* and/or *collateral estoppel* to the extent that any Plaintiff, class member or other putative beneficiary of this action has asserted in any prior legal or administrative proceeding that he or she was entitled to additional payment for overtime, meal periods, rest breaks and/or waiting time penalties, and did not prevail on such claim.

**NINTH DEFENSE**

Plaintiffs and/or the putative plaintiffs are not entitled to some or all of the relief sought under the doctrine of consent.

**TENTH DEFENSE**

Plaintiffs and/or the putative plaintiffs are exempt from overtime pay as executive, administrative, or professional employees, or otherwise.

**ELEVENTH DEFENSE**

If Plaintiffs have sustained any damages or if any putative plaintiffs sustained any damages, although such is not admitted herein and is specifically denied, Schwab is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiffs or putative plaintiffs owed to Schwab against any judgment that may be entered against Schwab.

**TWELFTH DEFENSE**

Some or all of Plaintiffs' and the other putative plaintiffs' claims are subject to mandatory, final and binding arbitration and thus may not be litigated in this Court.

**THIRTEENTH DEFENSE**

This case may not be maintained as a collective action because Plaintiff Young is not similarly situated to or an otherwise adequate representative for the persons whom she purports to represent and, thus, she cannot establish the existence of each of the requirements under 29 U.S.C. § 216. Schwab specifically maintains that Plaintiff Young's pleading fails to meet the requirements necessary to justify a collective action or issuance of notice pursuant to 29 U.S.C. § 216.

**FOURTEENTH DEFENSE**

Schwab states, in the alternative if necessary, that even if it has in fact failed to pay individuals for any of the activities alleged in Plaintiffs' First Amended Complaint, such activities do not constitute compensable work under the FLSA and/or other applicable state laws, and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.

**FIFTEENTH DEFENSE**

Plaintiff Young's claims under the FLSA do not constitute and cannot be prosecuted as a "collective action."

**SIXTEENTH DEFENSE**

Schwab states, in the alternative if necessary, that its actions with respect to Plaintiffs and any similarly situated person were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259, and/or applicable state law.

**SEVENTEENTH DEFENSE**

Schwab states, in the alternative if necessary, that its actions with respect to Plaintiffs and any other purported similarly situated person were taken in good faith with reasonable grounds to believe such conduct comported with the FLSA or interpretations of the FLSA pursuant to 29 U.S.C. § 260, and/or applicable state law.

**EIGHTEENTH DEFENSE**

Plaintiff Young cannot properly maintain this case as a collective action under § 216(b) of the FLSA as she is not similarly situated to other putative plaintiffs, and to allow her to do so would violate Schwab's right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

**NINETEENTH DEFENSE**

Plaintiff Safaie's claim and the claims of the persons he seeks to represent pursuant to Business & Professions Code section 17200 *et seq*. are barred because that statute is unconstitutionally vague and overly broad, and the manner in which Plaintiff alleges that it applies to the business practices of Schwab constitutes a violation of due process.

**TWENTIETH DEFENSE**

Plaintiffs' First Amended Complaint is barred to the extent that Plaintiff Safaie seeks relief for alleged losses, injuries or damages incurred prior to the effective date of Labor Code section 226.7 on the ground that no private right of action directly under the Wage Orders or any other law existed prior to that date.

**TWENTY-FIRST DEFENSE**

To the extent Plaintiffs purport to seek relief on behalf of members of the general public who have suffered no damages, the First Amended Complaint and each of its claims for relief therein violate Schwab's right to due process under the California and Unites States Constitutions.

**TWENTY-SECOND DEFENSE**

Some or all of the requests for relief asserted in the First Amended Complaint are barred by the Constitution of the United States, and/or the statutes or regulations under which Plaintiffs' claims purportedly are asserted.

**TWENTY-THIRD DEFENSE**

Plaintiffs' alleged claims are barred, in whole or in part, by the doctrine of primary jurisdiction. The First Amended Complaint and each purported cause of action should be abated and Plaintiffs should be compelled to pursue their administrative remedies with the appropriate administrative entity, which has primary jurisdiction over Plaintiffs' claims.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' First Amended Complaint is barred by California Labor Code section 2856 to the extent that Plaintiff Safaie, any purported class member or other putative beneficiary of this action failed substantially to comply with all the directions of Schwab, and such failure proximately caused the alleged losses for which they seek relief.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims for unpaid wages on their own behalf and on behalf of the persons they seek to represent are barred because Plaintiffs and putative plaintiffs failed to meet the conditions precedent for the payment of such wages.

**TWENTY-SIXTH DEFENSE**

Plaintiff Safaie and the members of the class he seeks to represent are not entitled to any penalty award under sections 201, 202, 203, 210, 226.3, 226.7, or 558 of the California Labor Code since, at all times relevant and material herein Schwab did not willfully, knowingly, and/or intentionally fail to comply with the applicable provisions of the California Labor Code, but

rather acted in good faith and had reasonable grounds for believing that it did not violate the applicable provisions of the California Labor Code.

**TWENTY-SEVENTH DEFENSE**

Plaintiff Safaie and the members of the class he seeks to represent are not entitled to any penalty award under the California Labor Code to the extent that the penalty provisions of Labor Code sections 203, 558, 1197.1, and 2699 establish penalties that are mandatory and are disproportionate to any damage or loss incurred as a result of Schwab's conduct, and therefore are unconstitutional under the 8th Amendment of the United States Constitution and Article I section VII of the California Constitution.

**TWENTY-EIGHTH DEFENSE**

Plaintiff Safaie lacks standing to seek injunctive relief, and civil penalties or damages under relevant portions of the California Labor Code and California Business and Professions Code § 17200 et seq. because, *inter alia*, Plaintiff has not suffered any injury in fact or lost money or property as a result of any unfair competition, and/or penalties are available under the statutes Plaintiff sues upon.

**TWENTY-NINTH DEFENSE**

Plaintiff Safaie's claim under Business & Professions Code Section 17200 *et seq.*, on behalf of himself and the putative class, is barred to the extent that he is not a member of the putative class and/or lacks standing to assert this claim.

**ADDITIONAL DEFENSES**

Schwab presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Schwab prays as follows:

1. Plaintiffs take nothing by the First Amended Complaint and the First Amended Complaint be dismissed with prejudice;

2. That the purported class(es) not be certified;

3. That judgment be entered in favor of Schwab on all claims;

3. For costs of suit and reasonable attorneys' fees incurred herein; and

4. For such other and further relief as this Court deems proper.

DATED: August 20, 2007

SEYFARTH SHAW LLP

By /s/
Diana Tabacopoulos
Francis J. Ortman, III
Eden Anderson
Attorneys for Defendant
CHARLES SCHWAB & CO., INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On August 20, 2007, I served the within documents:

**DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

☐ I sent such document from facsimile machine (310) 201-5219 on ________. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

James F. Clapp, Esq.
DOSTART CLAPP GORDON & COVENEY
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
(858) 623-4200 F: (858) 623-4299

Kevin J. McInerney, Esq.
Kelley McInerney, Esq.
Charles A. Jones, Esq.
McINERNEY & JONES
18124 Wedge Parkway, No. 503
Reno, NV 89511
(775) 849-3811 F: (775) 849-3866

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on August 20, 2007, at Los Angeles, California.

/s/
Lora Calma