1  Kevin J. McInerney, Esq., SBN 46941
   Kelly McInerney, Esq., SBN 200017
2  Charles A. Jones, Esq., SBN 224915
   MCINERNEY & JONES
3  18124 Wedge Parkway #503
   Reno, NV 89511
4  Telephone:    (775) 849-3811
   Facsimile:    (775) 849-3866
5  kevin@mcinerneylaw.net
   kelly@mcinerneylaw.net
6  caj@mcinerneylaw.net
7       *Attorneys for Plaintiffs*

8  Diana Tabacopoulos
   SEYFARTH SHAW LLP
9  One Century Plaza, Suite 3300
   2029 Century Park East
10 Los Angeles, CA 90067-3063
11 Telephone:    (310) 201-5255
   Facsimile:    (310) 201-5219
12 DTabacopoulos@seyfarth.com
        *Attorneys for Defendant*
13

14            **UNITED STATES DISTRICT COURT**

15            **NORTHERN DISTRICT OF CALIFORNIA**

16

17 **LINDA YOUNG,** and **MIKE SAFAIE,**          Case No. C 07:2828 CW
   individually and on behalf
18 of all others similarly situated,             **STIPULATION AND [PROPOSED]
                                                 ORDER TO FILE SECOND AMENDED
19            Plaintiff,                          COMPLAINT**

20      v.

21 **CHARLES SCHWAB & CO., INC.**                 Honorable Claudia Wilken

22            Defendant.

23

24

25

26

27

28

1    In connection with the proposed settlement of this action, the parties, through their

2    undersigned counsel, agree and stipulate that the plaintiffs may file the attached Second

3    Amended Complaint (Exhibit A).

4

5

6

7    DATED:        February 7, 2008        McINERNEY & JONES
                                           Attorneys For Plaintiffs
8
                                            /s/ Kevin J. McInerney
9                                          Kevin J. McInerney

10

11

12    DATED:        February 7, 2008        SEYFARTH SHAW LLP
                                           Attorneys for Defendant
13
                                            /s/ Diana Tabacopoulos
14                                         Diana Tabacopoulos

15

16

17    IT IS HEREBY ORDERED:

18       The plaintiffs' Second Amended Complaint will be filed.

19

20

21

22    Dated: _____        _____

23                                                Honorable Claudia Wilken

24

25

26

27

28

1    **PROOF OF SERVICE**
**Linda Young and Mike Safaie, et al. v. Charles Schwab & Co., Inc**
2    **United States District Court, Northern District of California**
**Case No.  C-07:2828 CW**
3    _____

I, the undersigned, declare as follows:
4

I am employed in the County of Washoe, State of Nevada.
5

I am over the age of eighteen (18) years and not a party to the within action; my business address
6    is 18124 Wedge Parkway, #503, Reno Nevada, 89511.

7    On February 7, 2008, I served the foregoing document(s) described as:

8            1.       Stipulation and [Proposed] Order to File Second Amended Complaint

9

10    on all interested parties in this action addressed to the addressee as follows:

11    Diana Tabacopolous
SEYFARTH SHAW LLP
12    One Century Plaza, Suite 3300
2029 Century Park East
13    Los Angeles, CA 90067-3063

14
XX   By CM/ECF.  I electronically transmitted the attached document to the Clerk's Office using
15    the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the above
CM/ECF registrant(s).
16
I declare under penalty of perjury under the laws of the State of California that the above
17    is true and correct.

18            Executed on February 7, 2008, at Reno, Nevada.

19

20                                            /s/ Jennifer Smith
                                            Jennifer Smith
21

22

23

24

25

26

27

28

# EXHIBIT A

James F. Clapp, Esq., SBN 145814
DOSTART CLAPP GORDON & COVENEY
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Telephone:     (858) 623-4200
Facsimile:     (858) 623-4299
jclapp@sdlaw.com

Kevin J. McInerney, Esq., SBN 46941
Kelly McInerney, Esq., SBN 200017
Charles A. Jones, Esq., SBN 224915
MCINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Telephone:     (775) 849-3811
Facsimile:     (775) 849-3866
kevin@mcinerneylaw.net
kelly@mcinerneylaw.net
caj@mcinerneylaw.net

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LINDA YOUNG, MIKE SAFAIE,** and **JANICE KEVARI,** individually and on behalf of all others similarly situated, | Case No. C 07:2828 CW |
| Plaintiffs, | **SECOND AMENDED COMPLAINT:** |
| v. | **1.) COLLECTIVE ACTION FOR OVERTIME PURSUANT TO SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT** |
| **CHARLES SCHWAB & CO., INC.** | |
| Defendant. | **2.) CLASS ACTION FOR WAGES PURSUANT TO STATE LAWS** |

**THIS IS A CLASS AND COLLECTIVE ACTION**

1

# I.

2

## JURISDICTION

3        1.      This Court has jurisdiction because Plaintiffs sue under a federal statute, the Fair

4    Labor Standards Act (29 U.S.C. §201 *et seq.*), and because that statute is a predicate of the

5    Business and Professions Code violation alleged by Plaintiffs Mike Safaie and Janice Kevari.

6    Jurisdiction also exists under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d),

7    because (a) defendant is a citizen of California whereas some members of the proposed class are,

8    upon information and belief, citizens of states other than California, and (b) the amount in

9    controversy exceeds $5,000,000, exclusive of interests and costs.  Venue is appropriate because

10   the Defendant is a corporation headquartered in and doing business in the Northern District of

11   California.

12

13

# II.

14

## FACTS

15       2.      Plaintiff Linda Young, at all times relevant, has been a resident of Reno, Nevada

16   and, during the past four years, was employed as a Branch Client Service Specialist in Reno,

17   Nevada by Defendant Charles Schwab & Co., Inc.  Plaintiff Mike Safaie at all times relevant has

18   been a resident of California and was employed by Defendant Charles Schwab & Co., Inc. as a

19   Branch Client Service Specialist in Torrance, California between July 2004 and September

20   2006.  Plaintiff Janice Kevari at all times relevant has been a resident of California and was

21   employed as a Branch Client Service Specialist in San Diego, California between May 2001 and

22   April 2005.

23

24       3.      Defendant Charles Schwab & Co., Inc. (hereinafter also referred to as

25   "Defendant") is a corporation engaged in the securities brokerage business and other related

26   activities.  Its corporate headquarters is at 101 Montgomery Street in San Francisco, California.

27   Its place of incorporation is Delaware.

28

**SECOND AMENDED COMPLAINT**
**Case No. C 07:2828 CW**

1    4.    For many years up to and including the present, Defendant has employed persons

2    with the job title of Client Service Specialist ("CSS") in California and throughout the United

3    States.  The Defendant has maintained several hundred brokerage offices across the country,

4    which have been staffed by one or more Client Service Specialists.

5

6    5.    At no time during their employment as Client Service Specialists throughout the

7    United States were the Plaintiffs exempt from the protection of the overtime provisions of the

8    Fair Labor Standards Act (Title 29 United States Code §201 *et seq.*), the California Labor Code

9    §§510, 1194 and 1198, and/or the wage and hour laws of the other states and jurisdictions as set

10   forth in Exhibit A, attached hereto.  Although the Plaintiffs and other CSSs employed by the

11   Defendant regularly worked well in excess of forty (40) hours per week and eight (8) hours per

12   day, they were not paid overtime as required by the Fair Labor Standards Act, the California

13   Labor Code and the applicable wage orders, the labor laws, and regulations of the other

14   jurisdictions identified in Exhibit A.  The failure of the Defendant to pay the Plaintiffs and other

15   Client Service Specialists overtime was willful.

16

17   6.    Up until approximately October 2005, Defendant classified its CSSs, including

18   Plaintiffs, as exempt employees.  At that juncture, Defendant informed its CSSs that there was a

19   change in policy and that they would henceforth be eligible to receive overtime.

20

21   7.    Although Defendant announced that it was changing its treatment of the Client

22   Service Specialists from exempt to non-exempt, there was no change in the actual job

23   description or the duties and activities performed by Plaintiffs and the other CSSs.

24   Approximately seven months ago, the job title of CSSs was changed but the work performed

25   remained essentially the same.  These employees are also referred to as CSSs in this complaint.

26

27

28

3
**SECOND AMENDED COMPLAINT**
**Case No. C 07:2828 CW**

1  8.    Despite this announced policy change, Defendant failed to actually pay the

2  Plaintiffs and other CSSs overtime, although they and the other CSSs routinely continued to

3  work in excess of forty (40) hours per week and/or eight (8) hours per day.

4

5  **III.**

6  **THE NATIONAL FLSA COLLECTIVE CLAIM**

7  9.    Plaintiff Linda Young re-alleges the preceding Paragraphs of this First Amended

8  Complaint and charges that Defendant's conduct in failing to pay overtime to its CSSs

9  throughout the nation has been a violation of the Fair Labor Standards Act (Title 29 U.S.C. §

10  201 *et seq.*).

11

12  10.    Pursuant to 29 U.S.C. § 216(b), Plaintiff Linda Young seeks to pursue a

13  collective action on behalf of the following similarly-situated individuals: "All individuals who,

14  within the applicable limitations period, were employed by Defendant as CSSs anywhere in the

15  United States."

16

17  11.    Pursuant to 29 U.S.C. § 201 *et seq.*, Plaintiff Linda Young seeks recovery of

18  overtime pay on behalf of the individuals described above, plus liquidated damages, interest,

19  attorney fees, and costs, in amounts to be proved at trial.

20

21  12.    Plaintiffs respectfully request that this Court send notice pursuant to Title 29

22  U.S.C. § 216(b) to all other CSSs employed by the Defendant throughout the United States and

23  its territories during the past three years so those employees may consent to join this collective

24  action.

25

26

27

28

---

4

**SECOND AMENDED COMPLAINT**
**Case No. C 07:2828 CW**

# IV.

# THE STATE LAW CLASS ACTION

## BROUGHT PURSUANT TO FRCP 23

13.    Plaintiffs Mike Safaie and Janice Kevari re-allege and incorporate by reference Paragraphs 1-8 of this First Amended Complaint.

14.    Plaintiffs Mike Safaie and Janice Kevari allege that, with respect to Client Service Specialists employed by the Defendant in the State of California, Defendant's failure to pay overtime to these individuals violated California Labor Code §§ 510, 1194, and 1198, as well as the applicable California Wage Orders.  In addition, Defendant failed to authorize and permit these individuals with required meal and rest breaks, entitling them to additional wages under California Labor Code § 226.7.  It is also alleged that the Defendant failed to observe other labor statutes relating to the time and form of wage payments, giving rise to penalties which plaintiffs seek to recover pursuant to the California Labor Code's Private Attorney General Act (Labor Code §2699, *et seq.*).Defendant's conduct, as alleged herein, has also constituted an unlawful, unfair, or fraudulent business act or practice, in violation of California Business and Professions Code §17200 *et seq.*

15.    These Plaintiffs also allege that the Defendant's conduct has been similarly violative of all the other jurisdictions' wage and labor laws where the Defendant has employed CSSs.  Those jurisdictions are specifically set forth in Exhibit A.

16.    Pursuant to Fed. R. Civ. P. 23(b)(3), Plaintiffs Mike Safaie and Janice Kevari seek to bring a class action on behalf of the following individuals: "All individuals who, within the applicable limitations period, were employed by Defendant as CSSs throughout the United States."

1    17.    Plaintiff Mike Safaie alleges on information and belief that there are at least 100

2 individuals who fall within the class definition set forth above.

3

4    18.    Common legal and factual questions exist with respect to the claims of the

5 California class members, which predominate over individual questions.  These common

6 questions include, but are not limited to, the following: (a) whether Defendant had a common

7 policy or practice regarding the payment of overtime to CSSs; (b) Defendant's reasons for

8 classifying CSSs as exempt under California law; (c) Defendant's reasons for re-classifying

9 CSSs as non-exempt under California law; (d) what type of evidence exists to reflect the number

10 of hours CSSs worked or work; (e) the job duties of CSSs; (f) whether each of these job duties

11 are properly characterized as exempt or non-exempt under California law; and (g) the extent to

12 which CSSs exercised independent judgment and discretion.

13

14    19.    Plaintiffs Mike Safaie and Janice Kevari's claims are typical of those of the class

15 in that they have been injured by Defendant's common policy or practice of failing to pay

16 overtime to CSSs.  They will vigorously protect the interests of the class; they have no interests

17 that are adverse to those of the class; and they have retained counsel who are experienced in

18 federal and state class wage and hour litigation and are competent to prosecute the class claims.

19

20    20.    A class action is superior because class treatment provides judicial economy.

21 Many of the central issues are susceptible to being resolved by summary judgment.

22

23    21.    Pursuant to California Business and Professions Code §17203, Plaintiffs Mike

24 Safaie and Janice Kevari seek an order requiring Defendant to make restitution of all unpaid

25 overtime owed to the class defined above, plus one hour's worth of pay for each missed meal

26 and rest period, plus interest, attorney fees, and costs, in amounts to be proved at trial.  In

27 addition, they seek penalties pursuant to the California Labor Code's Private Attorney General

28 Act.

6

**SECOND AMENDED COMPLAINT**
**Case No. C 07:2828 CW**

1

**PRAYER FOR RELIEF**

2  22.  Plaintiff Linda Young, on her own behalf and for all those similarly situated

3 employees who consent to join, prays for overtime wages, liquidated damages, and attorney fees

4 and costs, in amounts to be proved at trial, and such other relief as the Court may find

5 appropriate.

6

7  23.  Plaintiffs Mike Safaie and Janice Kevari, individually and on behalf of the class

8 defined above, pray for restitution of unpaid wages, plus interest, attorney fees, and costs, in

9 amounts to be proved at trial, plus such other relief as the Court may find appropriate.

10

11

12

13 DATED:  February 7, 2008       MᴄIɴᴇʀɴᴇʏ & Jᴏɴᴇs

14

15                  By:  /s/  Kevin J. McInerney

16                     Kevin J. McInerney, Esq.
                     *Attorneys for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND AMENDED COMPLAINT**
**Case No. C 07:2828 CW**

# EXHIBIT A

| State | Statutory Provisions |
|-------|---------------------|
| Alabama | Code of Alabama, tit. 25, § 25-3-4 |
| Alaska | Alaska Wage & Hour Act: Alaska Stat. §§ 23.10.050 - 23.10.150<br><br>Alaska Admin. Code, tit. 8, §§ 15.010 – 15.910, 25.010 – 25.310 |
| Arizona | General Wages Statute: Ariz. Rev. Stat. §§ 23-350 – 23-362 |
| Arkansas | Minimum Wage Act of Arkansas: Ark. Code Ann. § 11-4-201 *et seq.*<br><br>Admin Regs. of the Labor Standards Div. of the Arkansas DOL § 010.14 *et seq.* |
| California | California Labor Code §§ 201-203, 226-226.7, 510, 512, 1194, 1198, 2698-2699.5<br><br>IWC Wage Order No. 4-2001<br><br>California Business & Professions Code § 17200 *et seq.* |
| Colorado | Wage Claim Act: Colo. Rev. Stat. §§ 8-4-101 *et seq.*<br><br>Minimum Wage Order Nos. 22 and 23, 7 Colo. Code. Regs § 1103-1 |
| Connecticut | Conn. Gen. Stat. §§ 31-13a, 31-51ii, § 31-60, *et seq.*<br><br>Conn. Agencies Regs. §§ 31-60-11, 31-60-14, 31-60-15, 30-16-16 |
| Delaware | Wage Payment & Collection Act: Del. Code Ann., tit. 19, §§ 707, 1101-1115. |
| District of Columbia | Wage Payment & Wage Collection Law: D.C. Code § 32-1301 *et seq.*<br><br>Minimum Wage Act: D.C. Code § 32-1001, *et seq.*<br><br>Wage Hour Rules: D.C. Mun. Reg., tit. 7, §§ 911, 914 |
| Florida | Fla. Stat., tit. 31, §§ 448.1, 448.08, 448.110 |
| Georgia | Ga. Code Ann. §§ 9-3-22, 34-4-5 |
| Hawaii | Haw. Rev. Stat. §§ 387-1 *et seq.*, 388-1 *et seq.*<br><br>Haw. Admin. Rules, tit. 12, § 20-1 *et seq.* |

| Idaho | Wage Payment Act: Idaho Code Ann. § 45-601 *et seq.* |
|---|---|
| Illinois | Wage Payment & Collection Act: 820 ILCS 115/1 *et seq.* <br><br> Minimum Wage Law: 820 ILCS 105/1 *et seq.* <br><br> Eight Hour Work Day Act: 820 ILCS 145/0.01 *et seq.* <br><br> One Day Rest In Seven Act: 820 ILCS 140/1 *et seq.* <br><br> Admin. Code, tit. 56, Ch. 1, Subchapter b, § 210 *et seq.* |
| Indiana | Minimum Wage Law of 1965: Ind. Code § 22-2-2-1 *et seq.* <br><br> Ind. Code. §§ 22-2-5-0.5 *et seq.*, 22-2-9-1 *et seq.* <br><br> Admin. Code: 610 IAC 6-1-1 *et seq.* |
| Iowa | Wage Payment Collection Act: Iowa Code Chapter 91A <br><br> Admin. Code: 875-35.1 (91A) |
| Kansas | Wage Payment Statute: Kan. Stat. Ann. §§ 44-312 – 44-327 <br><br> Minimum Wage & Maximum Hours Laws: Kan. Stat. Ann. §§ 44-1201 *et seq.* <br><br> Admin. Regs. §§ 49-16-1 *et seq.*, 49-21-1 *et seq.*, 49-30-1 *et seq.*, 49-31-1 *et seq.* |
| Kentucky | Ky. Rev. Stat. § 337.00 *et seq.* <br><br> Ky. Admin. Regs.: 803 KAR 1:005 *et seq.* |
| Louisiana | La. Rev. Stat. Ann. § 23.10 *et seq.* |
| Maine | Me. Rev. Stat., tit. 26, Ch. 7, §§ 601-626, 663-671 <br><br> Me. Admin. Rules: 12-170, Chapters 9 and 16 |
| Maryland | Md. Code Ann.: §§ 3-401 *et seq.*, 3-501 *et seq.* <br><br> Code of Md.: Tit. 9, Subtitle 12, Chapter 41 |
| Massachusetts | Mass. Gen. Laws., tit. 21, Ch. 149, §§ 100-101, 148-150 |

| | |
|---|---|
| | Minimum Fair Wage Law, Mass. Gen. Laws, Ch. 151, tit. 21, Ch. 151, §§ 1A, 1B, 7, 14-20A<br><br>Code Mass. Regs.: 455 CMR 2.00 *et seq.* |
| Michigan | Minimum Wage Law of 1964: Mich. Comp. Laws. Ann. §§ 408.381 – 408.398<br><br>Wages and Fringe Benefits Act: Mich. Comp. Laws. Ann. §§ 408.471 – 408.512 |
| Minnesota | Minn. Stat. Ann., Ch. 177, § 177.22 *et. seq.*, Ch. 181, § 181.032 *et seq.*<br><br>Minn. Admin. Rules, Ch. 5200, § 5200.0060 *et seq.* |
| Mississippi | None |
| Missouri | Mo. Rev. Stat., tit. 18, Ch. 290, §§ 290.010 *et seq.* |
| Nebraska | Neb. Wage Payment & Collection Act:. Neb. Rev. Stat. § 48-1228 *et seq.* |
| Nevada | Nev. Rev. Stat., Ch. 608, §§ 608.016, 608.018 – 608.080, 608.115, 608.140, 608.180,<br><br>Nev. Admin Code., Ch. 608, §§ 608.115 – 608.155 |
| New Hampshire | N.H. Rev. Stat. Ann., tit. 23, Ch. 275, §§ 275.30 *et seq.*, Ch. 29, §§ 279.27 *et. seq.*<br><br>N.H. Code Admin. R. Ann. Lab., Ch. Lab. 800, Part Lab. 803, Lab. 803.01 *et seq.* |
| New Jersey | Wage & Hour Law, N.J. Stat. Ann. § 34:11-56a *et seq.*<br><br>Wage Payment Law, N.J. Stat. Ann. § 34:11-4.1 *et seq.*<br><br>N.J. Admin. Code. 12:55 *et seq.*, 12:56 *et seq.*,  12:61 *et seq.* |
| New Mexico | N.M. Stat. Ann., Ch. 50, Art. 4, § 50-4-1 *et seq.*<br><br>N.M. Admin. Code, tit. 11, Ch. 1, Part 4 |
| New York | N.Y. Labor Law, Art. 5, tit. 1, § 162; Art. 6, § 190 *et seq.*<br><br>12 N.Y.C.R.R. § 142-2.2 |

| | |
|---|---|
| North Carolina | Wage & Hour Act: N.C. Gen. Stat., Ch. 95, Art. 2A, § 95.25.1 *et seq.* <br><br> N.C. Admin. Code, tit. 13, Ch. 12, § 12.0101 *et seq.* |
| Ohio | Ohio Rev. Code, tit. 41, §§ 4111.03, 4113.15, 4113.99 |
| Oklahoma | Okla. Payday Act: Okla. Stat., tit. 40, § 165.1 *et seq.* <br><br> Okla. Admin Code §§ 380:30-1-7, 380:30-1-8, 380:30-1-14, 380:30-3-1, 380:30-3-2 |
| Oregon | Or. Rev. Stat., Ch. 653, § 653.010 *et seq.*, Ch 652, § 652.110 *et seq.* <br><br> Or. Admin. Rules, Chapter 839 |
| Pennsylvania | Minimum Wage Act of 1968: 43 Pa. Stat. Ann. § 333.01 *et seq.* <br><br> Wage Payment and Collection Law: 43 Pa. Stat. Ann. § 260.1 *et seq.* <br><br> Pa. Code of Regs., tit. 34, Ch. 231, §§ 231.41 – 231.43 |
| Puerto Rico | Act No. 17 of April 17, 1931: P.R. Laws Ann. tit. 29 §§ 171-177 <br><br> Act No. 80 of May 5, 1931: P.R. Laws Ann. tit. 29 §§ 289-290 <br><br> Act No. 289 of April 9, 1946: P.R. Laws Ann. tit. 29 §§ 295-299 <br><br> Act No. 379 of May 15, 1948: P.R. Laws Ann. tit. 29 §§ 271-288 <br><br> Act No. 180 of July 27, 1998: P.R. Laws Ann. tit. 29 §§ 250-250j |
| Rhode Island | R.I. Gen. Laws, tit. 28, Ch. 28-3, §§ 28-3-14, 28-3-15, Ch. 28-12, § 28-12-1 *et seq.*, Ch. 28-14, § 28-14-1 *et seq.* |
| South Carolina | S.C. Payment of Wages Law: Code of Laws 41-10-10 *et seq.* |
| Tennessee | Tenn. Code Ann. § 50-2-101 *et seq.* |
| Texas | Tex. Payday Act: Tex. Lab. Code Ann., Ch. 61, § 61.001 *et seq.* <br><br> Tex. Minimum Wage Act, Ch. 62, § 62.001 et seq. |
| Utah | Utah Code Ann., tit. 34, Chapters 27-28 <br><br> Utah Labor Rules, R610 |

| Vermont | Vt. Stat. Ann., tit. 21, Chapter 5, § 303 *et seq.* |
|---|---|
| Virginia | Va. Ann. Code, tit. 40.1, Ch. 3, §§ 40.1-28.11, 40.1-29 |
| Washington | Minimum Wage Act: RCW § 49.46 *et seq.*<br><br>Rev. Code Wash.: §§ 49.12, *et seq.*, 49.48 *et seq.*<br><br>Wash. Admin. Code: 296-126 *et seq.*; 296-128 *et seq.* |
| West Virginia | West. Virginia Code: §§ 21-3-10A, 21-5-3, 21-5-4, 21-5-6, 21-5-9 – 21-5-13, 21-5C *et seq.*<br><br>Code of State Rules: 42 CSR 5, 42 CSR 8 |
| Wisconsin | Wis. Admin. Code Chapters DWD 272.01 *et seq.*, 274.01 *et seq.*<br><br>Wis. Stat.: Chapters 103.01 *et seq.*, 104.01 *et seq.*, 109.01 *et seq.* |