# EXHIBIT A

DOSTART CLAPP GORDON & COVENEY
James F. Clapp (SBN 145814) jclapp@sdlaw.com
4370 La Jolla Village Drive, Suite 970
San Diego, California 92122
Telephone: (858) 623-4200
Facsimile: (858) 623-4299

McINERNEY & JONES
Kevin J. McInerney (SBN 46941) Kevin@mcinerneylaw.net
Charles A. Jones (SBN 224915) caj@mcinerneylaw.net
18124 Wedge Parkway #503
Reno, Nevada 89511
Telephone: (775) 849-3811
Facsimile: (775) 849-3866

Attorneys for Plaintiffs
LINDA YOUNG, MIKE SAFAIE, and JANICE KEVARI

SEYFARTH SHAW LLP
Diana Tabacopoulos (SBN: 128238) dtabacopoulos@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
CHARLES SCHWAB & CO., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**LINDA YOUNG, MIKE SAFAIE** and **JANICE KEVARI,** individually and on behalf of all others similarly situated,

Plaintiff,

vs.

**CHARLES SCHWAB & CO., INC.**

Defendant.

Case No. C 07 2828 CW

**JOINT STIPULATION OF SETTLEMENT AND RELEASE**

Plaintiffs Linda Young, Mike Safaie, and Janice Kevari individually and on behalf of all others similarly situated, and Defendant Charles Schwab & Co., by and through their respective counsel of record, agree to resolve the above-captioned case through this Joint Stipulation of Settlement and Release.

## I. DEFINITIONS

1. "Action" means the Second Amended Complaint that will be filed pursuant to the Settlement in *Linda Young, et al. v. Charles Schwab & Co., Inc.*, Case No. C 07 2828 CW, currently pending in the Northern District of California, a copy of which is attached as Exhibit F.

2. "Schwab" shall mean Defendant Charles Schwab & Co., Inc., and all of its respective former and present parents, subsidiaries, and affiliated entities and their officers, directors, employees, partners, registered representatives, insurers, shareholders, and agents, and any other successors, assigns, or legal representatives.

3. "Claims Administrator" shall mean Rust Consulting, Inc., which shall perform the duties of (i) using the data provided by Schwab to prepare the Claim Forms with the number of Compensable Work Weeks worked in the Covered Positions by each Class Member; (ii) mailing the Notice of Pendency, Consent to Join Settlement Forms, Claim Forms and Exclusion Forms to Class Members; (iii) tracking returned Consent to Join Settlement Forms, Claim Forms, and Exclusion Forms; (iv) notifying Schwab and Class Counsel of timely and untimely claims; (v) calculating the amounts due to each Class Member pursuant to the Settlement; and (vi) notifying Schwab and Class Counsel of and resolving any disputes regarding claims by the Class Members.

4. "Claim Form" shall mean Exhibit C, the form approved by Schwab and Class Counsel and subject to Court approval, which each Class Member must complete in full, sign under the penalty of perjury, and mail, via first class mail with a postmark on or before the date 90 days following mailing, to recover a portion of the Settlement proceeds.

5. "Class" or "Class Members" shall mean the named Plaintiffs, Linda Young, Mike Safaie, and Janice Kevari and all persons who work or worked for Schwab in the Covered Positions during the Covered Period in the United States and certain United States territories. "Class" or "Class Members" also shall refer to the "Collective Action" and "Collective Action Members" defined below.

6. "Collective Action" or "Collective Action Members" shall mean the named Plaintiffs, Linda Young, Mike Safaie, and Janice Kevari and all similarly-situated persons who work or worked for Schwab in the Covered Positions during the Covered Period in the United States and certain United States territories.

7. "Class Representatives" or "Plaintiffs" shall mean Plaintiffs Linda Young, Mike Safaie, and Janice Kevari.

8. "Class Counsel" shall mean James F. Clapp of Dostart, Clapp, Gordon & Coveney, LLP and Kevin McInerney of McInerney & Jones.

9. "Class Members' Released Period" shall mean the period from the commencement of the applicable statute of limitations period for the jurisdiction(s) in which the Class Member was employed by Schwab, as set forth in attached Exhibit E, to the date on which the Court gives final approval of the Settlement.

10. "Class Representatives' Released Period" shall mean the period from the beginning of the Class Representatives' respective dates of employment by Schwab to the date on which the Court gives final approval of the Settlement.

11. "Compensable Work Weeks" shall mean all full or partial weeks worked by Class Members in the Covered Positions during the Covered Period.

12. "Consent to Join Settlement Form" refers to Exhibit B, the form approved by Schwab and Class Counsel and subject to Court approval which a Class Member must complete in full, sign under the penalty of perjury, and mail, via first class mail with a postmark on or before the date 90 days following mailing, to recover a portion of the settlement proceeds.

13. "Court" refers to the United States District Court for the Northern District of California.

14. "Covered Period" shall mean the applicable statute of limitations period for the jurisdiction in which the Class Member was employed by Schwab (delineated for each state in Exhibit E) through the date of final approval in a Covered Position.

15. "Covered Positions" refers to Branch Client Service Specialist I and Branch Client Service Specialist II, and also those individuals employed by Schwab on or before June 30, 2007 who have continued to serve in that role (regardless of any change in actual job title) at any time between June 30, 2007 and the date of final approval.

16. "Exclusion Form" refers to Exhibit D, the Exclusion Form approved by Schwab and Class Counsel and subject to Court approval, which a Class Member must complete in full, sign under the penalty of perjury, and mail, via registered mail, return receipt requested

with a postmark on or before the date 90 days following mailing, to exclude himself or herself from the release of state-law claims pursuant to this Settlement.

17. "Final Judgment" shall mean the Order Granting Final Approval of Class Action and Collective Action Settlement and Judgment entered by the Court.

18. "Notice of Pendency" shall mean the Notice of Pendency of Class Action and Collective Action and Opportunity to Opt-In, Proposed Settlement, and Hearing Date for Court Approval attached as Exhibit A, which the Claims Administrator will mail to each Class Member explaining the terms of the Settlement and the claims process. The Notice of Pendency is subject to Court approval.

19. "Parties" shall mean the Class Representatives, Class Members and Schwab.

20. "Settlement" shall mean this Joint Stipulation of Settlement and Release.

21. "Settlement Effective Date" shall mean the first day following the last of the following occurrences:

(a) The date and time to appeal or seek permission to appeal or seek other judicial review of the entry of a Final Judgment approving the Settlement has expired with no appeal or other judicial review having been taken or sought; or

(b) If an appeal or other judicial review has been taken or sought, the date the Final Judgment is finally affirmed by an appellate court with no possibility of

subsequent appeal or other judicial review, or the date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

22. "Settlement Sum" shall mean the all-inclusive, non-reversionary total of $2,150,000.00 to be paid by Schwab pursuant to this Settlement.

## II. RECITALS

23. Plaintiffs allege violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. sections 201 et seq. ("FLSA") and various state wage and hour laws for failure to provide meal and rest periods, itemized wage statements, and all monies due upon termination. Plaintiffs contend that their Action is appropriate for class and collective action treatment. Schwab denies any liability or wrongdoing of any kind associated with the claims alleged, and contends that, for any purpose other than settlement, this Action is not appropriate for class or collective action treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure or 29 U.S.C. § 216(b), respectively. Schwab further contends that it has complied with the FLSA and with the state wage and hour laws set forth in Exhibit G. Neither this Settlement, nor any final judgment in this Settlement, shall constitute an admission of any form of wrongdoing or liability on the part of Schwab or the accuracy of any allegation raised in the Action. This Settlement is entered into in compromise of disputed claims. Schwab denies all allegations of wrongdoing alleged in the Action. Plaintiffs and Schwab intend, by their actions pursuant to this Settlement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

24. On November 12, 2007, Schwab and Class Counsel engaged in a full-day private mediation with David Rotman, Esq. At mediation, Schwab and Class Counsel reached

an agreement in principle to settle this matter, and have continued their negotiations, reaching this agreement to settle this Action on the terms set forth herein.

25. Schwab and Class Counsel agree that the Court shall certify a class and a collective action solely for the purpose of implementing the terms of this Settlement.

26. Class Counsel represent that they have conducted a thorough investigation into the facts of this case, and have diligently pursued an investigation of the Class Members' claims against Schwab, including (i) interviewing Class Members and analyzing the results of Class Member interviews; (ii) reviewing relevant documents; (iii) researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay and defenses asserted by Schwab.

27. The entry of Final Judgment in this Action shall dismiss with prejudice all claims set forth in paragraphs 47-50 below, as set forth in the Action, as amended by the Second Amended Complaint. Schwab and Class Counsel agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and to dismiss this Action with prejudice.

## III. TERMS OF SETTLEMENT

28. Settlement Sum:

(a) The total amount to pay the timely and valid claims of the Class Members ("Class Members' Distribution Amount") consists of the $2,150,000.00 Settlement

Sum less the sums set forth at (1) through (5) of this subparagraph: (1) $537,500.00 in attorneys' fees and all litigation costs not to exceed $50,000.00 to Class Counsel, subject to Court approval; (2) a pool of up to $45,000.00 in enhancement payments to be divided among the Class Representatives, subject to Court approval; (3) a reasonable sum to the Honorable Charles A. Legge ("Judge Legge") for his services as Rule 53 master pursuant to paragraph 30(a), estimated at this time to be approximately $25,000.00, which sum will be advanced to Judge Legge by Class Counsel, subject to reimbursement to Class Counsel from the Settlement Sum upon distribution of the settlement funds to the Class Members; (4) a reasonable amount to the Claims Administrator to administer the Settlement, estimated at this time to be approximately $50,000.00[1]; and (5) the sum of $25,000.00 to be paid to the California Workforce Development Agency as penalties pursuant to California Labor Code Section 2699(i) and (j). Under no circumstances will Schwab make settlement payments pursuant to this Settlement totaling in excess of $2,150,000.00. Plaintiffs will amend the pending Action as necessary to effectuate the Settlement, including, but not limited to, an amendment to include a Private Attorney General Act Claim, Labor Code section 2699, et seq.; state law wage and hour claims; and a claim under the FLSA as to Class Members who worked in California during the Covered Period. Plaintiffs will file their Second Amended Complaint by January 22, 2008, and will use dispatch in exhausting their administrative remedies with the Labor Workforce Development Agency. The Second Amended Complaint will be expressly incorporated as part of the Action that is being settled by the parties in this Settlement.

(b) With respect to distribution of the Class Members' Distribution Amount to pay the timely and valid claims of the Class Members, Schwab and Class Counsel will develop, as more fully set forth in Paragraph 31(a), a formula based on the total number of Compensable Work Weeks for all Class Members that results in the complete distribution of the Class Member Distribution Amount to each Class Member who elects to participate in the

[1] Class Counsel and Schwab agree that if the settlement is not approved for any reason, then they will equally share the costs of Judge Legge and of the Claims Administrator.

Settlement. Each Class Member may participate in the Settlement only if he/she submits both a valid and timely Consent to Join Settlement Form and Claim Form. A Class Member may elect not to participate in the Settlement by timely filing an Exclusion Form. If a Class Member does neither of the above, he/she cannot participate in the monies paid out under the Settlement but he/she still will be bound by the terms of the Settlement as to his/her state law claims if it is granted final approval by this Court. No portion of the Settlement Sum reverts to Schwab.

29. Attorneys' Fees: Subject to the approval of the Court, Class Counsel will receive from the Settlement Sum $537,500.00, which represents twenty-five percent (25%) of the Settlement Sum, in attorneys' fees, and a sum not to exceed $50,000.00 for all costs and expenses incurred to compensate Class Counsel for the work already performed in this case and all work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, administering the Settlement, ensuring that the Settlement is fairly implemented and obtaining dismissal with prejudice of the Action. If the Court awards Class Counsel less than twenty-five percent (25%) of the Settlement Sum as fees or less than $50,000.00 in costs, the residual shall be added to the Class Members' Distribution Amount and distributed on a pro rata basis to the Class Members.

30. Enhancement Payments to Class Representatives: Conditioned upon the Class Representatives' execution of a general release in favor of Schwab, Schwab agrees to pay a total of $45,000.00 to be divided among the Class Representatives equally, as an enhancement for their services as Class Representatives, in addition to any payment they each may otherwise receive as Class Members. If the Court awards the Class Representatives less than a total of $45,000, the residual shall be added to the Class Members' Distribution Amount and distributed on a pro rata basis to the Class Members. Schwab will issue an IRS Form 1099 to the Class Representatives for their enhancement payments.

31. Distribution to Class Members: Only those Class Members who timely submit both valid Consent to Join Settlement Forms and valid Claim Forms will be paid pursuant to this Settlement. If a Class Member timely submits a Consent to Join Settlement Form and/or a Claim Form, and an Exclusion Form, the Exclusion Form will be invalid and the Class Member will be included in the Settlement and will be bound by the terms of the Settlement. To be timely, the Consent to Join Settlement and Claim Forms must be mailed via first class mail with a postmark on or before the date 90 days following the mailing of the Notice of Pendency.

(a) Distribution of Class Members' Distribution Amount: The gross amount distributed to each Class Member will be based on a formula that Schwab and Class Counsel will develop for allocating the Class Members' Distribution Amount to Class Members and that will be subject to the Court's approval. The formula will calculate the total number of Compensable Work Weeks for all Class Members who were employed by Schwab during the Covered Periods applicable to employees in each state. Each Class Member who participates in the Settlement will receive, for employment prior to October 2005, a share of the Class Members' Distribution Amount based on the number of Compensable Work Weeks he/she worked in a Covered Position between the commencement of the applicable statute of limitations period for the state in which that Class Member worked for Schwab up until October 2005. For employment after October 2005, each Class Member who participates in the Settlement will receive his/her share of a lump sum distribution regardless of the number of weeks worked after October 2005. The applicable statutes of limitations periods are a function of the state(s) in which the Class Member was employed by Schwab, and are set forth at Exhibit E. The gross amount distributed to each Class Member will be based upon the number of Compensable Work Weeks he or she worked, the period during which the Compensable Work Weeks were worked, and the value of a Compensable Work Week in each state. On January 3, 2008, the Court appointed Judge Legge to (1) assist Class Counsel in developing an allocation formula for the distribution of the Settlement proceeds, and (2) prepare a report for the Court that will contain (a)

his findings of fact and (b) a recommendation to the Court regarding the allocation formula. Schwab and Class Counsel will submit Judge Legge's report to the Court and the Court will have an opportunity to adopt the report as its Order or revisit the question of the allocation formula.

(b) Tax Allocation: Schwab and Class Counsel agree that the settlement payments to Class Members are sixty-percent (60%) alleged wages subject to IRS Form W-2 reporting and withholding of all applicable local, state and federal taxes, and forty-percent (40%) alleged penalties, liquidated damages, and interest, subject to IRS Form 1099 reporting. Schwab will pay its portion of payroll taxes and withholdings. Notwithstanding the treatment of the Settlement amounts above, none of the payments called for by this Settlement, including the wage portion of the Settlement, are to be treated as earnings or wages for any purpose of any Schwab benefit plan.

(c) Settlement Payment Date: The Claims Administrator shall mail the Settlement payments to the eligible Class Members, the enhancement payments to the Class Representatives, and the payment for attorneys' fees and all costs to Class Counsel within twenty (20) calendar days following the Settlement Effective Date.

32. Interest: In the event of an appeal of the Final Judgment, the Settlement Sum shall be placed in an escrow account, to be administered by the Claims Administrator, on behalf of the Class Members. All interest shall be accrued on behalf of the Class Members. All expenses related to the escrow account shall be paid out of the Settlement Sum.

## IV. NOTICE TO CLASS MEMBERS

33. A Notice of Pendency, in the form attached as Exhibit A and approved by the Court, shall be sent by the Claims Administrator to the Class Members, by first class mail,

within thirty (30) days of the Court's approval thereof. Attached to the Notice of Pendency will be a Consent to Join Settlement Form, a Claim Form and an Exclusion Form, in the form attached as Exhibits B, C, and D, respectively.

34. Schwab shall provide to the Claims Administrator, within ten (10) days following the Court's approval of the Notice of Pendency, a confidential database of all putative Class Members, including last known addresses, dates of employment in the Covered Positions for the Covered Period, and social security numbers. This database shall be based on Schwab's payroll and other business records and will be provided to the Claims Administrator prior to the date for mailing of the Notice of Pendency. This database will be maintained as strictly confidential and used by the Claims Administrator for the sole purposes of administering the Settlement herein. It shall not be shared with Class Counsel. The Claims Administrator will provide to Class Counsel and to Counsel for Schwab the name and dates of employment in each Covered Position during the Covered Period of any Class Member who (1) objects to the Settlement, (2) requests exclusion from the Settlement or (3) otherwise expresses any opposition to the Settlement, within five days of such occurrence.

35. The Claims Administrator will use the United States Postal Service National Change of Address List to verify the accuracy of all addresses before the initial mailing date to ensure that the Notice of Pendency, the Consent to Join Settlement Form, the Claim Form, and the Exclusion Form are sent to all Class Members at the addresses most likely to result in immediate receipt of the claim documents. It will be conclusively presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Class Member received the Notice of Pendency, the Consent to Join Settlement Form, the Claim Form, and the Exclusion Form. With respect to returned envelopes, the Claims Administrator will perform a routine skip trace procedure to obtain a current address and re-mail the envelope to such address within five (5) days of the receipt of the returned envelope.

36. If any Class Member files a defective Claim Form postmarked before the claim filing deadline, then the Claims Administrator shall send a letter ("Cure Letter") to such Class Member informing him/her that his/her Claim Form is defective and must be cured to become valid. The Claims Administrator must postmark the Cure Letter within three (3) business days of receiving a defective Claim Form. The Cure Letter shall state that the Class Member has 15 calendar days from the date of the Cure Letter to postmark a revised Claim Form. If a Class Member postmarks a revised claim more than 15 calendar days after the date of the Cure Letter, the claim will be invalid. If a Class Member responds to a Cure Letter by filing a defective claim, then the Claims Administrator shall have no further obligation to give notice of a need to cure. New Claim Forms received after the filing deadline are considered invalid and, if defective, cannot be cured.

37. Class Counsel shall provide the Court, at least five (5) days prior to the final fairness hearing, a declaration by the Claims Administrator specifying the due diligence it has undertaken with regard to the mailing of the Notice of Pendency.

## V. CLAIMS PROCESS

38. Within thirty (30) days following the Court's approval of the Notice of Pendency, the Claims Administrator will mail to all Class Members the Notice of Pendency, the Consent to Join Settlement Form, the Claim Form, and the Exclusion Form.

39. Each Claim Form will list the number of Compensable Work Weeks during the Covered Period that the Class Member held a Covered Position according to Schwab's records. The Claim Form will contain a request that the Class Member confirm or dispute the information concerning his or her Compensable Work Weeks in a Covered Position during the Covered Period.

40. Class Members will have ninety (90) days from the mailing of the Notice of Pendency, Consent to Join Settlement Form, Claim Form and Exclusion Form (1) to complete in full and return the Consent to Join Settlement Form and Claim Form, via first class mail with a postmark, on or before the date 90 days following mailing; or (2) to complete in full and return the Exclusion Form, via registered or certified mail, return receipt requested, on or before the date 90 days following mailing. No Consent to Join Settlement Forms or Claim Forms or Exclusion Forms will be honored if postmarked after the deadline to submit said forms. All original Claim Forms, Consent to Join Settlement Forms and/or Exclusion Forms shall be sent directly to the Claims Administrator at the address indicated on the forms. Class Members shall have sixty (60) days from the date of mailing to object to the Settlement.

41. The Claims Administrator will gather all Consent to Join Settlement Forms and forward them to Schwab and Class Counsel. Class Counsel will file them with the Court.

42. The Claims Administrator will certify jointly to Class Counsel and Schwab which Consent to Joint Settlement Forms, Claim Forms, and Exclusion Forms were timely or untimely filed.

43. The Claims Administrator shall report, in summary or narrative form, the substance of any discrepancies between the dates of employment submitted by the Class Member on the Claim Form and Schwab's records. In the event of any dispute over a Class Member's dates of employment in a Covered Position, Schwab and Class Counsel will meet and confer in good faith in an effort to resolve the dispute, and if Schwab and Class Counsel are unable to reach an agreement, the Claims Administrator shall decide the dispute, and its decision will be final.

44. The Claims Administrator will submit to Schwab a list of timely and valid claims and the calculation of the amounts due to each Class Member pursuant to this Settlement no later than fifteen (15) calendar days after the close of the 90-day period to file claims.

45. After the close of the 90-day period to file claims and any time remaining for Class Members to cure timely, yet defective, Claim Forms, the Claims Administrator will promptly notify all Class Members whose claims ultimately are denied of the fact of and reason for denial.

46. The Claims Administrator shall be responsible for issuing the payments and calculating and withholding all required state and federal taxes.

## VI. RELEASE OF CLAIMS

47. Released State Law Claims by Class Members. The Class Members (other than those who file Exclusion Forms) hereby fully and finally release and discharge Schwab from any and all applicable state law wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description, whether known or unknown, arising during the Class Members' Released Period, including without limitation, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including without limitation, penalties under the California Labor Code's Private Attorneys General Act of 2004, as amended in August 2004, California Labor Code sections 2699, 2699.3, and 2699.5), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of overtime wages; (b) any and all claims for the failure to provide meal and/or rest periods; and (c) any and all claims for failure to provide accurate itemized wage statements; (d) any and all claims for failure to pay final wages; and (e) any and all claims

stemming from or based on the alleged misclassification of employees as exempt employees (collectively, "Class Members' Released State Law Claims"). The Class Members' Released State Law Claims include claims meeting the above definition under any and all applicable statutes, including without limitation those set forth in the compendium of state specific wage and hour laws set forth in attached Exhibit G. Notwithstanding the foregoing, nothing in this Settlement releases any claims that cannot be released as a matter of law.

48. Released Federal Law Claims by Class Members. In addition, the Class Members who submit valid and timely Consent to Join Settlement Forms fully and finally release and discharge Schwab from any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, whether known or unknown, arising during the Class Members' Released Period ("Class Members' Released Federal Law Claims"). Notwithstanding the foregoing, nothing in this Settlement releases any claims that cannot be released as a matter of law.

49. Released Claims by the Class Representatives. The Class Representatives hereby fully and finally release and discharge Schwab from any and all claims, whether known or unknown, arising during the period from the beginning of their respective dates of Schwab employment to the date on which the Court gives final approval of the Settlement ("Class Representatives' Released Period"), whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law; whether or not such claims are in the nature of claims for damages, unpaid wages, premium pay, deductions, unreimbursed business expenses, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks, and other alleged wage-and-hour violations, attorneys' fees or injunctive relief; and whether sounding in contract or tort ("Class Representatives' Released Claims"). The Class Representatives' Released Claims include, but are not limited to, claims arising from or

dependent on the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*.; the Age Discrimination in Employment Act, as amended; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; the Civil Rights Act of 1991; 42 U.S.C. § 1981; Executive Order 11246; Executive Order 11141; the Rehabilitation Act of 1973; the Equal Pay Act; Federal Employee Polygraph Protection Act; the National Labor Relations Act; the Worker Adjustment and Retraining Notification Act; the California Fair Employment and Housing Act, including Government Code Sections 12900, *et seq*.; the California Family Rights Act; the California Pregnancy Disability Act; and the California Labor Code; any applicable California Industrial Welfare Commission; the Nevada Rev. Stat. Ch. 608, sections 608.016, 608.018-608.080, 608.115, 608.140, and 608.180; and all of their implementing regulations; claims arising from or dependent on federal or local laws or regulations prohibiting discrimination or harassment in employment or otherwise, or enforcing express or implied contracts, requiring employers to deal fairly or in good faith, or restricting an employer's right to terminate employees, wrongful discharge, wrongful termination in violation of public policy, constructive termination, retaliation, defamation, conspiracy, infliction of emotional distress (intentional or negligent), invasion of privacy, assault, battery, physical or personal injury, emotional distress, fraud, negligent misrepresentation, misrepresentation, or any other tort, or any law, such as California Business & Professions Code Section 17200. Notwithstanding the foregoing, nothing in this Settlement releases any claims cannot be released as a matter of law.

The Class Representatives acknowledge that, before signing this Release, they have 21 calendar days to consider it. The Class Representatives further understand that they may sign this Release at any time before the expiration of the 21-day consideration period. The Class Representatives agree and understand that they may revoke this Agreement and their waiver of Age Discrimination in Employment Act and Fair Employment and Housing Act claims within seven (7) days after their execution of it, and that the Agreement shall not become effective or enforceable until at least seven (7) days after the date on which they sign below.

Any revocation must be in writing and delivered by hand or certified mail to Diana Tabacopoulos, Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, CA 90067. Failure to revoke within seven (7) days will result in the waiver being permanent. If The Class Representatives revoke within seven (7) days, the entire Agreement is void

Class Members' Released State Law and Federal Claims and Class Representatives' Released Claims shall be referred to as "Released Claims."

50. Waiver of Unknown Claims. It is the desire of Schwab, Class Counsel and the Class Representatives to fully, finally, and forever settle, compromise, and discharge all Class Members' Released Claims as specified at Paragraphs 47-49, which were or which could have been asserted in this Action against Schwab, whether known or unknown, liquidated or unliquidated. As a consequence, the Class Representatives and each Class Member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims specified in Paragraphs 47-49, but the Class Representatives and each Class Member, upon the Settlement Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Specifically, the Class Representatives and the Class Members shall be deemed to have waived all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and/or any comparable law(s) of any other state. Section 1542 provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement

with the debtor." The Class Representatives acknowledge, and the Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## VII. DUTIES OF SCHWAB AND CLASS COUNSEL PRIOR TO COURT APPROVAL

51. Schwab and Class Counsel shall submit this Settlement to the Court in support of Plaintiffs' Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Settlement, Schwab and Class Counsel shall apply to the Court for the entry of an Order Granting Preliminary Approval of the Settlement and Notice of Pendency substantially in the following form:

(a) Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, adequate, and reasonable as to the Class;

(b) Approving as to form and content the proposed Notice of Pendency, which will incorporate the formula for distributing the Class Members' Distribution Amount. As more fully set forth above, this formula will be developed through referral of the question of the value of a Compensable Work Week for each state to Judge Legge, who will act in the capacity of a Rule 53 master. Judge Legge will provide Schwab and Class Counsel with a report that will contain findings of fact and a recommendation regarding the allocation formula for the distribution of the Settlement Sum. Class Counsel will submit Judge Legge's report to the Court. The Court will have the opportunity to adopt Judge Legge's recommendation as its Order or revisit the question of the allocation formula. Schwab and Class Counsel will then submit to the Court for approval a revised Notice of Pendency to reflect the Court's order regarding the allocation formula;

(c) Approving as to form and content the proposed Consent to Join Settlement Form;

(d) Approving as to form and content the proposed Claim Form and instructions for Schwab employees in the Covered Positions;

(e) Approving as to form and content the proposed Exclusion Form;

(f) Directing the mailing of the Notice of Pendency, the Consent to Join Settlement Form, the Claim Form and the Exclusion Form by first class mail to the Class Members;

(g) Preliminarily approving the Settlement;

(h) Preliminarily certifying the Class for purposes of Settlement; and

(i) Approving James F. Clapp of Dostart, Clapp, Gordon & Coveney, LLP and Charles A. Jones of McInerney & Jones as Class Counsel; Linda Young, Mike Safaie, and Janice Kevari as Class Representatives; and Rust Consulting, Inc. as the Claims Administrator.

## VIII. DUTIES OF SCHWAB AND CLASS COUNSEL FOLLOWING FINAL COURT APPROVAL

52. Following final approval by the Court of the Settlement, Class Counsel will submit a proposed Final Judgment:

(a) Approving the Settlement, adjudging the terms thereof to be fair, adequate, and reasonable, and directing consummation of its terms and provisions;

(b) Approving Class Counsel's application for an award of attorneys' fees and reimbursement of all costs;

(c) Approving the Class Representatives' enhancement payments;

(d) Certifying the Class for Settlement purposes only;

(e) Dismissing this Action on the merits and with prejudice and permanently barring all Class Members (other than those who timely filed Exclusion Forms) from prosecuting against Schwab any and all Class Members' Released State Law Claims arising during the Class Members' Released Period;

(f) Permanently barring the Class Members who submitted timely Consent to Join Settlement Forms from prosecuting against Schwab any and all Class Members' Released Federal Law Claims; and

(g) Permanently barring the Class Representatives from prosecuting against Schwab any and all Class Representative's Released Claims arising during the Class Representative's Released Period.

## IX. VOIDING THE AGREEMENT

53. If this Settlement is not approved, the Settlement shall not be used nor be admissible in any subsequent proceedings either in this Court or in any other Court or forum. If

there is any reduction in the attorneys' fee award, such reduction may be appealed but is not a basis for rendering the entire Settlement voidable and unenforceable. If the Court does not approve any material condition of this Settlement Agreement or effects a fundamental change to the Settlement, the entire Settlement will be voidable and unenforceable. Schwab may void this settlement by giving notice in writing to Class Counsel and the Court at any time prior to the Court's final approval of the Settlement.

## X. PARTIES' AUTHORITY

54. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective parties to its terms and conditions.

## XI. MUTUAL FULL COOPERATION

55. Schwab and Class Counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement. Schwab and Class Counsel shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement. As soon as practicable after execution of this Settlement, Schwab and Class Counsel shall take all necessary steps to secure the Court's Final Judgment.

## XII. NO PRIOR ASSIGNMENTS

56. Schwab and Class Counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or

encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

XIII. NO ADMISSION

57. Nothing contained in this Settlement shall constitute an admission of any form or wrongdoing or liability on the part of Schwab. This Settlement is entered into in compromise of disputed clams. Schwab denies all allegations of wrongdoing or liability. The parties intend, by their actions pursuant to this Settlement, merely to avoid the expense, delay, uncertainty, and burden of litigation. This Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

XIV. ENFORCEMENT ACTIONS

58. Only Schwab and Class Counsel shall have the right to institute a legal action arbitration, or other proceeding to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement. The prevailing party shall be entitled to recover from the unsuccessful party reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

XV. NOTICES

59. Unless otherwise specifically provided, all notices, demands or other communications given shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Class:
Charles A. Jones, Esq.
McInerney & Jones
18124 Wedge Parkway, Suite 503
Reno, NV 89511

James F. Clapp, Esq.
Dostart, Clapp, Gordon & Coveney, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122

To Schwab:
Diana Tabacopoulos, Esq.
Seyfarth Shaw LLP
2029 Century Park East
33rd Floor
Los Angeles, CA 90067

XVI. CONSTRUCTION

60. Schwab and Class Counsel agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between Schwab and Class Counsel and that this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or her or its counsel participated in the drafting of this Settlement.

XVII. CAPTIONS AND INTERPRETATIONS

61. Paragraph titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision. Each term of this Settlement is contractual and not merely a recital.

XVIII. MODIFICATION

62. This Settlement may not be changed, altered, or modified, except in writing and signed by Schwab and Class Counsel, and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by Schwab and Class Counsel.

XIX. INTEGRATION CLAUSE

63. This Settlement contains the entire agreement between Schwab, Class Counsel, and the Class Representatives relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement. No rights under this Settlement may be waived except in writing.

XX. BINDING ON ASSIGNS

64. This Settlement shall be binding upon and inure to the benefit of Schwab, Class Counsel, and the Class Representatives, and their respective heirs, trustees, executors, administrators, successors and assigns.

XXI. CLASS COUNSEL SIGNATORIES

65. It is agreed that because Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Settlement. The Notice of Pendency will advise all Class Members of the binding nature of the release. Excepting only the Class Members who timely submit an Exclusion Form, the Notice of Pendency shall have the same

force and effect as if this Settlement were executed by each Class Member with regard to Class Members' Released State Law Claims, and for those Class Members who timely submit Consent to Join Settlement Forms, all Class Members' Released Federal Law Claims.

## XXII. COUNTERPARTS

66. This Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all signatories.

## XXIII. RIGHT OF APPEAL

67. Class Members who do not timely object to the Settlement shall have no right to appeal the Final Judgment.

## XXIV. CLASS AND COLLECTIVE ACTION CERTIFICATION

68. Schwab and Class Counsel agree that the stipulation of class collective action and certification is for settlement purposes only and if for any reason the Settlement is not approved, the stipulation will be of no force or effect. Schwab and Class Counsel agree that certification for Settlement purposes is in no way an admission that class or collective action certification is proper and that evidence of this stipulation for Settlement purposes only will not be deemed admissible in this or any other proceeding.

XXV. RIGHT OF REVOCATION

69. Notwithstanding any other provision of this Settlement, Schwab shall retain the right, in the exercise of its sole discretion, to nullify the settlement within thirty (30) days after expiration of the exclusion period set forth in Paragraph 40, if more than fifteen (15) Class Members choose to exclude themselves from this settlement and fail to sign a release.

XXVI. NO UNDUE PUBLICITY

70. Neither the Class Representatives nor Class Counsel shall publicize, or cause to be publicized, the existence of this Settlement or its terms, in any type of mass media, including, but not limited to, speeches, press conferences, interviews, television or radio broadcasts, newspapers, or messages on the Internet. Breach of this provision shall entitle Schwab, in the exercise of its sole discretion, to nullify the Settlement at any time before final approval by the Court. Should the Class Representatives or their Class Counsel at any time breach this provision, the Class Representatives shall forfeit to Schwab the full amount of their enhancement payments. Without limitation by the foregoing, Schwab also may enforce this provision through an action for injunctive relief. Class Representatives waive any obligation by Schwab to file a bond in connection with any such action.

XXVII. DISMISSAL OF KEVARI COMPLAINT

71. This settlement is conditioned upon the dismissal with prejudice of *Kevari v. Charles Schwab & Co., Inc.*, Case No. CC 07468205, San Francisco Superior Court, no later than January 31, 2008.

DATED: ____________ SEYFARTH SHAW LLP

By:______________________________
DIANA TABACOPOULOS

Attorneys for Defendant
CHARLES SCHWAB & CO., INC.

DATED: ____________ MCINERNEY & JONES

By:______________________________
KEVIN MCINERNEY

Attorneys for Plaintiffs
LINDA YOUNG, MIKE SAFAIE, AND JANICE KEVARI

DATED: ____________ DOSTART CLAPP GORDON & COVENEY, LLP

By:______________________________
JAMES CLAPP

Attorneys for Plaintiffs
LINDA YOUNG, MIKE SAFAIE, AND JANICE KEVARI

28
**JOINT STIPULATION OF SETTLEMENT AND RELEASE**
**Case No C 07:2828 CW**

DATED:______________

______________________
LINDA YOUNG

DATED: __________

______________________
MIKE SAFAIE

DATED: __________

______________________
JANICE KEVARI

DATED: ____________

CHARLES SCHWAB & CO., INC.
BY:

________________________________

29

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No C 07:2828 CW.

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**LINDA YOUNG, MIKE SAFAIE**, and **JANICE KEVARI** individually and on behalf of all others similarly situated,

Plaintiff,

vs.

**CHARLES SCHWAB & CO., INC.**

Defendant.

Case No. C 07:2828 CW

**NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN, PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL**

ATTENTION: THIS NOTICE EXPLAINS YOUR POSSIBLE RIGHT TO RECOVER MONEY AS A RESULT OF A SETTLEMENT OF CLAIMS BROUGHT ON BEHALF OF INDIVIDUALS WHO WERE EMPLOYED BY CHARLES SCHWAB & CO., INC. IN THE UNITED STATES OR ITS TERRITORIES AS A BRANCH CLIENT SERVICE SPECIALIST I AND/OR BRANCH CLIENT SERVICE SPECIALIST II DURING CERTAIN TIME PERIODS, AS SET FORTH IN ATTACHED EXHIBIT A. **YOU HAVE RECEIVED THIS NOTICE BECAUSE SCHWAB'S RECORDS INDICATE THAT YOU ARE A MEMBER OF THE CLASS.**

**YOUR PARTICIPATION IN THE SETTLEMENT WILL HAVE NO EFFECT ON YOUR EMPLOYMENT WITH SCHWAB.**

THE MONEY FROM THE SETTLEMENT WILL BE DISTRIBUTED TO ALL ELIGIBLE CLAIMANTS. IF YOU WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT, YOU NEED TO COMPLETE AND RETURN BOTH THE CONSENT TO JOIN SETTLEMENT FORM (WHITE) AND CLAIM FORM (GREEN), AND POSTMARK THEM ON OR BEFORE __________, 2008. IF YOU DO NOT RETURN BOTH THE WHITE AND THE GREEN FORMS BY THIS DEADLINE, YOU WILL NOT RECEIVE YOUR SHARE OF MONEY UNDER THE SETTLEMENT BUT YOU MIGHT STILL BE BOUND BY THE TERMS OF THE SETTLEMENT. **PLEASE READ THIS NOTICE CAREFULLY.**

IF YOU DECIDE TO EXCLUDE YOURSELF FROM THE SETTLEMENT, YOU MUST COMPLETE AND RETURN THE EXCLUSION FORM (YELLOW) PURSUANT TO THE DIRECTIONS IN THIS NOTICE.

Pursuant to the order of the United States District Court for the Northern District of California entered on _______, 2008, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement ("Settlement") has been reached between the parties to this action. This action (defined below) alleges claims under both the federal Fair Labor Standards Act ("FLSA") and various state wage and hour laws, and is brought on behalf of all individuals who were employed by Schwab in the United States or it territories as a Branch Client Service Specialist I and/or II during all or part of the applicable time periods set forth in Exhibit A (the "Class" or the "Class Members"). The Court has approved preliminarily the Settlement and conditionally certified the Class for purposes of the Settlement only. You have received this notice because Schwab's records indicate that you are a member of the Class. This notice is designed to inform you of how you can make a claim under the Settlement, object to the Settlement, or elect not to participate in the Settlement.

PROPOSED NOTICE

To receive your share of the Settlement, you must submit both a valid and timely Consent to Join Settlement Form (white) and a valid and timely Claim Form (green). If you do neither of the above, you cannot participate in the monies paid out under the Settlement but you will still be bound by the terms of the Settlement as to your state law claims if it is granted final approval by this Court.

## I. BACKGROUND OF THE CASE

Plaintiffs Linda Young, Mike Safaie, and Janice Kevari filed a lawsuit on behalf of all individuals nationwide who were employed by Schwab as a Branch Client Service Specialist I and/or Branch Client Service Specialist II. Plaintiffs allege that Schwab failed to pay for applicable overtime, including interest and penalties. Plaintiffs also allege that Schwab violated certain state laws by not providing them meal and rest periods, itemized wage statements, and all monies due them upon termination (the "Action").

Schwab denies all of Plaintiffs' material allegations in the Action. Specifically, Schwab denies that Plaintiffs or the Class are owed any compensation for overtime hours or meal or rest periods, or any related claims, or interest or penalties of any kind.

## II. THIS SETTLEMENT IS NOT AN ADMISSION OF LIABILITY

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended to or should be construed as an admission by Schwab that Plaintiffs' claims in the Action have merit or that it has any liability to Plaintiffs or the Class on those claims. Schwab vigorously denies all of Plaintiffs' material allegations. Specifically, Schwab denies that Plaintiffs and the Class are owed any compensation for alleged overtime hours, meal periods or rest periods, or any related claims, or interest or penalties of any kind.

Class Counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties of continued litigation. Class Counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Class.

3

NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN, PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL

LA1 6668871.1

## III. SUMMARY OF THE SETTLEMENT

### A. Who is included in the Settlement?

You are included in the Settlement if you were employed by Schwab in the United States or its territories as a Branch Client Service Specialist I and/or Branch Client Service Specialist II during all or part of the applicable time periods for the state(s) in which you were employed by Schwab. Also included in the Settlement are persons who were so employed on or before that date and continued, despite a change in job title, to fulfill the role of a Branch Client Service Specialist I or II. (See attached Exhibit A for the applicable time periods broken down by state.)

### B. Who is representing the Class?

Class Counsel are:

Charles A. Jones
McInerney & Jones
18124 Wedge Parkway #503
Reno, Nevada 89511
Telephone: (775) 849-3811
Facsimile: (775) 849-3866

James F. Clapp
Dostart Clapp & Coveney, LLP
4370 La Jolla Village Drive
Suite 970
San Diego, CA 92122
Telephone: (858) 623-4200
Facsimile: (858) 623-4299

### C. Should I make a claim?

It is your right to make a claim if you so desire. Whether or not you make a claim will have no impact on your employment with Schwab. All settlement funds will be distributed to any eligible Class Member who submits a claim with no funds reverting to Schwab. Therefore, if you do not make a claim, your portion of the settlement funds will be distributed pro rata to those employees who do make a claim.

### D. How do I make a claim?

If you wish to make a claim, then complete and sign both the Consent to Join Settlement Form (white) and the Claim Form (green), and postmark and mail both forms by ____, 2008 to the Schwab Claims Administrator, Rust Consulting, Inc., 625 Marquette Avenue, Suite 880, Minneapolis, MN 55402-2469.

### E. What will I receive from the Settlement?

The total Settlement Sum is $2,150,000.00. Subject to Court approval, certain Class Counsel attorneys' fees and expenses and other costs will be deducted from the total Settlement Sum, as described below. After such deductions, your share of the total Settlement Sum generally will be based on the number of weeks you worked as a Branch Client Service Specialist I and/or II and the states and/or territories in which you were so employed, and the period of time during which those weeks were worked. The number of weeks you worked during the applicable periods will be determined from Schwab's payroll records. That number is listed on the enclosed Claim Form (green).

More specifically, if you submit an approved claim, then your share of the Settlement will be paid pursuant to a Court-approved plan of distribution. This plan of distribution is based on (1) the number of Compensable Work Weeks that you worked as a Branch Client Service Specialist I and/or Branch Client Service Specialist II; (2) the value of the Compensable Work Weeks for each jurisdiction in which you worked; and (3) the time period during which you worked during the Covered Period. "Compensable Work Weeks" means any weeks or portion of a week worked by you or other Class Members as a Branch Client Service Specialist I and/or II during the[ Covered Period]. The Covered Period is defined as the period running from the beginning of the applicable statute of limitations period for the state and/or territory in which you and the other Class Members were employed by Schwab through the date on which the Court gives final approval of the Settlement. The number of Compensable Work Weeks covered by this Settlement will vary by state and/or territory, because different states and territories have differing statutes of limitation. [The value of a Compensable Work Week also will vary depending on whether the Compensable Work Week occurred before or after October 1, 2005.] (See Exhibit A for a list of the applicable Covered Periods for each state and territory covered by the Settlement.)

In an effort to divide the Settlement Sum fairly, the Court appointed a retired federal judge to serve as a Special Master and to determine a formula for the allocation of Settlement proceeds among the states and territories that is fair, reasonable and in the best interests of the

Class. The Special Master has determined that California law is much more favorable to Class Members who worked in California during the Covered Period than are the laws of other states/territories to the Class Members who worked in those states and territories. The Special Master has recommended, and the Court has approved, a distribution formula whereby: (1) prior to October 1, 2005, the value of a Compensable Work Week in California is two times the value of a Compensable Work Week for all other states and territories, and (2) after October 1, 2005 the value of a Compensable Work Week in all states and territories is $___. Based on this formula, and after deduction of Class Counsel's fees and expenses, the Class Representatives' payment, the Special Master's fees, the Claims Administrator's fees and costs, and the payment to the California Labor and Workforce Development Agency, Class Counsel estimate that the following payments shall be made to Class Members:

(1) Each Class Member who submits a timely and valid Consent to Join Settlement Form and a timely and valid Claim Form will receive approximately $_______ for each Compensable Work Week he/she worked during the Covered Period in California prior to October 1, 2005;

(2) Each Class Member who submits a timely and valid Consent to Join Settlement Form and a timely and valid Claim Form will receive approximately $_____ for each Compensable Work Week he/she worked during the Covered Period in states and/or territories other than California prior to October 1, 2005.

These estimates are based upon the assumption that all Class Members will file a claim by submitting a Consent to Join Form and a Claim Form. Because all Settlement monies must be paid out, if only 50% of the Class Members file a claim, you could receive as much as double [your estimated Settlement figure];

(3) Each Class Member who submits a timely and valid Consent to Join Settlement Form and a timely and valid Claim Form will receive their share of a flat sum of approximately $_________ if that Class Member worked during the Covered Period in any of the states and/or territories reflected on Exhibit A after October 1, 2005, less applicable taxes and withholding.

The Settlement payments to Class Members are sixty-percent (60%) wages subject to IRS Form W-2 reporting and withholding of all applicable local, state and federal taxes, and forty-percent (40%) penalties and interest, subject to IRS Form 1099 reporting. Notwithstanding the treatment of the settlement amounts above, none of the payments called for by this Settlement, including the wage portion of the Settlement, are to be treated as earnings or wages for any purpose of any Schwab benefit plan.

F. When will I receive my Settlement payment?

The Settlement payments will be paid after final Court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement.

G. What if I do not want to participate in the Settlement?

You will not be included in the Settlement if you elect not to participate by submitting an Exclusion Form (yellow) that is provided with this notice in accordance with the conditions for submitting that form. However, if you submit a Consent to Join Settlement Form (white) and/or Claim Form (green) as well as an Exclusion Form (yellow), then the Exclusion Form (yellow) will be invalid and you will be included in the Settlement and will be bound by the terms of the Settlement.

H. What if I do not submit an Exclusion Form (yellow) but also do not submit a Consent to Join Settlement (white) and Claim Form (green)?

To receive your share of the Settlement you must submit both a valid and timely Consent to Join Settlement Form (white) and Claim Form (green). If you do nothing, your FLSA rights will not be affected by the Settlement but you may still be bound by the terms of the Settlement with respect to your state law claims even though you will not receive a Settlement payment.

I. Claims Administrator.

The Court has appointed Rust Consulting Inc., P.O. Box 9442, Minneapolis, Minnesota 55440-9442, telephone: (888) 764-8862, to act as an independent claims administrator and to

PROPOSED NOTICE

resolve any dispute concerning a Class Member's eligibility to participate in the Settlement and his or her share of the Settlement.

J. Release of Claims.

The Settlement includes a release by Class Members (other than those who file Exclusion Forms (yellow)) of Schwab and its former and present parents, subsidiaries, and affiliated entities and their officers, directors, employees, partners, registered representatives, shareholders and agents, and any other successors, assigns, or legal representatives ("Class Members' Released Parties"), from any and all applicable state law wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising from the commencement of the applicable statute of limitations period for the jurisdiction in which the Class Member was employed by Schwab, as set forth in attached Exhibit A, to the date on which the Court gives final approval of the Settlement ("Class Members' Released Period"), including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including without limitation penalties under the California Labor Code's Private Attorneys General Act of 2004, as amended in August 2004, and California Labor Code sections 2699, 2699.3, and 2699.5), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of overtime wages, (b) any and all claims for the failure to provide meal and/or rest periods; (c) any and all claims for failure to provide accurate itemized wage statements; (d) any and all claims to pay final wages; and (e) any and all claims stemming from or based on the alleged misclassification of employees as exempt employees (collectively, "Class Members' Released State Law Claims"). The Class Members' Released State Law Claims include claims meeting the above definition under any and all applicable statutes, including without limitation those set forth in the specific state wage and hour laws set forth in attached Exhibit B. Notwithstanding the foregoing, nothing in this Settlement releases any claims that do not relate to the claims of the Class Members in the Covered Positions or that cannot be released as a matter of law.

8

NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN, PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL

LA1 6668871.1

The release of claims set forth in the preceding paragraph is intended as a complete release of the Class Members' Released State Law Claims. In furtherance of this intention, Class Members expressly waive any rights or protections under any statute, legal doctrine, or any other authority that restricts the release of unknown claims, including but not limited to Section 1542 of the California Civil Code (and any other similar state statute). Section 1542 states:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOW KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

In addition, those Class Members who submit valid and timely Consent to Join Settlement Forms fully and finally release and discharge the Class Members' Released Parties from any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., whether known or unknown, arising during the Class Members' Released Period ("Class Members' Released Federal Law Claims").

The release of claims set forth in the preceding paragraph is intended as a complete release of the Class Members' Released Federal Law Claims. In furtherance of this intention, Class Members expressly waive any rights or protections under any statute, legal doctrine, or any other authority that restricts the release of unknown claims, including but not limited to Section 1542 of the California Civil Code (and any other similar state statute). Section 1542 states:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOW KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Notwithstanding the foregoing, nothing in the Settlement releases any claims that or that cannot be released as a matter of law.

K. <u>Attorneys' Fees, Litigation Expenses, and Class Representative Payments</u>

PROPOSED NOTICE

Class Counsel will seek approval from the Court for payment of attorneys' fees in the amount of twenty-five percent (25%) of the total Settlement Sum, or $537,250.00, and costs and litigation expenses in the amount of $50,000.00 The attorneys representing the Plaintiffs believe the requested amount for attorneys' fees and costs is fair and reasonable. Schwab will not oppose their request for that amount. In addition, Class Counsel will ask the Court to award each of the Plaintiffs up to $15,000 for the time they spent and the risk they took, in bringing the Action. If approved by the Court, these sums will be deducted from the Settlement Sum under the Settlement.

L. Other Deductions from the Settlement Sum

Class Counsel also will seek approval from the Court for: (1) the costs of administering the Settlement, estimated at this time to be approximately $50,000.00; (2) the costs incurred by the parties' court-appointed Special Master, estimated at this time to be a total of $25,000.00; and (3) the sum of $25,000.00 which will be paid to the California Labor and Workforce Development Agency, pursuant to California Labor Code § 2698, *et seq*. These payments will be deducted from the Settlement Sum under the Settlement.

IV. PLAINTIFFS AND CLASS COUNSEL SUPPORT THE SETTLEMENT

Plaintiffs as Class Representatives and Class Counsel support this Settlement. Their reasons include the inherent risk of denial of class certification, the risk of a trial on the merits, and the inherent delays and uncertainties associated with litigation. Based on their experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted. No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, Plaintiffs and Class Counsel believe that the Settlement is fair, reasonable, and adequate.

10

NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN, PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL

LA1 6668871.1

V. WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

Plaintiffs as Class Representatives and Class Counsel represent your interests as a Class Member. Unless you elect not to participate in the Settlement by timely filing an Exclusion Form (green), you are a part of the Class, and you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court with respect to Class Members' Released State Law Claims. Although your decision not to participate will not impair any claims under the FLSA, you may be deemed to have released your state law claims against Schwab and the other released parties as described above. As a member of the Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and costs. Your participation in the Settlement will have no effect on your employment.

A. Claiming Your Share of the Settlement.

To receive a share of the Settlement, you must both:

1. Complete and sign the enclosed Consent to Join Settlement Form (white). To be valid, the Consent to Join Form must be completed in full and signed;

AND

2. Complete and sign the enclosed Claim Form (green). To be valid, the Claim Form must be completed in full and signed.

Both the Consent to Join Settlement Form and the Claim Form must be mailed via first class mail with a postmark on or before __________, 2008 to:

Schwab Claims Administrator
c/o Rust Consulting, Inc.
P.O. Box 9442
Minneapolis, Minnesota 55440-9442
Toll Free #: (888) 764-8862

A Class Member who does not mail a Consent to Join Settlement Form (white) AND a Claim Form (green) in the manner and by the deadlines specified above will not receive a share of the Settlement.

B. Objecting to the Settlement.

PROPOSED NOTICE

If you are dissatisfied with the terms of the Settlement, you may object to the Settlement. Any objection to the Settlement must be in writing and must explain, in clear and concise terms, the basis for your objection. In addition, in order to be considered, your objection must be mailed via first class mail with a postmark on or before __________, 2008 to each of the following:

Office of the Clerk
United States District Court,
Northern District of California
1301 Clay Street, Suite 400S
Oakland, California 94612

Charles A. Jones
McInerney & Jones
18124 Wedge Parkway #503
Reno, Nevada 89511
Telephone: (775) 849-3811
Facsimile: (775) 849-3866

James F. Clapp
Dostart Clapp & Coveney, LLP
4370 La Jolla Village Drive
Suite 970
San Diego, CA 92122
Telephone: (858) 623-4200
Facsimile: (858) 623-4299

Diana Tabacopoulos
Seyfarth Shaw LLP
2029 Century Park East
Suite 3300
Los Angeles, CA 90067-3063

Your objection must include your full name, address, and dates of your employment at Schwab, and must reference this case, *Young v. Schwab, Inc.*, Case No. C 07:2828 CW. In addition, your objection must indicate whether you intend to appear at the final approval hearing scheduled for ________, 2008 at ______. It is not necessary, however, for you to appear at this hearing to make an objection.

Any Class Member who does not object to the Settlement in the manner described above will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. If the Court rejects your objection, you will still be bound by the terms of the Settlement with respect to your state law claims unless you have also submitted an Exclusion Form (yellow) in the manner described in this notice. If the Court rejects your objection, you will still be bound by the terms of the settlement, with respect to your FLSA claims if you have submitted a valid and timely Consent to Join Settlement Form (white).

12

NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN, PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL

LA1 6668871.1

Once the Court grants final approval of the Settlement, those Class Members who appeal any objection denied by the Court may be required to post a bond in connection with such appeal. The amount of the bond will be determined by the Court.

C. Excluding Yourself from the Settlement.

If you do not wish to participate in the Settlement, you must complete the enclosed Exclusion Form (yellow). To be valid, the Exclusion Form must be completed, signed by you under penalty of perjury, and returned to:

Schwab Claims Administrator
c/o Rust Consulting, Inc.
P.O. Box 9442
Minneapolis, Minnesota 55440-9442
Toll Free #: (888) 764-8862

The Exclusion Form must be returned with a postmark on or before _______, 2008. If the Exclusion Form is sent from within the United States it must be sent through the United States Postal Service via registered or certified mail, with return receipt requested. A Class Member who fails to mail an Exclusion Form in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement with respect to their state law claims if the Settlement is approved by the Court, and the Judgment, regardless of whether he or she has objected to the Settlement.

Any person who files a complete and timely Exclusion Form will, upon receipt of same by the Claims Administrator, no longer be a member of the Class and will receive no benefits from the Settlement. Any such person, at his or her own expense, may pursue any claims he or she may have against Schwab. If you timely submit a Consent to Join Settlement Form (white) and/or Claim Form (green), and an Exclusion Form (yellow), then the Exclusion Form will be invalid and you will be included in the Class and will be bound by the terms of the Settlement.

VI. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing in Courtroom 2, of the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, California 94612, on __________, 2008 at _________, to determine whether the Settlement should be finally

approved as fair, reasonable, and adequate. The Court will also be asked to approve Class Counsel's request for costs and attorneys' fees and the special payment made to Plaintiffs as the Class Representatives. The hearing may be postponed without further notice to the Class.

VII. OBTAINING MORE INFORMATION

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to the detailed Joint Stipulation of Settlement and Release which will be on file with the Clerk of the Court. The pleadings and other records in this litigation, including the Joint Stipulation, may be examined at any time during regular business hours in the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, California 94612, or you may contact Class Counsel or the Claims Administrator.

PLEASE DO NOT TELEPHONE THE COURT, SCHWAB'S COUNSEL OR SCHWAB FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**LINDA YOUNG and MIKE SAFAIE**, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

**CHARLES SCHWAB & CO., INC.**

Defendant.

Case No. C 07 2828 CW

**CONSENT TO JOIN SETTLEMENT**

IF YOU WANT TO PARTICIPATE IN THE SETTLEMENT WITH RESPECT TO THE FAIR LABOR STANDARDS ACT CLAIM, COMPLETE THIS FORM IN ITS ENTIRETY, AND SIGN THE FORM AND RETURN IT TO THE ADDRESS BELOW, POSTMARKED ON OR BEFORE [90 DAYS AFTER MAILING OF NOTICE], ALONG WITH YOUR CLAIM FORM (YELLOW)

Schwab Claims Administrator
Rust Consulting Inc.
625 Marquette Avenue, Suite 880
Minneapolis, MN 55402-2469

YOUR PARTICIPATION IN THE SETTLEMENT WILL HAVE NO EFFECT ON YOUR EMPLOYMENT WITH SCHWAB

I declare as follows:

I consent to participate in this above Action pursuant to the Fair Labor Standards Act.

///

///

///

Executed on __________, 2008, at _____________, _____________________.
(city) (state)

______________________________________
(signature)

______________________________________
(Typed or Printed Name)

# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**LINDA YOUNG and MIKE SAFAIE**, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

**CHARLES SCHWAB & CO., INC.**

Defendant.

Case No. C 072828 CW

**CLAIM FORM**

IF YOU WANT TO RECEIVE YOUR SHARE OF THIS SETTLEMENT, COMPLETE THIS FORM IN ITS ENTIRETY, SIGN THIS FORM, AND RETURN IT TO THE ADDRESS BELOW, POSTMARKED ON OR BEFORE [90 DAYS AFTER MAILING OF NOTICE], ALONG WITH YOUR CONSENT TO JOIN SETTLEMENT FORM (PINK).

Schwab Claims Administrator
Rust Consulting, Inc.
625 Marquette Avenue, Suite 880
Minneapolis, MN 55402-2469

YOUR PARTICIPATION IN THE SETTLEMENT WILL HAVE NO EFFECT ON YOUR EMPLOYMENT WITH SCHWAB

I declare as follows:

(1) I received notice the Notice of Pendency of Class Action and I wish to receive my share of the proposed Settlement.

(2) During all or part of the applicable period set forth in Exhibit ______ of the Notice of Pendency of Class Action, I was employed by Charles Schwab & Co., Inc. ("Schwab")

as a Branch Client Service Specialist I and/or Branch Client Service Specialist II in the following state(s) and or territories: __________________.

(3) Please check only one:

☐ I agree with Schwab's records that I worked a total of _____ full or partial weeks as a Branch Client Service Specialist I and/or Branch Client Service Specialist II during the applicable time period(s) for the state(s) and/or territories in which I was employed.

☐ I disagree with Schwab's records and instead contend that I worked a total of ______ full or partial weeks as a Branch Client Service Specialist I and/or Branch Client Service Specialist II during the applicable time period(s) for the state(s)and/or territories in which I was employed.

Executed on _________, 2008, at ____________, ___________________.
(city) (state)

________________________________
(Signature)

________________________________
(Typed or Printed Name)

________________________________
(Address)

________________________________
(City, State, Zip Code)

________________________________
(Telephone Number, Including Area Code)

________________________________
(Social Security Number)

# EXHIBIT D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**LINDA YOUNG and MIKE SAFAIE**, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

**CHARLES SCHWAB & CO., INC.**

Defendant.

Case No. C 07 2828 CW

**EXCLUSION FORM**

IF YOU DO *NOT* WANT TO BE INCLUDED IN THIS SETTLEMENT, COMPLETE THIS FORM IN ITS ENTIRETY, SIGN THE FORM UNDER PENALTY OF PERJURY, AND RETURN IT VIA REGISTERED OR CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TO THE ADDRESS BELOW, POSTMARKED ON OR BEFORE [90 DAYS AFTER MAILING OF NOTICE].

Schwab Claims Administrator
Rust Consulting, Inc.
625 Marquette Avenue, Suite 880
Minneapolis, MN 55402-2469

NOTE: IF YOU TIMELY SUBMIT A CONSENT TO JOIN SETTLEMENT FORM, AND CLAIM FORM, AND AN EXCLUSION FORM, THE EXCLUSION FORM WILL BE INVALID AND YOU WILL BE INCLUDED IN THE SETTLEMENT AND WILL BE BOUND BY THE TERMS OF THE SETTLEMENT.

I declare as follows:

I was employed by Charles Schwab & Co., Inc. ("Schwab") as a Branch Client Service Specialist I and/or Branch Client Service Specialist II during all or part of the applicable time

period set forth in Exhibit ___ of the Notice of Pendency of Class Action for the state(s) and/or territories in which I was employed by Schwab.

I received the Notice of Pendency of Class Action, and I wish to be excluded from the class and *not* to participate in the proposed Settlement.

I declare under penalty of perjury that the foregoing and the information provided below is true and correct.

Executed on __________, 2008, at _____________, _____________________.
(city) (state)

_______________________________________
(Signature)

_______________________________________
(Typed or Printed Name)

_______________________________________
(Address)

_______________________________________
(City, State, Zip Code)

_______________________________________
(Telephone Number, Including Area Code)

_______________________________________
(Social Security Number)

# EXHIBIT E

**EXHIBIT E**

**CLASS MEMBERS' RELEASED PERIODS BY STATE**

| Released Period | State |
|---|---|
| 2 years going back to May 31, 2005 | Alabama<br>Arizona<br>Colorado<br>Connecticut<br>Georgia<br>Indiana<br>Iowa<br>Missouri<br>New Mexico<br>Pennsylvania<br>Virginia |
| 3 years going back to May 31, 2004 | Alaska<br>Arkansas<br>Delaware<br>District of Columbia<br>Idaho<br>Kansas<br>Louisiana<br>Maryland<br>Massachusetts<br>Michigan<br>Minnesota<br>Mississippi<br>Nevada<br>Hawaii<br>New Hampshire<br>North Carolina<br>Oklahoma<br>Puerto Rico<br>Rhode Island<br>South Carolina<br>Tennessee<br>Washington<br>West Virginia |
| 4 years going back to May 31, 2003 | California<br>Florida<br>Nebraska<br>Texas<br>Utah |

| | |
|---|---|
| 5 years going back to May 31, 2002 | Illinois<br>Kentucky |
| 6 years going back to May 31, 2001 | Maine<br>New Jersey<br>New York<br>Ohio<br>Oregon<br>Vermont<br>Wisconsin |

# EXHIBIT F

James F. Clapp, Esq., SBN 145814
DOSTART CLAPP GORDON & COVENEY
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Telephone: (858) 623-4200
Facsimile: (858) 623-4299
jclapp@sdlaw.com

Kevin J. McInerney, Esq., SBN 46941
Kelly McInerney, Esq., SBN 200017
Charles A. Jones, Esq., SBN 224915
MCINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Telephone: (775) 849-3811
Facsimile: (775) 849-3866
kevin@mcinerneylaw.net
kelly@mcinerneylaw.net
caj@mcinerneylaw.net

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**LINDA YOUNG, MIKE SAFAIE,** and **JANICE KEVARI,** individually and on behalf of all others similarly situated,

Plaintiffs,

v.

**CHARLES SCHWAB & CO., INC.**

Defendant.

Case No. C 07:2828 CW

**SECOND AMENDED COMPLAINT:**

**1.) COLLECTIVE ACTION FOR OVERTIME PURSUANT TO SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT**

**2.) CLASS ACTION FOR WAGES PURSUANT TO STATE LAWS**

**THIS IS A CLASS AND COLLECTIVE ACTION**

## I.

## JURISDICTION

1. This Court has jurisdiction because Plaintiffs sue under a federal statute, the Fair Labor Standards Act (29 U.S.C. §201 *et seq.*), and because that statute is a predicate of the Business and Professions Code violation alleged by Plaintiffs Mike Safaie and Janice Kevari. Jurisdiction also exists under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) defendant is a citizen of California whereas some members of the proposed class are, upon information and belief, citizens of states other than California, and (b) the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Venue is appropriate because the Defendant is a corporation headquartered in and doing business in the Northern District of California.

## II.

## FACTS

2. Plaintiff Linda Young, at all times relevant, has been a resident of Reno, Nevada and, during the past four years, was employed as a Branch Client Service Specialist in Reno, Nevada by Defendant Charles Schwab & Co., Inc. Plaintiff Mike Safaie at all times relevant has been a resident of California and was employed by Defendant Charles Schwab & Co., Inc. as a Branch Client Service Specialist in Torrance, California between July 2004 and September 2006. Plaintiff Janice Kevari at all times relevant has been a resident of California and was employed as a Branch Client Service Specialist in San Diego, California between May 2001 and April 2005.

3. Defendant Charles Schwab & Co., Inc. (hereinafter also referred to as "Defendant") is a corporation engaged in the securities brokerage business and other related activities. Its corporate headquarters is at 101 Montgomery Street in San Francisco, California. Its place of incorporation is Delaware.

4. For many years up to and including the present, Defendant has employed persons with the job title of Client Service Specialist ("CSS") in California and throughout the United States. The Defendant has maintained several hundred brokerage offices across the country, which have been staffed by one or more Client Service Specialists.

5. At no time during their employment as Client Service Specialists throughout the United States were the Plaintiffs exempt from the protection of the overtime provisions of the Fair Labor Standards Act (Title 29 United States Code §201 *et seq.*), the California Labor Code §§510, 1194 and 1198, and/or the wage and hour laws of the other states and jurisdictions as set forth in Exhibit A, attached hereto. Although the Plaintiffs and other CSSs employed by the Defendant regularly worked well in excess of forty (40) hours per week and eight (8) hours per day, they were not paid overtime as required by the Fair Labor Standards Act, the California Labor Code and the applicable wage orders, the labor laws, and regulations of the other jurisdictions identified in Exhibit A. The failure of the Defendant to pay the Plaintiffs and other Client Service Specialists overtime was willful.

6. Up until approximately October 2005, Defendant classified its CSSs, including Plaintiffs, as exempt employees. At that juncture, Defendant informed its CSSs that there was a change in policy and that they would henceforth be eligible to receive overtime.

7. Although Defendant announced that it was changing its treatment of the Client Service Specialists from exempt to non-exempt, there was no change in the actual job description or the duties and activities performed by Plaintiffs and the other CSSs. Approximately seven months ago, the job title of CSSs was changed but the work performed remained essentially the same. These employees are also referred to as CSSs in this complaint.

8.      Despite this announced policy change, Defendant failed to actually pay the Plaintiffs and other CSSs overtime, although they and the other CSSs routinely continued to work in excess of forty (40) hours per week and/or eight (8) hours per day.

## III.

## THE NATIONAL FLSA COLLECTIVE CLAIM

9.      Plaintiff Linda Young re-alleges the preceding Paragraphs of this First Amended Complaint and charges that Defendant's conduct in failing to pay overtime to its CSSs throughout the nation has been a violation of the Fair Labor Standards Act (Title 29 U.S.C. § 201 *et seq.*).

10.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Linda Young seeks to pursue a collective action on behalf of the following similarly-situated individuals: "All individuals who, within the applicable limitations period, were employed by Defendant as CSSs anywhere in the United States."

11.     Pursuant to 29 U.S.C. § 201 *et seq.*, Plaintiff Linda Young seeks recovery of overtime pay on behalf of the individuals described above, plus liquidated damages, interest, attorney fees, and costs, in amounts to be proved at trial.

12.     Plaintiffs respectfully request that this Court send notice pursuant to Title 29 U.S.C. § 216(b) to all other CSSs employed by the Defendant throughout the United States and its territories during the past three years so those employees may consent to join this collective action.

## IV.

## THE STATE LAW CLASS ACTION BROUGHT PURSUANT TO FRCP 23

13. Plaintiffs Mike Safaie and Janice Kevari re-allege and incorporate by reference Paragraphs 1-8 of this First Amended Complaint.

14. Plaintiffs Mike Safaie and Janice Kevari allege that, with respect to Client Service Specialists employed by the Defendant in the State of California, Defendant's failure to pay overtime to these individuals violated California Labor Code §§ 510, 1194, and 1198, as well as the applicable California Wage Orders. In addition, Defendant failed to authorize and permit these individuals with required meal and rest breaks, entitling them to additional wages under California Labor Code § 226.7. It is also alleged that the Defendant failed to observe other labor statutes relating to the time and form of wage payments, giving rise to penalties which plaintiffs seek to recover pursuant to the California Labor Code's Private Attorney General Act (Labor Code §2699, *et seq.*).Defendant's conduct, as alleged herein, has also constituted an unlawful, unfair, or fraudulent business act or practice, in violation of California Business and Professions Code §17200 *et seq.*

15. These Plaintiffs also allege that the Defendant's conduct has been similarly violative of all the other jurisdictions' wage and labor laws where the Defendant has employed CSSs. Those jurisdictions are specifically set forth in Exhibit A.

16. Pursuant to Fed. R. Civ. P. 23(b)(3), Plaintiffs Mike Safaie and Janice Kevari seek to bring a class action on behalf of the following individuals: "All individuals who, within the applicable limitations period, were employed by Defendant as CSSs throughout the United States."

17. Plaintiff Mike Safaie alleges on information and belief that there are at least 100 individuals who fall within the class definition set forth above.

18. Common legal and factual questions exist with respect to the claims of the California class members, which predominate over individual questions. These common questions include, but are not limited to, the following: (a) whether Defendant had a common policy or practice regarding the payment of overtime to CSSs; (b) Defendant's reasons for classifying CSSs as exempt under California law; (c) Defendant's reasons for re-classifying CSSs as non-exempt under California law; (d) what type of evidence exists to reflect the number of hours CSSs worked or work; (e) the job duties of CSSs; (f) whether each of these job duties are properly characterized as exempt or non-exempt under California law; and (g) the extent to which CSSs exercised independent judgment and discretion.

19. Plaintiffs Mike Safaie and Janice Kevari's claims are typical of those of the class in that they have been injured by Defendant's common policy or practice of failing to pay overtime to CSSs. They will vigorously protect the interests of the class; they have no interests that are adverse to those of the class; and they have retained counsel who are experienced in federal and state class wage and hour litigation and are competent to prosecute the class claims.

20. A class action is superior because class treatment provides judicial economy. Many of the central issues are susceptible to being resolved by summary judgment.

21. Pursuant to California Business and Professions Code §17203, Plaintiffs Mike Safaie and Janice Kevari seek an order requiring Defendant to make restitution of all unpaid overtime owed to the class defined above, plus one hour's worth of pay for each missed meal and rest period, plus interest, attorney fees, and costs, in amounts to be proved at trial. In addition, they seek penalties pursuant to the California Labor Code's Private Attorney General Act.

## PRAYER FOR RELIEF

22. Plaintiff Linda Young, on her own behalf and for all those similarly situated employees who consent to join, prays for overtime wages, liquidated damages, and attorney fees and costs, in amounts to be proved at trial, and such other relief as the Court may find appropriate.

23. Plaintiffs Mike Safaie and Janice Kevari, individually and on behalf of the class defined above, pray for restitution of unpaid wages, plus interest, attorney fees, and costs, in amounts to be proved at trial, plus such other relief as the Court may find appropriate.

DATED: February 7, 2008

MCINERNEY & JONES

By: /s/ Kevin J. McInerney
Kevin J. McInerney, Esq.
*Attorneys for Plaintiffs*

# EXHIBIT A

| State | Statutory Provisions |
| --- | --- |
| Alabama | Code of Alabama, tit. 25, § 25-3-4 |
| Alaska | Alaska Wage & Hour Act: Alaska Stat. §§ 23.10.050 - 23.10.150<br><br>Alaska Admin. Code, tit. 8, §§ 15.010 – 15.910, 25.010 – 25.310 |
| Arizona | General Wages Statute: Ariz. Rev. Stat. §§ 23-350 – 23-362 |
| Arkansas | Minimum Wage Act of Arkansas: Ark. Code Ann. § 11-4-201 *et seq.*<br><br>Admin Regs. of the Labor Standards Div. of the Arkansas DOL § 010.14 *et seq.* |
| California | California Labor Code §§ 201-203, 226-226.7, 510, 512, 1194, 1198, 2698-2699.5<br><br>IWC Wage Order No. 4-2001<br><br>California Business & Professions Code § 17200 *et seq.* |
| Colorado | Wage Claim Act: Colo. Rev. Stat. §§ 8-4-101 *et seq.*<br><br>Minimum Wage Order Nos. 22 and 23, 7 Colo. Code. Regs § 1103-1 |
| Connecticut | Conn. Gen. Stat. §§ 31-13a, 31-51ii, § 31-60, *et seq.*<br><br>Conn. Agencies Regs. §§ 31-60-11, 31-60-14, 31-60-15, 30-16-16 |
| Delaware | Wage Payment & Collection Act: Del. Code Ann., tit. 19, §§ 707, 1101-1115. |
| District of Columbia | Wage Payment & Wage Collection Law: D.C. Code § 32-1301 *et seq.*<br><br>Minimum Wage Act: D.C. Code § 32-1001, *et seq.*<br><br>Wage Hour Rules: D.C. Mun. Reg., tit. 7, §§ 911, 914 |
| Florida | Fla. Stat., tit. 31, §§ 448.1, 448.08, 448.110 |
| Georgia | Ga. Code Ann. §§ 9-3-22, 34-4-5 |
| Hawaii | Haw. Rev. Stat. §§ 387-1 *et seq.*, 388-1 *et seq.*<br><br>Haw. Admin. Rules, tit. 12, § 20-1 *et seq.* |

| | |
|---|---|
| Idaho | Wage Payment Act: Idaho Code Ann. § 45-601 *et seq*. |
| Illinois | Wage Payment & Collection Act: 820 ILCS 115/1 *et seq*.<br><br>Minimum Wage Law: 820 ILCS 105/1 *et seq*.<br><br>Eight Hour Work Day Act: 820 ILCS 145/0.01 *et seq*.<br><br>One Day Rest In Seven Act: 820 ILCS 140/1 *et seq*.<br><br>Admin. Code, tit. 56, Ch. 1, Subchapter b, § 210 *et seq*. |
| Indiana | Minimum Wage Law of 1965: Ind. Code § 22-2-2-1 *et seq*.<br><br>Ind. Code. §§ 22-2-5-0.5 *et seq*., 22-2-9-1 *et seq*.<br><br>Admin. Code: 610 IAC 6-1-1 *et seq*. |
| Iowa | Wage Payment Collection Act: Iowa Code Chapter 91A<br><br>Admin. Code: 875-35.1 (91A) |
| Kansas | Wage Payment Statute: Kan. Stat. Ann. §§ 44-312 – 44-327<br><br>Minimum Wage & Maximum Hours Laws: Kan. Stat. Ann. §§ 44-1201 *et seq*.<br><br>Admin. Regs. §§ 49-16-1 *et seq*., 49-21-1 *et seq*., 49-30-1 *et seq*., 49-31-1 *et seq*. |
| Kentucky | Ky. Rev. Stat. § 337.00 *et seq*.<br><br>Ky. Admin. Regs.: 803 KAR 1:005 *et seq*. |
| Louisiana | La. Rev. Stat. Ann. § 23.10 *et seq*. |
| Maine | Me. Rev. Stat., tit. 26, Ch. 7, §§ 601-626, 663-671<br><br>Me. Admin. Rules: 12-170, Chapters 9 and 16 |
| Maryland | Md. Code Ann.: §§ 3-401 *et seq*., 3-501 *et seq*.<br><br>Code of Md.: Tit. 9, Subtitle 12, Chapter 41 |
| Massachusetts | Mass. Gen. Laws., tit. 21, Ch. 149, §§ 100-101, 148-150 |

| | |
|---|---|
| | Minimum Fair Wage Law, Mass. Gen. Laws, Ch. 151, tit. 21, Ch. 151, §§ 1A, 1B, 7, 14-20A<br><br>Code Mass. Regs.: 455 CMR 2.00 *et seq.* |
| Michigan | Minimum Wage Law of 1964: Mich. Comp. Laws. Ann. §§ 408.381 – 408.398<br><br>Wages and Fringe Benefits Act: Mich. Comp. Laws. Ann. §§ 408.471 – 408.512 |
| Minnesota | Minn. Stat. Ann., Ch. 177, § 177.22 *et. seq.*, Ch. 181, § 181.032 *et seq.*<br><br>Minn. Admin. Rules, Ch. 5200, § 5200.0060 *et seq.* |
| Mississippi | None |
| Missouri | Mo. Rev. Stat., tit. 18, Ch. 290, §§ 290.010 *et seq.* |
| Nebraska | Neb. Wage Payment & Collection Act:. Neb. Rev. Stat. § 48-1228 *et seq.* |
| Nevada | Nev. Rev. Stat., Ch. 608, §§ 608.016, 608.018 – 608.080, 608.115, 608.140, 608.180,<br><br>Nev. Admin Code., Ch. 608, §§ 608.115 – 608.155 |
| New Hampshire | N.H. Rev. Stat. Ann., tit. 23, Ch. 275, §§ 275.30 *et seq.*, Ch. 29, §§ 279.27 *et. seq.*<br><br>N.H. Code Admin. R. Ann. Lab., Ch. Lab. 800, Part Lab. 803, Lab. 803.01 *et seq.* |
| New Jersey | Wage & Hour Law, N.J. Stat. Ann. § 34:11-56a *et seq.*<br><br>Wage Payment Law, N.J. Stat. Ann. § 34:11-4.1 *et seq.*<br><br>N.J. Admin. Code. 12:55 *et seq.*, 12:56 *et seq.*, 12:61 *et seq.* |
| New Mexico | N.M. Stat. Ann., Ch. 50, Art. 4, § 50-4-1 *et seq.*<br><br>N.M. Admin. Code, tit. 11, Ch. 1, Part 4 |
| New York | N.Y. Labor Law, Art. 5, tit. 1, § 162; Art. 6, § 190 *et seq.*<br><br>12 N.Y.C.R.R. § 142-2.2 |

| | |
|---|---|
| North Carolina | Wage & Hour Act: N.C. Gen. Stat., Ch. 95, Art. 2A, § 95.25.1 *et seq.*<br><br>N.C. Admin. Code, tit. 13, Ch. 12, § 12.0101 *et seq.* |
| Ohio | Ohio Rev. Code, tit. 41, §§ 4111.03, 4113.15, 4113.99 |
| Oklahoma | Okla. Payday Act: Okla. Stat., tit. 40, § 165.1 *et seq.*<br><br>Okla. Admin Code §§ 380:30-1-7, 380:30-1-8, 380:30-1-14, 380:30-3-1, 380:30-3-2 |
| Oregon | Or. Rev. Stat., Ch. 653, § 653.010 *et seq.*, Ch 652, § 652.110 *et seq.*<br><br>Or. Admin. Rules, Chapter 839 |
| Pennsylvania | Minimum Wage Act of 1968: 43 Pa. Stat. Ann. § 333.01 *et seq.*<br><br>Wage Payment and Collection Law: 43 Pa. Stat. Ann. § 260.1 *et seq.*<br><br>Pa. Code of Regs., tit. 34, Ch. 231, §§ 231.41 – 231.43 |
| Puerto Rico | Act No. 17 of April 17, 1931: P.R. Laws Ann. tit. 29 §§ 171-177<br><br>Act No. 80 of May 5, 1931: P.R. Laws Ann. tit. 29 §§ 289-290<br><br>Act No. 289 of April 9, 1946: P.R. Laws Ann. tit. 29 §§ 295-299<br><br>Act No. 379 of May 15, 1948: P.R. Laws Ann. tit. 29 §§ 271-288<br><br>Act No. 180 of July 27, 1998: P.R. Laws Ann. tit. 29 §§ 250-250j |
| Rhode Island | R.I. Gen. Laws, tit. 28, Ch. 28-3, §§ 28-3-14, 28-3-15, Ch. 28-12, § 28-12-1 *et seq.*, Ch. 28-14, § 28-14-1 *et seq.* |
| South Carolina | S.C. Payment of Wages Law: Code of Laws 41-10-10 *et seq.* |
| Tennessee | Tenn. Code Ann. § 50-2-101 *et seq.* |
| Texas | Tex. Payday Act: Tex. Lab. Code Ann., Ch. 61, § 61.001 *et seq.*<br><br>Tex. Minimum Wage Act, Ch. 62, § 62.001 et seq. |
| Utah | Utah Code Ann., tit. 34, Chapters 27-28<br><br>Utah Labor Rules, R610 |

| | |
|---|---|
| Vermont | Vt. Stat. Ann., tit. 21, Chapter 5, § 303 *et seq.* |
| Virginia | Va. Ann. Code, tit. 40.1, Ch. 3, §§ 40.1-28.11, 40.1-29 |
| Washington | Minimum Wage Act: RCW § 49.46 *et seq.*<br><br>Rev. Code Wash.: §§ 49.12, *et seq.*, 49.48 *et seq.*<br><br>Wash. Admin. Code: 296-126 *et seq.*; 296-128 *et seq.* |
| West Virginia | West. Virginia Code: §§ 21-3-10A, 21-5-3, 21-5-4, 21-5-6, 21-5-9 – 21-5-13, 21-5C *et seq.*<br><br>Code of State Rules: 42 CSR 5, 42 CSR 8 |
| Wisconsin | Wis. Admin. Code Chapters DWD 272.01 *et seq.*, 274.01 *et seq.*<br><br>Wis. Stat.: Chapters 103.01 *et seq.*, 104.01 *et seq.*, 109.01 *et seq.* |

# EXHIBIT G

| State | Statutory Claims Released |
|---|---|
| Alabama | Code of Alabama, tit. 25, § 25-3-4 |
| Alaska | Alaska Wage & Hour Act: Alaska Stat. §§ 23.10.050 - 23.10.150<br><br>Alaska Admin. Code, tit. 8, §§ 15.010 – 15.910, 25.010 – 25.310 |
| Arizona | General Wages Statute: Ariz. Rev. Stat. §§ 23-350 – 23-362 |
| Arkansas | Minimum Wage Act of Arkansas: Ark. Code Ann. § 11-4-201 *et seq.*<br><br>Admin Regs. of the Labor Standards Div. of the Arkansas DOL § 010.14 *et seq.* |
| California | California Labor Code §§ 201-203, 226-226.7, 510, 512, 1194, 1198, 2698-2699.5<br><br>IWC Wage Order No. 4-2001<br><br>California Business & Professions Code § 17200 *et seq.* |
| Colorado | Wage Claim Act: Colo. Rev. Stat. §§ 8-4-101 *et seq.*<br><br>Minimum Wage Order Nos. 22 and 23, 7 Colo. Code. Regs § 1103-1 |
| Connecticut | Conn. Gen. Stat. §§ 31-13a, 31-51ii, § 31-60, *et seq.*<br><br>Conn. Agencies Regs. §§ 31-60-11, 31-60-14, 31-60-15, 30-16-16 |
| Delaware | Wage Payment & Collection Act: Del. Code Ann., tit. 19, §§ 707, 1101-1115. |
| District of Columbia | Wage Payment & Wage Collection Law: D.C. Code § 32-1301 *et seq.*<br><br>Minimum Wage Act: D.C. Code § 32-1001, *et seq.*<br><br>Wage Hour Rules: D.C. Mun. Reg., tit. 7, §§ 911, 914 |
| Florida | Fla. Stat., tit. 31, §§ 448.1, 448.08, 448.110 |
| Georgia | Ga. Code Ann. §§ 9-3-22, 34-4-5 |
| Hawaii | Haw. Rev. Stat. §§ 387-1 *et seq.*, 388-1 *et seq.*<br><br>Haw. Admin. Rules, tit. 12, § 20-1 *et seq.* |

| | |
|---|---|
| Idaho | Wage Payment Act: Idaho Code Ann. § 45-601 *et seq.* |
| Illinois | Wage Payment & Collection Act: 820 ILCS 115/1 *et seq.*<br><br>Minimum Wage Law: 820 ILCS 105/1 *et seq.*<br><br>Eight Hour Work Day Act: 820 ILCS 145/0.01 *et seq.*<br><br>One Day Rest In Seven Act: 820 ILCS 140/1 *et seq.*<br><br>Admin. Code, tit. 56, Ch. 1, Subchapter b, § 210 *et seq.* |
| Indiana | Minimum Wage Law of 1965: Ind. Code § 22-2-2-1 *et seq.*<br><br>Ind. Code. §§ 22-2-5-0.5 *et seq.*, 22-2-9-1 *et seq.*<br><br>Admin. Code: 610 IAC 6-1-1 *et seq.* |
| Iowa | Wage Payment Collection Act: Iowa Code Chapter 91A<br><br>Admin. Code: 875-35.1 (91A) |
| Kansas | Wage Payment Statute: Kan. Stat. Ann. §§ 44-312 – 44-327<br><br>Minimum Wage & Maximum Hours Laws: Kan. Stat. Ann. §§ 44-1201 *et seq.*<br><br>Admin. Regs. §§ 49-16-1 *et seq.*, 49-21-1 *et seq.*, 49-30-1 *et seq.*, 49-31-1 *et seq.* |
| Kentucky | Ky. Rev. Stat. § 337.00 *et seq.*<br><br>Ky. Admin. Regs.: 803 KAR 1:005 *et seq.* |
| Louisiana | La. Rev. Stat. Ann. § 23.10 *et seq.* |
| Maine | Me. Rev. Stat., tit. 26, Ch. 7, §§ 601-626, 663-671<br><br>Me. Admin. Rules: 12-170, Chapters 9 and 16 |
| Maryland | Md. Code Ann.: §§ 3-401 *et seq.*, 3-501 *et seq.*<br><br>Code of Md.: Tit. 9, Subtitle 12, Chapter 41 |
| Massachusetts | Mass. Gen. Laws., tit. 21, Ch. 149, §§ 100-101, 148-150 |

| | |
|---|---|
| | Minimum Fair Wage Law, Mass. Gen. Laws, Ch. 151, tit. 21, Ch. 151, §§ 1A, 1B, 7, 14-20A<br><br>Code Mass. Regs.: 455 CMR 2.00 *et seq.* |
| Michigan | Minimum Wage Law of 1964: Mich. Comp. Laws. Ann. §§ 408.381 – 408.398<br><br>Wages and Fringe Benefits Act: Mich. Comp. Laws. Ann. §§ 408.471 – 408.512 |
| Minnesota | Minn. Stat. Ann., Ch. 177, § 177.22 *et. seq.*, Ch. 181, § 181.032 *et seq.*<br><br>Minn. Admin. Rules, Ch. 5200, § 5200.0060 *et seq.* |
| Mississippi | None |
| Missouri | Mo. Rev. Stat., tit. 18, Ch. 290, §§ 290.010 *et seq.* |
| Nebraska | Neb. Wage Payment & Collection Act:. Neb. Rev. Stat. § 48-1228 *et seq.* |
| Nevada | Nev. Rev. Stat., Ch. 608, §§ 608.016, 608.018 – 608.080, 608.115, 608.140, 608.180,<br><br>Nev. Admin Code., Ch. 608, §§ 608.115 – 608.155 |
| New Hampshire | N.H. Rev. Stat. Ann., tit. 23, Ch. 275, §§ 275.30 *et seq.*, Ch. 29, §§ 279.27 *et. seq.*<br><br>N.H. Code Admin. R. Ann. Lab., Ch. Lab. 800, Part Lab. 803, Lab. 803.01 *et seq.* |
| New Jersey | Wage & Hour Law, N.J. Stat. Ann. § 34:11-56a *et seq.*<br><br>Wage Payment Law, N.J. Stat. Ann. § 34:11-4.1 *et seq.*<br><br>N.J. Admin. Code. 12:55 *et seq.*, 12:56 *et seq.*,  12:61 *et seq.* |
| New Mexico | N.M. Stat. Ann., Ch. 50, Art. 4, § 50-4-1 *et seq.*<br><br>N.M. Admin. Code, tit. 11, Ch. 1, Part 4 |
| New York | N.Y. Labor Law, Art. 5, tit. 1, § 162; Art. 6, § 190 *et seq.*<br><br>12 N.Y.C.R.R. § 142-2.2 |

| | |
|---|---|
| North Carolina | Wage & Hour Act: N.C. Gen. Stat., Ch. 95, Art. 2A, § 95.25.1 *et seq.*<br><br>N.C. Admin. Code, tit. 13, Ch. 12, § 12.0101 *et seq.* |
| Ohio | Ohio Rev. Code, tit. 41, §§ 4111.03, 4113.15, 4113.99 |
| Oklahoma | Okla. Payday Act: Okla. Stat., tit. 40, § 165.1 *et seq.*<br><br>Okla. Admin Code §§ 380:30-1-7, 380:30-1-8, 380:30-1-14, 380:30-3-1, 380:30-3-2 |
| Oregon | Or. Rev. Stat., Ch. 653, § 653.010 *et seq.*, Ch 652, § 652.110 *et seq.*<br><br>Or. Admin. Rules, Chapter 839 |
| Pennsylvania | Minimum Wage Act of 1968: 43 Pa. Stat. Ann. § 333.01 *et seq.*<br><br>Wage Payment and Collection Law: 43 Pa. Stat. Ann. § 260.1 *et seq.*<br><br>Pa. Code of Regs., tit. 34, Ch. 231, §§ 231.41 – 231.43 |
| Puerto Rico | Act No. 17 of April 17, 1931: P.R. Laws Ann. tit. 29 §§ 171-177<br><br>Act No. 80 of May 5, 1931: P.R. Laws Ann. tit. 29 §§ 289-290<br><br>Act No. 289 of April 9, 1946: P.R. Laws Ann. tit. 29 §§ 295-299<br><br>Act No. 379 of May 15, 1948: P.R. Laws Ann. tit. 29 §§ 271-288<br><br>Act No. 180 of July 27, 1998: P.R. Laws Ann. tit. 29 §§ 250-250j |
| Rhode Island | R.I. Gen. Laws, tit. 28, Ch. 28-3, §§ 28-3-14, 28-3-15, Ch. 28-12, § 28-12-1 *et seq.*, Ch. 28-14, § 28-14-1 *et seq.* |
| South Carolina | S.C. Payment of Wages Law: Code of Laws 41-10-10 *et seq.* |
| Tennessee | Tenn. Code Ann. § 50-2-101 *et seq.* |
| Texas | Tex. Payday Act: Tex. Lab. Code Ann., Ch. 61, § 61.001 *et seq.*<br><br>Tex. Minimum Wage Act, Ch. 62, § 62.001 et seq. |
| Utah | Utah Code Ann., tit. 34, Chapters 27-28<br><br>Utah Labor Rules, R610 |

| | |
|---|---|
| Vermont | Vt. Stat. Ann., tit. 21, Chapter 5, § 303 *et seq.* |
| Virginia | Va. Ann. Code, tit. 40.1, Ch. 3, §§ 40.1-28.11, 40.1-29 |
| Washington | Minimum Wage Act: RCW § 49.46 *et seq.*<br><br>Rev. Code Wash.: §§ 49.12, *et seq.*, 49.48 *et seq.*<br><br>Wash. Admin. Code: 296-126 *et seq.*; 296-128 *et seq.* |
| West Virginia | West. Virginia Code: §§ 21-3-10A, 21-5-3, 21-5-4, 21-5-6, 21-5-9 – 21-5-13, 21-5C *et seq.*<br><br>Code of State Rules: 42 CSR 5, 42 CSR 8 |
| Wisconsin | Wis. Admin. Code Chapters DWD 272.01 *et seq.*, 274.01 *et seq.*<br><br>Wis. Stat.: Chapters 103.01 *et seq.*, 104.01 *et seq.*, 109.01 *et seq.* |