1  DOSTART CLAPP GORDON & COVENEY
   James F. Clapp (SBN 145814) jclapp@sdlaw.com
2  4370 La Jolla Village Drive, Suite 970
   San Diego, California 92122
3  Telephone: (858) 623-4200
   Facsimile: (858) 623-4299
4
   McINERNEY & JONES
5  Kevin J. McInerney (SBN 46941) Kevin@mcinerneylaw.net
   Charles A. Jones (SBN 224915) caj@mcinerneylaw.net
6  18124 Wedge Parkway #503
   Reno, Nevada 89511
7  Telephone: (775) 849-3811
   Facsimile: (775) 849-3866
8
   Attorneys for Plaintiffs
9  LINDA YOUNG, MIKE SAFAIE, and JANICE KEVARI

10 SEYFARTH SHAW LLP
   Diana Tabacopoulos (SBN: 128238) dtabacopoulos@seyfarth.com
11 2029 Century Park East, Suite 3300
   Los Angeles, California 90067-3063
12 Telephone: (310) 277-7200
   Facsimile: (310) 201-5219
13
   Attorneys for Defendant
14 CHARLES SCHWAB & CO., INC.

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17
   **LINDA YOUNG,  MIKE SAFAIE** and          Case No. C 07 2828 CW
18 **JANICE KEVARI,** individually and on behalf
   of all others similarly situated,          **JOINT STIPULATION OF**
19                                            **SETTLEMENT AND RELEASE**
              Plaintiff,
20
          vs.
21
   **CHARLES SCHWAB & CO., INC.**
22
              Defendant.
23

24

25

26

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

1

# TABLE OF CONTENTS

2

Page

3    I.      DEFINITIONS......................................................................................................2

4    II.     RECITALS .........................................................................................................6

5    III.    TERMS OF SETTLEMENT ..............................................................................7

6    IV.     NOTICE TO CLASS MEMBERS .....................................................................12

7    V.      CLAIMS PROCESS ..........................................................................................14

8    VI.     RELEASE OF CLAIMS .....................................................................................16

9    VII.    DUTIES OF SCHWAB AND CLASS COUNSEL PRIOR TO COURT APPROVAL...19

10   VIII.   DUTIES OF SCHWAB AND CLASS COUNSEL FOLLOWING FINAL COURT
             APPROVAL .......................................................................................................21

11   IX.     VOIDING THE AGREEMENT ..........................................................................22

12   X.      PARTIES' AUTHORITY ...................................................................................22

13   XI.     MUTUAL FULL COOPERATION ...................................................................23

14   XII.    NO PRIOR ASSIGNMENTS .............................................................................23

15   XIII.   NO ADMISSION...............................................................................................23

16   XIV.    ENFORCEMENT ACTIONS .............................................................................24

17   XV.     NOTICES...........................................................................................................24

18   XVI.    CONSTRUCTION..............................................................................................25

19   XVII.   CAPTIONS AND INTERPRETATIONS ..........................................................25

20   XVIII.  MODIFICATION................................................................................................25

21   XIX.    INTEGRATION CLAUSE..................................................................................25

22   XX.     BINDING ON ASSIGNS ...................................................................................26

23   XXI.    CLASS COUNSEL SIGNATORIES ..................................................................26

24   XXII.   COUNTERPARTS .............................................................................................26

25   XXIII.  RIGHT OF APPEAL..........................................................................................27

26   XXIV.   CLASS AND COLLECTIVE ACTION CERTIFICATION ..............................27

27   XXV.    RIGHT OF REVOCATION................................................................................27

28

XXVI. NO UNDUE PUBLICITY ................................................................27

XXVII. DISMISSAL OF KEVARI COMPLAINT ...............................................28

1    Plaintiffs Linda Young, Mike Safaie, and Janice Kevari individually and on

2    behalf of all others similarly situated, and Defendant Charles Schwab & Co., by and through

3    their respective counsel of record, agree to resolve the above-captioned case through this Joint

4    Stipulation of Settlement and Release.

5

6    I.  <u>DEFINITIONS</u>

7

8    1.    "Action" means the Second Amended Complaint that will be filed

9    pursuant to the Settlement in *Linda Young, et al. v. Charles Schwab & Co., Inc.*, Case No. C 07

10   2828 CW, currently pending in the Northern District of California, a copy of which is attached as

11   Exhibit F.

12

13   2.    "Schwab" shall mean Defendant Charles Schwab & Co., Inc., and all of its

14   respective former and present parents, subsidiaries, and affiliated entities and their officers,

15   directors, employees, partners, registered representatives, insurers, shareholders, and agents, and

16   any other successors, assigns, or legal representatives.

17

18   3.    "Claims Administrator" shall mean Rust Consulting, Inc., which shall

19   perform the duties of (i) using the data provided by Schwab to prepare the Claim Forms; (ii)

20   mailing the Notice of Pendency, Consent to Join Settlement Forms, Claim Forms and Exclusion

21   Forms to Class Members; (iii) tracking returned Consent to Join Settlement Forms, Claim Forms,

22   and Exclusion Forms; (iv) notifying Schwab and Class Counsel of timely and untimely claims;

23   (v) calculating the amounts due to each Class Member pursuant to the Settlement; and (vi)

24   notifying Schwab and Class Counsel of and resolving any disputes regarding claims by the Class

25   Members.

26

27

28

2

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

LA1 6666011.1

4.      "Claim Form" shall mean Exhibit C, the form approved by Schwab and Class Counsel and subject to Court approval, which each Class Member must complete in full and mail, via first class mail with a postmark on or before the date 90 days following mailing, to recover a portion of the Settlement proceeds.

5.      "Class" or "Class Members" shall mean the named Plaintiffs, Linda Young, Mike Safaie, and Janice Kevari and all persons who work or worked for Schwab in the Covered Positions during the Covered Period in the United States and certain United States territories.  "Class" or "Class Members" also shall refer to the "Collective Action" and "Collective Action Members" defined below.

6.      "Collective Action" or "Collective Action Members" shall mean the named Plaintiffs, Linda Young, Mike Safaie, and Janice Kevari and all similarly-situated persons who work or worked for Schwab in the Covered Positions during the Covered Period in the United States and certain United States territories.

7.      "Class Representatives" or "Plaintiffs" shall mean Plaintiffs Linda Young, Mike Safaie, and Janice Kevari.

8.      "Class Counsel" shall mean James F. Clapp of Dostart, Clapp, Gordon & Coveney, LLP and Kevin McInerney of McInerney & Jones.

9.      "Class Members' Released Period" shall mean the period from the commencement of the applicable statute of limitations period for the jurisdiction(s) in which the Class Member was employed by Schwab, as set forth in attached Exhibit E, to the date on which the Court gives final approval of the Settlement.

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

LA1 6666011.1

1                10.     "Class Representatives' Released Period" shall mean the period from the

2 beginning of the Class Representatives' respective dates of employment by Schwab to the date

3 on which the Court gives final approval of the Settlement.

4

5                11.     "Compensable Work Weeks" shall mean all full or partial weeks worked

6 by Class Members in the Covered Positions during the Covered Period through September 30,

7 2005.

8

9                12.     "Consent to Join Settlement Form" refers to Exhibit B, the form approved

10 by Schwab and Class Counsel and subject to Court approval which a Class Member must

11 complete in full and mail, via first class mail with a postmark on or before the date 90 days

12 following mailing, to recover a portion of the settlement proceeds.

13

14               13.     "Court" refers to the United States District Court for the Northern District

15 of California.

16

17               14.     "Covered Period" shall mean the applicable statute of limitations period

18 for the jurisdiction in which the Class Member was employed by Schwab (delineated for each

19 state in Exhibit E) through the date of final approval.

20

21               15.     "Covered Positions" refers to Branch Client Service Specialist I and

22 Branch Client Service Specialist II, and (a) all individuals employed by Schwab on or before

23 June 30, 2007 as a Branch Client Service Specialist I and/or Branch Client Service Specialist II

24 who despite a change in job title have continued to serve in that role at any time between June

25 30, 2007 and the date of preliminary approval, and (b) all individuals employed by Schwab after

26 June 30, 2007 in a non-exempt client service specialist role through the date of preliminary

27 approval.

28

4

16.    "Exclusion Form" refers to Exhibit D, the Exclusion Form approved by Schwab and Class Counsel and subject to Court approval, which a Class Member must complete in full, sign under the penalty of perjury, and mail, via registered mail, return receipt requested with a postmark on or before the date 90 days following mailing, to exclude himself or herself from the release of state-law claims pursuant to this Settlement.

17.    "Final Judgment" shall mean the Order Granting Final Approval of Class Action and Collective Action Settlement and Judgment entered by the Court.

18.    "Notice of Pendency" shall mean the Notice of Pendency of Class Action and Collective Action and Opportunity to Opt-In, Proposed Settlement, and Hearing Date for Court Approval attached as Exhibit A, which the Claims Administrator will mail to each Class Member explaining the terms of the Settlement and the claims process.  The Notice of Pendency is subject to Court approval.

19.    "Parties" shall mean the Class Representatives, Class Members and Schwab.

20.    "Settlement" shall mean this Joint Stipulation of Settlement and Release.

21.    "Settlement Effective Date" shall mean the first day following the last of the following occurrences:

(a)    The date and time to appeal or seek permission to appeal or seek other judicial review of the entry of a Final Judgment approving the Settlement has expired with no appeal or other judicial review having been taken or sought; or

5

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

LA1 6666011.1

1        (b)     If an appeal or other judicial review has been taken or sought, the

2  date the Final Judgment is finally affirmed by an appellate court with no possibility of

3  subsequent appeal or other judicial review, or the date the appeal(s) or other judicial review are

4  finally dismissed with no possibility of subsequent appeal or other judicial review.

5

6       22.     "Settlement Sum" shall mean the all-inclusive, non-reversionary total of

7  $2,150,000.00 to be paid by Schwab pursuant to this Settlement.

8

9                      II.  RECITALS

10

11       23.     Plaintiffs allege violations of the Fair Labor Standards Act of 1938, as

12  amended, 29 U.S.C. sections 201 et seq. ("FLSA") and various state wage and hour laws for

13  overtime, failure to provide meal and rest periods, itemized wage statements, and all monies due

14  upon termination.  Plaintiffs contend that their Action is appropriate for class and collective

15  action treatment.  Schwab denies any liability or wrongdoing of any kind associated with the

16  claims alleged, and contends that, for any purpose other than settlement, this Action is not

17  appropriate for class or collective action treatment pursuant to Rule 23 of the Federal Rules of

18  Civil Procedure or 29 U.S.C. § 216(b), respectively.  Schwab further contends that it has

19  complied with the FLSA and with the state wage and hour laws set forth in Exhibit E.  Neither

20  this Settlement, nor any final judgment in this Settlement, shall constitute an admission of any

21  form of wrongdoing or liability on the part of  Schwab or the accuracy of any allegation raised in

22  the Action.  This Settlement is entered into in compromise of disputed claims.  Schwab denies all

23  allegations of wrongdoing alleged in the Action.  Plaintiffs and Schwab intend, by their actions

24  pursuant to this Settlement, merely to avoid the expense, delay, uncertainty, and burden of

25  litigation.

26

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

LA1 6666011.1

1         24.     On November 12, 2007, Schwab and Class Counsel engaged in a full-day

2    private mediation with David Rotman, Esq.  At mediation, Schwab and Class Counsel reached

3    an agreement in principle to settle this matter, and have continued their negotiations, reaching

4    this agreement to settle this Action on the terms set forth herein.

5

6         25.     Schwab and Class Counsel agree that the Court shall certify a class and a

7    collective action solely for the purpose of implementing the terms of this Settlement.

8

9         26.     Class Counsel represent that they have conducted a thorough investigation

10   into the facts of this case, and have diligently pursued an investigation of the Class Members'

11   claims against Schwab, including (i) interviewing Class Members and analyzing the results of

12   Class Member interviews; (ii) reviewing relevant documents; (iii) researching the applicable law

13   and the potential defenses.  Based on their own independent investigation and evaluation, Class

14   Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best

15   interest of the Class Members in light of all known facts and circumstances, including the risk of

16   significant delay and defenses asserted by Schwab.

17

18        27.     The entry of Final Judgment in this Action shall dismiss with prejudice all

19   claims set forth in paragraphs 47-50 below, as set forth in the Action, as amended by the Second

20   Amended Complaint.  Schwab and Class Counsel agree to cooperate and take all steps necessary

21   and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its

22   terms, and to dismiss this Action with prejudice.

23

24                   III.  <u>TERMS OF SETTLEMENT</u>

25

26        28.     Settlement Sum:

27

28

7

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

LA1 6666011.1

1           (a)     The total amount to pay the timely and valid claims of the Class

2 Members ("Class Members' Distribution Amount") consists of the $2,150,000.00 Settlement

3 Sum less the sums set forth at (1) through (5) of this subparagraph:  (1) $537,500.00 in attorneys'

4 fees and all litigation costs not to exceed $50,000.00 to Class Counsel, subject to Court approval;

5 (2) a pool of up to $45,000.00 in enhancement payments to be divided among the Class

6 Representatives, subject to Court approval; (3) a reasonable sum to the Honorable Charles A.

7 Legge ("Judge Legge") for his services as Rule 53 master pursuant to paragraph 30(a), estimated

8 at this time to be approximately $25,000.00, which sum will be advanced to Judge Legge by

9 Class Counsel, subject to reimbursement to Class Counsel from the Settlement Sum upon

10 distribution of the settlement funds to the Class Members; (4) a reasonable amount to the Claims

11 Administrator to administer the Settlement, estimated at this time to be approximately

12 $50,000.00[1]; and (5) the sum of $25,000.00 to be paid to the California Workforce Development

13 Agency as civil penalties pursuant to California Labor Code Section 2699(i) and (j).  Under no

14 circumstances will Schwab make settlement payments pursuant to this Settlement totaling in

15 excess of $2,150,000.00.  Plaintiffs will amend the pending Action as necessary to effectuate the

16 Settlement, including, but not limited to, an amendment to include a Private Attorney General

17 Act Claim, Labor Code section 2699, et seq.; state law wage and hour claims; and a claim under

18 the FLSA as to Class Members who worked in California during the Covered Period.  Plaintiffs

19 acknowledge that they have filed a stipulation to permit the filing of a Second Amended

20 Complaint and are required to exhaust their administrative remedies with the Labor Workforce

21 Development Agency.  The Second Amended Complaint will be expressly incorporated as part

22 of the Action that is being settled by the parties in this Settlement.

23           (b)     With respect to distribution of the Class Members' Distribution

24 Amount to pay the timely and valid claims of the Class Members, Schwab and Class Counsel

25 will develop, as more fully set forth in Paragraph 31(a), a formula based on the total number of

---

[1] Class Counsel and Schwab agree that if the settlement is not approved for any reason, then they will equally share the costs of Judge Legge and of the Claims Administrator.

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

LA1 6666011.1

1   Compensable Work Weeks for all Class Members and the total number of Class Members

2   employed by Schwab after September 30, 2005 that results in the complete distribution of the

3   Class Member Distribution Amount to each Class Member who elects to participate in the

4   Settlement.  Each Class Member may participate in the Settlement only if he/she submits both a

5   valid and timely Consent to Join Settlement Form and Claim Form.  A Class Member may elect

6   not to participate in the Settlement by timely filing an Exclusion Form.  If a Class Member does

7   neither of the above, he/she cannot participate in the monies paid out under the Settlement but

8   he/she still will be bound by the terms of the Settlement as to his/her state law claims if it is

9   granted final approval by this Court.  No portion of the Settlement Sum reverts to Schwab.

10

11          29.     Attorneys' Fees:  Subject to the approval of the Court, Class Counsel will

12   receive from the Settlement Sum $537,500.00, which represents twenty-five percent (25%) of

13   the Settlement Sum, in attorneys' fees, and a sum not to exceed $50,000.00 for all costs and

14   expenses incurred to compensate Class Counsel for the work already performed in this case and

15   all work remaining to be performed in documenting the Settlement, securing Court approval of

16   the Settlement, administering the Settlement, ensuring that the Settlement is fairly implemented

17   and obtaining dismissal with prejudice of the Action.  If the Court awards Class Counsel less

18   than twenty-five percent (25%) of the Settlement Sum as fees or less than $50,000.00 in costs,

19   the residual shall be added to the Class Members' Distribution Amount and distributed on a pro

20   rata basis to the Class Members.

21

22          30.     Enhancement Payments to Class Representatives:  Conditioned upon the

23   Class Representatives' execution of a general release in favor of Schwab, Schwab agrees to pay a

24   total of $45,000.00 to be divided among the Class Representatives equally, as an enhancement

25   for their services as Class Representatives, in addition to any payment they each may otherwise

26   receive as Class Members.  If the Court awards the Class Representatives less than a total of

27   $45,000, the residual shall be added to the Class Members' Distribution Amount and distributed

28

9

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

LA1 6666011.1

1   on a pro rata basis to the Class Members.  Schwab will issue an IRS Form 1099 to the Class

2   Representatives for their enhancement payments.

3

4        31.   <u>Distribution to Class Members</u>:  Only those Class Members who timely

5   submit both valid Consent to Join Settlement Forms and valid Claim Forms will be paid pursuant

6   to this Settlement.  If a Class Member timely submits a Consent to Join Settlement Form and/or a

7   Claim Form, and an Exclusion Form, the Exclusion Form will be invalid and the Class Member

8   will be included in the Settlement and will be bound by the terms of the Settlement.  To be

9   timely, the Consent to Join Settlement and Claim Forms must be mailed via first class mail with

10  a postmark on or before the date 90 days following the mailing of the Notice of Pendency.

11

12        (a)   <u>Distribution of Class Members' Distribution Amount</u>:  The gross

13  amount distributed to each Class Member will be based on a formula that Schwab and Class

14  Counsel will develop for allocating the Class Members' Distribution Amount to Class Members

15  and that will be subject to the Court's approval.  The gross amount distributed to each Class

16  Member will be based upon the number of Compensable Work Weeks he or she worked,

17  whether a Compensable Work Week was worked in California, and whether the Class Member

18  was employed by Schwab on or after October 1, 2005.

19        Each Class Member who was employed by Schwab prior to

20  October 1, 2005 and who participates in the Settlement will receive a share of the Class

21  Members' Distribution Amount based on the number of Compensable Work Weeks he/she

22  worked in a Covered Position between the commencement of the applicable statute of limitations

23  period for the state in which that Class Member worked for Schwab through September 30,

24  2005.   The applicable statutes of limitations periods are a function of the state(s) in which the

25  Class Member was employed by Schwab, and are set forth at Exhibit E.

26

27

28

LA1 6666011.1

1       Each Class Member who was employed by Schwab after October 1, 2005

2   and who participates in the settlement shall receive an equal share of the sum of $275,000.  This

3   $275,000 shall be taken from the Settlement Sum.

4

5       On January 3, 2008, the Court appointed Judge Legge to (1) assist Class

6   Counsel in developing an allocation formula for the distribution of the Settlement proceeds, and

7   (2) prepare a report for the Court that will contain (a) his findings of fact and (b) a

8   recommendation to the Court regarding the allocation formula.  Schwab and Class Counsel will

9   submit Judge Legge's report to the Court and the Court will have an opportunity to adopt the

10  report as its Order or revisit the question of the allocation formula.

11

12      (b)    Tax Allocation:  Schwab and Class Counsel agree that the

13  settlement payments to Class Members are sixty-percent (60%) alleged wages subject to IRS

14  Form W-2 reporting and withholding of all applicable local, state and federal taxes, and forty-

15  percent (40%) alleged penalties, liquidated damages, and interest, subject to IRS Form 1099

16  reporting.  Schwab will pay its portion of payroll taxes and withholdings.  Notwithstanding the

17  treatment of the Settlement amounts above, none of the payments called for by this Settlement,

18  including the wage portion of the Settlement, are to be treated as earnings or wages for any

19  purpose of any Schwab benefit plan.

20

21      (c)    Settlement Payment Date:  The Claims Administrator shall mail

22  the Settlement payments to the eligible Class Members, the enhancement payments to the Class

23  Representatives,  and the payment for attorneys' fees and all costs to Class Counsel within

24  twenty (20) calendar days following the Settlement Effective Date.

25

26      32.    Interest:  In the event of an appeal of the Final Judgment, the Settlement

27  Sum shall be placed in an escrow account, to be administered by the Claims Administrator, on

28

11

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

1    behalf of the Class Members.  All interest shall be accrued on behalf of the Class Members. All

2    expenses related to the escrow account shall be paid out of the Settlement Sum.

3

4    IV.   NOTICE TO CLASS MEMBERS

5

6    33.    A Notice of Pendency, in the form attached as Exhibit A and approved by

7    the Court, shall be sent by the Claims Administrator to the Class Members, by first class mail,

8    within thirty (30) days of the Court's approval thereof.  Attached to the Notice of Pendency will

9    be a Consent to Join Settlement Form, a Claim Form and an Exclusion Form, in the form

10   attached as Exhibits B, C, and D, respectively.

11

12   34.    Schwab shall provide to the Claims Administrator, within ten (10) days

13   following the Court's approval of the Notice of Pendency, a confidential database of all putative

14   Class Members, including last known addresses, dates of employment in the Covered Positions

15   for the Covered Period, and social security numbers.  This database shall be based on Schwab's

16   payroll and other business records and will be provided to the Claims Administrator prior to the

17   date for mailing of the Notice of Pendency.  This database will be maintained as strictly

18   confidential and used by the Claims Administrator for the sole purposes of administering the

19   Settlement herein.  It shall not be shared with Class Counsel.  The Claims Administrator will

20   provide to Class Counsel and to Counsel for Schwab the name and dates of employment in each

21   Covered Position during the Covered Period of any Class Member who (1) objects to the

22   Settlement, (2) requests exclusion from the Settlement or (3) otherwise expresses any opposition

23   to the Settlement, within five days of such occurrence.

24

25   35.    The Claims Administrator will use the United States Postal Service

26   National Change of Address List to verify the accuracy of all addresses before the initial mailing

27   date to ensure that the Notice of Pendency, the Consent to Join Settlement Form, the Claim

28

12

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

LA1 6666011.1

1   Form, and the Exclusion Form are sent to all Class Members at the addresses most likely to

2   result in immediate receipt of the claim documents.  It will be conclusively presumed that if an

3   envelope so mailed has not been returned within thirty (30) days of the mailing that the Class

4   Member received the Notice of Pendency, the Consent to Join Settlement Form, the Claim Form,

5   and the Exclusion Form.  With respect to returned envelopes, the Claims Administrator will

6   perform a routine skip trace procedure to obtain a current address and re-mail the envelope to

7   such address within five (5) days of the receipt of the returned envelope.

8

9          36.    If any Class Member files a defective Claim Form postmarked before the

10   claim filing deadline, then the Claims Administrator shall send a letter ("Cure Letter") to such

11   Class Member informing him/her that his/her Claim Form is defective and must be cured to

12   become valid.  The Claims Administrator must postmark the Cure Letter within three (3)

13   business days of receiving a defective Claim Form.  The Cure Letter shall state that the Class

14   Member has 15 calendar days from the date of the Cure Letter to postmark a revised Claim

15   Form.  If a Class Member postmarks a revised claim more than 15 calendar days after the date of

16   the Cure Letter, the claim will be invalid.  If a Class Member responds to a Cure Letter by filing

17   a defective claim, then the Claims Administrator shall have no further obligation to give notice

18   of a need to cure.  New Claim Forms received after the filing deadline are considered invalid

19   and, if defective, cannot be cured.

20

21          37.    Class Counsel shall provide the Court, at least five (5) days prior to the

22   final fairness hearing, a declaration by the Claims Administrator specifying the due diligence it

23   has undertaken with regard to the mailing of the Notice of Pendency.

24

25

26

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

LA1 6666011.1

1

## V. <u>CLAIMS PROCESS</u>

2

3          38.     Within thirty (30) days following the Court's approval of the Notice of

4   Pendency, the Claims Administrator will mail to all Class Members the Notice of Pendency, the

5   Consent to Join Settlement Form, the Claim Form, and the Exclusion Form.

6

7          39.     Each Claim Form will list the number of Compensable Work Weeks  that

8   the Class Member held a Covered Position according to Schwab's records and each Class

9   Members' fixed sum payment for employment on or after October 1, 2005. The Claim Form will

10  contain a request that the Class Member confirm or dispute the information concerning his or her

11  Compensable Work Weeks in a Covered Position during the Covered Period.

12

13         40.     Class Members will have ninety (90) days from the mailing of the Notice

14  of Pendency, Consent to Join Settlement Form, Claim Form and Exclusion Form (1) to complete

15  in full and return the Consent to Join Settlement Form and Claim Form, via first class mail with a

16  postmark, on or before the date 90 days following mailing; or (2) to complete in full and return

17  the Exclusion Form, via registered or certified mail, return receipt requested, on or before the

18  date 90 days following mailing.  No Consent to Join Settlement Forms or Claim Forms or

19  Exclusion Forms will be honored if postmarked after the deadline to submit said forms.  All

20  original Claim Forms, Consent to Join Settlement Forms and/or Exclusion Forms shall be sent

21  directly to the Claims Administrator at the address indicated on the forms.  Class Members shall

22  have sixty (60) days from the date of mailing to object to the Settlement.

23

24         41.     The Claims Administrator will gather all Consent to Join Settlement

25  Forms and forward them to Schwab and Class Counsel.  Class Counsel will file them with the

26  Court.

27

28

14

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

LA1 6666011.1

42.     The Claims Administrator will certify jointly to Class Counsel and Schwab which Consent to Joint Settlement Forms, Claim Forms, and Exclusion Forms were timely or untimely filed.

43.     The Claims Administrator shall report, in summary or narrative form, the substance of any discrepancies between the dates of employment submitted by the Class Member on the Claim Form and Schwab's records.  In the event of any dispute over a Class Member's dates of employment in a Covered Position, Schwab and Class Counsel will meet and confer in good faith in an effort to resolve the dispute, and if Schwab and Class Counsel are unable to reach an agreement, the Claims Administrator shall decide the dispute, and its decision will be final.

44.     The Claims Administrator will submit to Schwab a list of timely and valid claims and the calculation of the amounts due to each Class Member pursuant to this Settlement no later than fifteen (15) calendar days after the close of the 90-day period to file claims.

45.     After the close of the 90-day period to file claims and any time remaining for Class Members to cure timely, yet defective, Claim Forms, the Claims Administrator will promptly notify all Class Members whose claims ultimately are denied of the fact of and reason for denial.

46.     The Claims Administrator shall be responsible for issuing the payments and calculating and withholding all required state and federal taxes.

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

LA1 6666011.1

1

2

## VI.  RELEASE OF CLAIMS

3          47.       Released State Law Claims by Class Members.  The Class Members

4    (other than those who file Exclusion Forms) hereby fully and finally release and discharge

5    Schwab from any and all applicable state law wage-and-hour claims, rights, demands, liabilities

6    and cause of action of every nature and description, whether known or unknown, arising during

7    the Class Members' Released Period, including without limitation, statutory, constitutional,

8    contractual or common law claims for wages, damages, unpaid costs, penalties (including

9    without limitation, penalties under the California Labor Code's Private Attorneys General Act of

10   2004, as amended in August 2004, California Labor Code sections 2699, 2699.3, and 2699.5),

11   liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or

12   equitable relief, based on the following categories of allegations:  (a) any and all claims for the

13   failure to pay any type of overtime wages; (b) any and all claims for the failure to provide meal

14   and/or rest periods; and (c) any and all claims for failure to provide accurate itemized wage

15   statements; (d) any and all claims for failure to pay final wages; and (e) any and all claims

16   stemming from or based on the alleged misclassification of employees as exempt employees

17   (collectively, "Class Members' Released State Law Claims").  The Class Members' Released

18   State Law Claims include claims meeting the above definition under any and all applicable

19   statutes, including without limitation those set forth in the compendium of state specific wage

20   and hour laws set forth in attached Exhibit E.  Notwithstanding the foregoing, nothing in this

21   Settlement releases any claims that cannot be released as a matter of law.

22

23          48.       Released Federal Law Claims by Class Members.  In addition, the Class

24   Members who submit valid and timely Consent to Join Settlement Forms fully and finally release

25   and discharge Schwab from any and all federal wage-and-hour claims, rights, demands,

26   liabilities and causes of action of every nature and description pursuant to the Fair Labor

27   Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, whether known or unknown,

28

16

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

1   arising during the Class Members' Released Period ("Class Members' Released Federal Law

2   Claims").  Notwithstanding the foregoing, nothing in this Settlement releases any claims that

3   cannot be released as a matter of law.

4

5          49.    <u>Released Claims by the Class Representatives</u>.  The Class Representatives

6   hereby fully and finally release and discharge Schwab from any and all claims, whether known

7   or unknown, arising during the period from the beginning of their respective dates of Schwab

8   employment to the date on which the Court gives final approval of the Settlement ("Class

9   Representatives' Released Period"), whether under federal, state and/or local law, statute,

10  ordinance, regulation, common law, or other source of law; whether or not such claims are in the

11  nature of claims for damages, unpaid wages, premium pay, deductions, unreimbursed business

12  expenses, waiting-time penalties, or other penalties for overtime, missed meal periods, missed

13  rest breaks, and other alleged wage-and-hour violations, attorneys' fees or injunctive relief; and

14  whether sounding in contract or tort ("Class Representatives' Released Claims").  The Class

15  Representatives' Released Claims include, but are not limited to, claims arising from or

16  dependent on the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the

17  Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; the Employee Retirement Income

18  Security Act of 1974, 29 U.S.C. § 1001, *et seq.*; the Age Discrimination in Employment Act, as

19  amended; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; the Civil Rights Act of 1991;

20  42 U.S.C. § 1981; Executive Order 11246; Executive Order 11141; the Rehabilitation Act of

21  1973; the Equal Pay Act; Federal Employee Polygraph Protection Act; the National Labor

22  Relations Act; the Worker Adjustment and Retraining Notification Act; the California Fair

23  Employment and Housing Act, including Government Code Sections 12900, *et seq.*; the

24  California Family Rights Act; the California Pregnancy Disability Act; and the California Labor

25  Code; any applicable California Industrial Welfare Commission; the Nevada Rev. Stat. Ch. 608,

26  sections 608.016, 608.018-608.080, 608.115, 608.140, and 608.180; and all of their implementing

27  regulations; claims arising from or dependent on federal or local laws or regulations prohibiting

28

                                    17
                    JOINT STIPULATION OF SETTLEMENT AND RELEASE
                    Case No.:  C 07 2828 CW

1    discrimination or harassment in employment or otherwise, or enforcing express or implied

2    contracts, requiring employers to deal fairly or in good faith, or restricting an employer's right to

3    terminate employees, wrongful discharge, wrongful termination in violation of public policy,

4    constructive termination, retaliation, defamation, conspiracy, infliction of emotional distress

5    (intentional or negligent), invasion of privacy, assault, battery, physical or personal injury,

6    emotional distress, fraud, negligent misrepresentation, misrepresentation, or any other tort, or any

7    law, such as California Business & Professions Code Section 17200.  Notwithstanding the

8    foregoing, nothing in this Settlement releases any claims that cannot be released as a matter of

9    law.

10           The Class Representatives acknowledge that, before signing this Release, they

11   have 21 calendar days to consider it.  The Class Representatives further understand that they

12   may sign this Release at any time before the expiration of the 21-day consideration period.  The

13   Class Representatives agree and understand that they may revoke this Agreement and their

14   waiver of Age Discrimination in Employment Act and Fair Employment and Housing Act claims

15   within seven (7) days after their execution of it, and that the Agreement shall not become

16   effective or enforceable until at least seven (7) days after the date on which they sign below.

17   Any revocation must be in writing and delivered by hand or certified mail to Diana

18   Tabacopoulos, Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, CA

19   90067.  Failure to revoke within seven (7) days will result in the waiver being permanent.  If The

20   Class Representatives revoke within seven (7) days, the entire Agreement is void

21           Class Members' Released State Law and Federal Claims and Class

22   Representatives' Released Claims shall be referred to as "Released Claims."

23

24           50.    <u>Waiver of Unknown Claims</u>.  It is the desire of Schwab, Class Counsel

25   and the Class Representatives to fully, finally, and forever settle, compromise, and discharge all

26   Class Members' Released Claims as specified at Paragraphs 47-49, which were or which could

27   have been asserted in this Action against Schwab, whether known or unknown, liquidated or

28                                                  18
     ───────────────────────────────────────────────
                         JOINT STIPULATION OF SETTLEMENT AND RELEASE
                                                    Case No.:  C 07 2828 CW

LA1 6666011.1

1    unliquidated.  As a consequence, the Class Representatives and each Class Member may

2    hereafter discover facts in addition to or different from those which he or she now knows or

3    believes to be true with respect to the subject matter of the Released Claims specified in

4    Paragraphs 47-49, but the Class Representatives and each Class Member, upon the Settlement

5    Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully,

6    finally, and forever settled and released any and all Released Claims, known or unknown,

7    suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden,

8    which then exist, or heretofore have existed upon any theory of law or equity now existing or

9    coming into existence in the future, including, but not limited to, conduct which is negligent,

10   intentional, with or without malice, or a breach of any duty, law or rule, without regard to the

11   subsequent discovery or existence of such different or additional facts.  Specifically, the Class

12   Representatives and the Class Members shall be deemed to have waived all rights and benefits

13   afforded by Section 1542 of the Civil Code of the State of California, and/or any comparable

14   law(s) of any other state.  Section 1542 provides:  "A general release does not extend to claims

15   which the creditor does not know or suspect to exist in his or her favor at the time of executing

16   the release, which if known by him or her must have materially affected his or her settlement

17   with the debtor."  The Class Representatives acknowledge, and the Class Members shall be

18   deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was

19   separately bargained for and a key element of the Settlement of which this release is a part.

20

21   VII.  DUTIES OF SCHWAB AND CLASS COUNSEL PRIOR TO COURT APPROVAL

22

23        51.    Schwab and Class Counsel shall submit this Settlement to the Court in

24   support of Plaintiffs' Motion for Preliminary Approval and determination by the Court as to its

25   fairness, adequacy, and reasonableness.  Promptly upon execution of this Settlement, Schwab

26   and Class Counsel shall apply to the Court for the entry of an Order Granting Preliminary

27   Approval of the Settlement and Notice of Pendency substantially in the following form:

28
                                             19
                        JOINT STIPULATION OF SETTLEMENT AND RELEASE
                                                    Case No.:  C 07 2828 CW

LA1 6666011.1

1          (a)      Scheduling a fairness hearing on the question of whether the

2    proposed Settlement should be finally approved as fair, adequate, and reasonable as to the Class;

3

4          (b)      Approving as to form and content the proposed Notice of

5    Pendency, which will incorporate the formula for distributing the Class Members' Distribution

6    Amount.  As more fully set forth above, this formula will be developed through referral to Judge

7    Legge, who will act in the capacity of a Rule 53 master.  Judge Legge will provide Schwab and

8    Class Counsel with a report that will contain findings of fact and a recommendation regarding

9    the allocation formula for the distribution of the Settlement Sum.  Class Counsel will submit

10   Judge Legge's report to the Court.  The Court will have the opportunity to adopt Judge Legge's

11   recommendation as its Order or revisit the question of the allocation formula.  Schwab and Class

12   Counsel will then submit to the Court for approval a revised Notice of Pendency to reflect the

13   Court's order regarding the allocation formula;

14

15          (c)      Approving as to form and content the proposed Consent to Join

16   Settlement Form;

17

18          (d)      Approving as to form and content the proposed Claim Form and

19   instructions for Schwab employees in the Covered Positions;

20

21          (e)      Approving as to form and content the proposed Exclusion Form;

22

23          (f)      Directing the mailing of the Notice of Pendency, the Consent to

24   Join Settlement Form, the Claim Form and the Exclusion Form by first class mail to the Class

25   Members;

26

27          (g)      Preliminarily approving the Settlement;

28
                                    20
                    JOINT STIPULATION OF SETTLEMENT AND RELEASE
                                                      Case No.:  C 07 2828 CW

1          (h)      Preliminarily certifying the Class for purposes of Settlement; and

2

3          (i)      Approving James F. Clapp of Dostart, Clapp, Gordon & Coveney,

4    LLP and Charles A. Jones of McInerney & Jones as Class Counsel; Linda Young, Mike Safaie,

5    and Janice Kevari as Class Representatives; and Rust Consulting, Inc. as the Claims

6    Administrator.

7

8    VIII.  DUTIES OF SCHWAB AND CLASS COUNSEL FOLLOWING FINAL COURT

9                                           APPROVAL

10

11          52.      Following final approval by the Court of the Settlement, Class Counsel

12    will submit a proposed Final Judgment:

13

14          (a)      Approving the Settlement, adjudging the terms thereof to be fair,

15    adequate, and reasonable, and directing consummation of its terms and provisions;

16

17          (b)      Approving Class Counsel's application for an award of attorneys'

18    fees and reimbursement of all costs;

19

20          (c)      Approving the Class Representatives' enhancement payments;

21

22          (d)      Certifying the Class for Settlement purposes only;

23

24          (e)      Dismissing this Action on the merits and with prejudice and

25    permanently barring all Class Members (other than those who timely filed Exclusion Forms)

26    from prosecuting against Schwab any and all Class Members' Released State Law Claims arising

27    during the Class Members' Released Period;

28

21

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

1            (f)     Permanently barring the Class Members who submitted timely

2    Consent to Join Settlement Forms from prosecuting against Schwab any and all Class Members'

3    Released Federal Law Claims; and

4

5            (g)     Permanently barring the Class Representatives from prosecuting

6    against Schwab any and all Class Representative's Released Claims arising during the Class

7    Representative's Released Period.

8

9                   IX.  VOIDING THE AGREEMENT

10

11          53.     If this Settlement is not approved, the Settlement shall not be used nor be

12   admissible in any subsequent proceedings either in this Court or in any other Court or forum.  If

13   there is any reduction in the attorneys' fee award, such reduction may be appealed but is not a

14   basis for rendering the entire Settlement voidable and unenforceable.  If the Court does not

15   approve any material condition of this Settlement Agreement or effects a fundamental change to

16   the Settlement, the entire Settlement will be voidable and unenforceable.  Schwab may void this

17   settlement by giving notice in writing to Class Counsel and the Court at any time prior to the

18   Court's final approval of the Settlement.

19

20                  X.  PARTIES' AUTHORITY

21

22          54.     The respective signatories to the Settlement represent that they are fully

23   authorized to enter into this Settlement and bind the respective parties to its terms and conditions.

24

25

26

27

28

                              22

1

2

XI.  MUTUAL FULL COOPERATION

3          55.     Schwab and Class Counsel agree to cooperate fully with each other to

4   accomplish the terms of this Settlement, including but not limited to, execution of such

5   documents and to take such other action as may reasonably be necessary to implement the terms

6   of this Settlement.  Schwab and Class Counsel shall use their best efforts, including all efforts

7   contemplated by this Settlement and any other efforts that may become necessary by order of the

8   Court, or otherwise, to effectuate the terms of this Settlement.  As soon as practicable after

9   execution of this Settlement, Schwab and Class Counsel shall take all necessary steps to secure

10  the Court's Final Judgment.

11

12                                      XII.  NO PRIOR ASSIGNMENTS

13

14         56.     Schwab and Class Counsel represent, covenant, and warrant that they have

15  not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or

16  encumber to any person or entity any portion of any liability, claim, demand, action, cause of

17  action or right released and discharged in this Settlement.

18

19                                         XIII.  NO ADMISSION

20

21         57.     Nothing contained in this Settlement shall constitute an admission of any

22  form or wrongdoing or liability on the part of Schwab.  This Settlement is entered into in

23  compromise of disputed clams.  Schwab denies all allegations of wrongdoing or liability.  The

24  parties intend, by their actions pursuant to this Settlement, merely to avoid the expense, delay,

25  uncertainty, and burden of litigation.  This Settlement is a settlement document and shall be

26  inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret,

27  or enforce its terms.

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

LA1 6666011.1

1          XIV.  ENFORCEMENT ACTIONS

2

3          58.    Only Schwab and Class Counsel shall have the right to institute a legal

4    action arbitration, or other proceeding to enforce the provisions of this Settlement or to declare

5    rights and/or obligations under this Settlement.  The prevailing party shall be entitled to recover

6    from the unsuccessful party reasonable attorneys' fees and costs, including expert witness fees

7    incurred in connection with any enforcement actions.

8

9          XV.  NOTICES

10

11          59.    Unless otherwise specifically provided, all notices, demands or other

12   communications given shall be in writing and shall be deemed to have been duly given as of the

13   third business day after mailing by United States registered or certified mail, return receipt

14   requested, addressed as follows:

15

16                 To the Class:
                   Charles A. Jones, Esq.
17                 McInerney & Jones
                   18124 Wedge Parkway, Suite 503
18                 Reno, NV  89511

19

20                 James F. Clapp, Esq.
                   Dostart, Clapp, Gordon & Coveney, LLP
21                 4370 La Jolla Village Drive, Suite 970
                   San Diego, CA 92122
22

23

24                 To Schwab:
                   Diana Tabacopoulos, Esq.
25                 Seyfarth Shaw LLP
                   2029 Century Park East
26                 33rd Floor
                   Los Angeles, CA 90067

27

28                             24
                   JOINT STIPULATION OF SETTLEMENT AND RELEASE
                                        Case No.:  C 07 2828 CW

LA1 6666011.1

1

2

### XVI.  CONSTRUCTION

3        60.        Schwab and Class Counsel agree that the terms and conditions of this

4    Settlement are the result of lengthy, intensive arms-length negotiations between Schwab and

5    Class Counsel and that this Settlement shall not be construed in favor of or against any party by

6    reason of the extent to which any party or her or its counsel participated in the drafting of this

7    Settlement.

8

### XVII.  CAPTIONS AND INTERPRETATIONS

9

10

11        61.        Paragraph titles or captions contained in this Settlement are a matter of

12    convenience and for reference, and in no way define, limit, extend, or describe the scope of this

13    Settlement or any provision.  Each term of this Settlement is contractual and not merely a recital.

14

### XVIII.  MODIFICATION

15

16

17        62.        This Settlement may not be changed, altered, or modified, except in

18    writing and signed by Schwab and Class Counsel, and approved by the Court.  This Settlement

19    may not be discharged except by performance in accordance with its terms or by a writing signed

20    by Schwab and Class Counsel.

21

### XIX.  INTEGRATION CLAUSE

22

23

24        63.        This Settlement contains the entire agreement between Schwab, Class

25    Counsel, and the Class Representatives relating to the resolution of the Action, and all prior or

26    contemporaneous agreements, understandings, representations, and statements, whether oral or

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

1   written and whether by a party or such party's legal counsel, are merged in this Settlement.  No

2   rights under this Settlement may be waived except in writing.

3

4   ## XX.  BINDING ON ASSIGNS

5

6        64.     This Settlement shall be binding upon and inure to the benefit of Schwab,

7   Class Counsel, and the Class Representatives, and their respective heirs, trustees, executors,

8   administrators, successors and assigns.

9

10  ## XXI.  CLASS COUNSEL SIGNATORIES

11

12       65.     It is agreed that because Class Members are so numerous, it is impossible

13  or impractical to have each Class Member execute this Settlement.  The Notice of Pendency will

14  advise all Class Members of the binding nature of the release.  Excepting only the Class

15  Members who timely submit an Exclusion Form, the Notice of Pendency shall have the same

16  force and effect as if this Settlement were executed by each Class Member with regard to Class

17  Members' Released State Law Claims, and for those Class Members who timely submit Consent

18  to Join Settlement Forms, all Class Members' Released Federal Law Claims.

19

20  ## XXII.  COUNTERPARTS

21

22       66.     This Settlement may be executed in counterparts, and when each party has

23  signed and delivered at least one such counterpart, each counterpart shall be deemed an original,

24  and, when taken together with other signed counterparts, shall constitute one Settlement, which

25  shall be binding upon and effective as to all signatories.

26

27

28

LA1 6666011.1

1

2

## XXIII.  RIGHT OF APPEAL

3        67.    Class Members who do not timely object to the Settlement shall have no

4   right to appeal the Final Judgment.

5

6

## XXIV.  CLASS AND COLLECTIVE ACTION CERTIFICATION

7

8        68.    Schwab and Class Counsel agree that the stipulation of class collective

9   action and certification is for settlement purposes only and if for any reason the Settlement is not

10   approved, the stipulation will be of no force or effect.  Schwab and Class Counsel agree that

11   certification for Settlement purposes is in no way an admission that class or collective action

12   certification is proper and that evidence of this stipulation for Settlement purposes only will not

13   be deemed admissible in this or any other proceeding.

14

15

## XXV.  RIGHT OF REVOCATION

16

17        69.    Notwithstanding any other provision of this Settlement, Schwab shall

18   retain the right, in the exercise of its sole discretion, to nullify the settlement within thirty (30)

19   days after expiration of the exclusion period set forth in Paragraph 40, if more than fifteen (15)

20   Class Members choose to exclude themselves from this settlement and fail to sign a release.

21

22

## XXVI.  NO UNDUE PUBLICITY

23

24        70.    Neither the Class Representatives nor Class Counsel shall publicize, or

25   cause to be publicized, the existence of this Settlement or its terms, in any type of mass media,

26   including, but not limited to, speeches, press conferences, interviews, television or radio

27   broadcasts, newspapers, or messages on the Internet.  Breach of this provision shall entitle

28

27

JOINT STIPULATION OF SETTLEMENT AND RELEASE
Case No.:  C 07 2828 CW

LA1 6666011.1

1    Schwab, in the exercise of its sole discretion, to nullify the Settlement at any time before final

2    approval by the Court.    Should the Class Representatives or their Class Counsel at any time

3    breach this provision, the Class Representatives shall forfeit to Schwab the full amount of their

4    enhancement payments.  Without limitation by the foregoing, Schwab also may enforce this

5    provision through an action for injunctive relief.  Class Representatives waive any obligation by

6    Schwab to file a bond in connection with any such action.

7

8                        XXVII.  DISMISSAL OF KEVARI COMPLAINT

9

10                    71.      This settlement is conditioned upon the dismissal of *Kevari v. Charles*

11    *Schwab & Co., Inc.*, Case No. CC 07468205, San Francisco Superior Court, no later than

12    January 31, 2008.

13

14

15

16    DATED: *5 Mar 2008*            SEYFARTH SHAW LLP

17

18                                    By: _____
                                         DIANA TABACOPOULOS
19
                                    Attorneys for Defendant
20                                  CHARLES SCHWAB & CO., INC.

21

22

23

24

25

26

27

28                                          28
                        JOINT STIPULATION OF SETTLEMENT AND RELEASE
                                    Case No.:  C 07 2828 CW

LA1 6666011.1

1    DATED: 3|4|08              MCINERNEY & JONES

2

3                              By: _____
                                        KEVIN MCINERNEY
4
                              Attorneys for Plaintiffs
5                              LINDA YOUNG, MIKE SAFAIE, AND JANICE
                              KEVARI
6
     DATED: _____        DOSTART CLAPP GORDON & COVENEY, LLP
7

8

9                              By: _____
                                        JAMES CLAPP

10                             Attorneys for Plaintiffs
                              LINDA YOUNG, MIKE SAFAIE, AND JANICE
11                             KEVARI

12

13

14

15

16

17   DATED: 3/4/08

18

19                                      LINDA YOUNG

20   DATED: _____

21                             _____
                                        MIKE SAFAIE
22

23   DATED: _____

24                             _____
                                        JANICE KEVARI
25

26

27
                                        29
28   _____
                              JOINT STIPULATION OF SETTLEMENT AND RELEASE
     LA1 6666011.1                        Case No. C 07 2828 CW

1  DATED: _____          MCINERNEY & JONES

2

3                                By:_____
                                         KEVIN MCINERNEY
4
                               Attorneys for Plaintiffs
5                              LINDA YOUNG, MIKE SAFAIE, AND JANICE
                               KEVARI
6
   DATED: 3/4/08               DOSTART CLAPP GORDON & COVENEY, LLP
7

8                                By:_____
                                                JAMES CLAPP
9
                               Attorneys for Plaintiffs
10                             LINDA YOUNG, MIKE SAFAIE, AND JANICE
                               KEVARI
11

12

13

14

15

16

17
   DATED:_____
18

19                                _____
                                         LINDA YOUNG
20  DATED: _____

21                                _____
                                         MIKE SAFAIE
22
   DATED: 3/4/08
23

24                                _____
                                         JANICE KEVARI
25

26

27

28
                                         29
   LA1 6666011.1               JOINT STIPULATION OF SETTLEMENT AND RELEASE
                                      Case No. C 07 2828 CW

1    DATED: _____          MCINERNEY & JONES

2

3                       By:_____

                               KEVIN MCINERNEY

4                       Attorneys for Plaintiffs

5                       LINDA YOUNG, MIKE SAFAIE, AND JANICE

                       KEVARI

6    DATED: _____          DOSTART CLAPP GORDON & COVENEY, LLP

7

8                       By:_____

9                               JAMES CLAPP

10                    Attorneys for Plaintiffs

11                  LINDA YOUNG, MIKE SAFAIE, AND JANICE

                    KEVARI

12

13

14

15

16

17   DATED:_____

18

19                    _____

                     LINDA YOUNG

20   DATED: 3-3-2008

21                    _____

22                    MIKE SAFAIE

    DATED: _____

23

24                    _____

                     JANICE KEVARI

25

26

27

28                           29

1    DATED: *March 6, 2008*    CHARLES SCHWAB & CO., INC.
2                              BY:
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                    30

LA1 6666011.1