# EXHIBIT A

**TO JOINT STIPULATION OF SETTLEMENT AND RELEASE**

1

2

3

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| **LINDA YOUNG, MIKE SAFAIE**, and **JANICE KEVARI** individually and on behalf of all others similarly situated, | Case No. C 07:2828 CW |
| Plaintiff, | **NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN, PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL** |
| vs. | |
| **CHARLES SCHWAB & CO., INC.** | |
| Defendant. | |

ATTENTION:  THIS NOTICE EXPLAINS YOUR POSSIBLE RIGHT TO RECOVER MONEY AS A RESULT OF A SETTLEMENT OF CLAIMS BROUGHT ON BEHALF OF INDIVIDUALS WHO WERE EMPLOYED BY CHARLES SCHWAB & CO., INC. IN THE UNITED STATES OR ITS TERRITORIES AS A BRANCH CLIENT SERVICE SPECIALIST I AND/OR BRANCH CLIENT SERVICE SPECIALIST II AND/OR IN A NON-EXEMPT CLIENT SERVICE SPECIALIST ROLE DURING CERTAIN TIME PERIODS, AS SET FORTH IN ATTACHED EXHIBIT A. **YOU HAVE RECEIVED THIS NOTICE BECAUSE SCHWAB'S RECORDS INDICATE THAT YOU ARE A MEMBER OF THE CLASS.**

**YOUR PARTICIPATION IN THE SETTLEMENT WILL HAVE NO EFFECT ON YOUR EMPLOYMENT WITH SCHWAB.**

THE MONEY FROM THE SETTLEMENT WILL BE DISTRIBUTED TO ALL ELIGIBLE CLAIMANTS.  IF YOU WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT, YOU NEED TO COMPLETE AND RETURN BOTH THE CONSENT TO JOIN SETTLEMENT FORM (WHITE) AND CLAIM FORM (GREEN), AND POSTMARK THEM ON OR BEFORE _____, 2008. IF YOU DO NOT RETURN BOTH THE WHITE AND THE GREEN FORMS BY THIS DEADLINE, YOU WILL NOT RECEIVE YOUR SHARE OF MONEY UNDER THE SETTLEMENT BUT YOU MIGHT STILL BE BOUND BY THE TERMS OF THE SETTLEMENT. **PLEASE READ THIS NOTICE CAREFULLY.**

IF YOU DECIDE TO EXCLUDE YOURSELF FROM THE SETTLEMENT, YOU MUST COMPLETE AND RETURN THE EXCLUSION FORM (YELLOW) PURSUANT TO THE DIRECTIONS IN THIS NOTICE.

Pursuant to the order of the United States District Court for the Northern District of California entered on _____, 2008, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement ("Settlement") has been reached between the parties to this action. This action (defined below) alleges claims under both the federal Fair Labor Standards Act ("FLSA") and various state wage and hour laws, and is brought on behalf of all individuals who were employed by Schwab in the United States or it territories as a Branch Client Service Specialist I and/or II and/or in a non-exempt client service specialist role during all or part of the applicable time periods set forth in Exhibit A (the "Class" or the "Class Members"). The Court has approved preliminarily the Settlement and conditionally certified the Class for purposes of the Settlement only. You have received this notice because Schwab's records indicate that you are a member of the Class. This notice is designed to inform you of how you can make a claim under the Settlement, object to the Settlement, or elect not to participate in the Settlement.

2

To receive your share of the Settlement, you must submit both a valid and timely Consent to Join Settlement Form (white) and a valid and timely Claim Form (green). If you do neither of the above, you cannot participate in the monies paid out under the Settlement but you will still be bound by the terms of the Settlement as to your state law claims if it is granted final approval by this Court.

I. BACKGROUND OF THE CASE

Plaintiffs Linda Young, Mike Safaie, and Janice Kevari filed a lawsuit on behalf of all individuals nationwide who were employed by Schwab as a Branch Client Service Specialist I and/or Branch Client Service Specialist II. Plaintiffs allege that Schwab failed to pay for applicable overtime, including interest and penalties. Plaintiffs also allege that Schwab violated certain state laws by not providing them meal and rest periods, itemized wage statements, and all monies due them upon termination (the "Action").

Schwab denies all of Plaintiffs' material allegations in the Action. Specifically, Schwab denies that Plaintiffs or the Class are owed any compensation for overtime hours or meal or rest periods, or any related claims, or interest or penalties of any kind.

II.  THIS SETTLEMENT IS NOT AN ADMISSION OF LIABILITY

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended to or should be construed as an admission by Schwab that Plaintiffs' claims in the Action have merit or that it has any liability to Plaintiffs or the Class on those claims. Schwab vigorously denies all of Plaintiffs' material allegations. Specifically, Schwab denies that Plaintiffs and the Class are owed any compensation for alleged overtime hours, meal periods or rest periods, or any related claims, or interest or penalties of any kind.

Class Counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties of continued litigation. Class Counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Class.

LA1 6668871.1

III.  SUMMARY OF THE SETTLEMENT

A.    Who is included in the Settlement?

You are included in the Settlement if you were employed by Schwab in the United States or its territories as a Branch Client Service Specialist I and/or Branch Client Service Specialist II during all or part of the applicable time periods for the state(s) in which you were employed by Schwab.  Also, included in the Settlement are persons employed by Schwab on or before June 30, 2007 as a Branch Client Service Specialist I and/or Branch Client Service Specialist II who despite a change in job title have continued to serve in that role at any time between June 30, 2007 and the date of preliminary approval, and (b) all individuals employed by Schwab after June 30, 2007 in a non-exempt client service specialist role through the date of preliminary approval.  (See attached Exhibit A for the applicable time periods broken down by state.)

B.    Who is representing the Class?

Class Counsel are:

| | |
|---|---|
| Charles A. Jones | James F. Clapp |
| McInerney & Jones | Dostart Clapp & Coveney, LLP |
| 18124 Wedge Parkway #503 | 4370 La Jolla Village Drive |
| Reno, Nevada 89511 | Suite 970 |
| Telephone: (775) 849-3811 | San Diego, CA 92122 |
| Facsimile: (775) 849-3866 | Telephone: (858) 623-4200 |
| | Facsimile: (858) 623-4299 |

C.    Should I make a claim?

It is your right to make a claim if you so desire.  Whether or not you make a claim will have no impact on your employment with Schwab.  All settlement funds will be distributed to any eligible Class Member who submits a claim with no funds reverting to Schwab.  Therefore, if you do not make a claim, your portion of the settlement funds will be distributed pro rata to those employees who do make a claim.

D.    How do I make a claim?

If you wish to make a claim, then complete and sign both the Consent to Join Settlement Form (white) and the Claim Form (green), and postmark and mail both forms by _____, 2008 to

4

LA1 6668871.1

1    the Schwab Claims Administrator, Rust Consulting, Inc., 625 Marquette Avenue,  Suite 880,

2    Minneapolis, MN 55402-2469.

3    E.    What will I receive from the Settlement?

4          The total Settlement Sum is $2,150,000.00.  Subject to Court approval, certain Class

5    Counsel attorneys' fees and expenses and other costs will be deducted from the total Settlement

6    Sum, as described below.   After such deductions, your share of the total Settlement Sum

7    generally will be based on (1) the number of weeks you worked prior to October 1, 2005 as a

8    Branch Client Service Specialist I and/or II, and the states and/or territories in which you were so

9    employed, and (2) whether you were employed by Schwab on or after October 1, 2005 and are

10   entitled to a fixed sum distribution described below.  The weeks you worked during the

11   applicable periods will be determined from Schwab's payroll records.  That number is listed on

12   the enclosed Claim Form (green).

13         More specifically, if you submit an approved claim, then your share of the Settlement

14   will be paid pursuant to a Court-approved plan of distribution.  This plan of distribution provides

15   that:

16         (1)  Each Class Member who was employed by Schwab prior to October 1, 2005 and who

17   participates in the Settlement will receive a share of the Class Members' Distribution Amount

18   based on the number of Compensable Work Weeks he/she worked in a Covered Position

19   between the commencement of the applicable statute of limitations period for the state in which

20   that Class Member worked for Schwab through September 30, 2005.   The applicable statutes of

21   limitations periods are a function of the states and/or territories in which the Class Member was

22   employed by Schwab, and are set forth at Exhibit B.  "Compensable Work Weeks" means any

23   weeks or portion of a week worked by you or other Class Members as a Branch Client Service

24   Specialist I and/or II during the period running from the beginning of the applicable statute of

25   limitations period for the states and/or territories in which you and the other Class Members were

26   employed by Schwab through September 30, 2005.  The number of Compensable Work Weeks

27

28
                                          5
LA1 6668871.1

1  covered by this Settlement will vary by state and/or territory, because different states and

2  territories have differing statutes of limitation.  (See Exhibit B.)

3        (2)  Each Class Member who was employed by Schwab on or after October 1, 2005 and

4  who participates in the settlement will receive an equal share of the sum of $275,000.  This

5  $275,000 shall be taken from the Settlement Sum.

6        In an effort to divide the Settlement Sum fairly, the Court appointed a retired federal

7  judge to serve as a Special Master and to determine a formula for the allocation of Settlement

8  proceeds among the states and territories that is fair, reasonable and in the best interests of the

9  Class.  The Special Master has determined that California law is much more favorable to Class

10  Members who worked in California during the Covered Period than are the laws of other

11  states/territories to the Class Members who worked in those states and territories.  The Special

12  Master has recommended, and the Court has approved, a distribution formula whereby:  (1) for

13  those Class Members employed prior to October 1, 2005, a Compensable Work Week worked in

14  California will be twice the value of a Compensable Work Week for all other states and

15  territories, and (2) for those Class Members employed on or after October 1, 2005 each Class

16  Member will receive a flat sum.  Based on this formula, and after deduction of Class Counsel's

17  fees and expenses, the Class Representatives' payment, the Special Master's fees, the Claims

18  Administrator's fees and costs, and the payment to the California Labor and Workforce

19  Development Agency, Class Counsel estimate that the following payments shall be made to

20  Class Members:

21        (1) Each Class Member who submits a timely and valid Consent to Join Settlement Form

22  and a timely and valid Claim Form will receive approximately $_____ for each Compensable

23  Work Week he/she worked prior to October 1, 2005 during the Covered Period in California ;

24        (2) Each Class Member who submits a timely and valid Consent to Join Settlement Form

25  and a timely and valid Claim Form will receive approximately $_____ for each Compensable

26  Work Week he/she worked prior to October 1, 2005 during the Covered Period in a territory or

27  state other than California;

28

LA1 6668871.1

1    (3) Each Class Member employed on or after October 1, 2005 and who submits a timely

2    and valid Consent to Join Settlement Form and a timely and valid Claim Form will receive

3    approximately $_____.

4    These estimates are based upon the assumption that all Class Members will file a claim

5    by submitting a Consent to Join Form and a Claim Form. Because all Settlement monies must be

6    paid out, if only 50% of the Class Members file a claim, you could receive more than your

7    estimated Settlement figure.

8    The Settlement payments to Class Members are sixty-percent (60%) wages subject to IRS

9    Form W-2 reporting and withholding of all applicable local, state and federal taxes, and forty-

10   percent (40%) alleged penalties and interest, subject to IRS Form 1099 reporting.

11   Notwithstanding the treatment of the settlement amounts above, none of the payments called for

12   by this Settlement, including the wage portion of the Settlement, are to be treated as earnings or

13   wages for any purpose of any Schwab benefit plan.

14   F.    When will I receive my Settlement payment?

15   The Settlement payments will be paid after final Court approval of the Settlement and

16   after all rights to appeal or review are exhausted or any appeal or review has been resolved in

17   favor of the Settlement.

18   G.    What if I do not want to participate in the Settlement?

19   You will not be included in the Settlement if you elect not to participate by submitting an

20   Exclusion Form (yellow) that is provided with this notice in accordance with the conditions for

21   submitting that form. However, if you submit a Consent to Join Settlement Form (white) and/or

22   Claim Form (green) as well as an Exclusion Form (yellow), then the Exclusion Form (yellow)

23   will be invalid and you will be included in the Settlement and will be bound by the terms of the

24   Settlement.

25   ///

26   ///

27

28

NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN,
PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL

LA1 6668871.1

**H.** <u>What if I do not submit an Exclusion Form (yellow) but also do not submit a Consent to Join Settlement (white) and Claim Form (green)?</u>

To receive your share of the Settlement you must submit both a valid and timely Consent to Join Settlement Form (white) and Claim Form (green). If you do nothing, your FLSA rights will not be affected by the Settlement but you may still be bound by the terms of the Settlement with respect to your state law claims even though you will not receive a Settlement payment.

**I.** <u>Claims Administrator.</u>

The Court has appointed Rust Consulting Inc., P.O. Box 9442, Minneapolis, Minnesota 55440-9442, telephone: (888) 764-8862, to act as an independent claims administrator and to resolve any dispute concerning a Class Member's eligibility to participate in the Settlement and his or her share of the Settlement.

**J.** <u>Release of Claims.</u>

The Settlement includes a release by Class Members (other than those who file Exclusion Forms (yellow)) of Schwab and its former and present parents, subsidiaries, and affiliated entities and their officers, directors, employees, partners, registered representatives, shareholders and agents, and any other successors, assigns, or legal representatives ("Class Members' Released Parties"), from any and all applicable state law wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising from the commencement of the applicable statute of limitations period for the jurisdiction in which the Class Member was employed by Schwab, as set forth in attached Exhibit B, to the date on which the Court gives final approval of the Settlement ("Class Members' Released Period"), including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including without limitation penalties under the California Labor Code's Private Attorneys General Act of 2004, as amended in August 2004, and California Labor Code sections 2699, 2699.3, and 2699.5), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of

LA1 6668871.1

1   overtime wages, (b) any and all claims for the failure to provide meal and/or rest periods;  (c)

2   any and all claims for failure to provide accurate itemized wage statements; (d) any and all

3   claims to pay final wages; and (e) any and all claims stemming from or based on the alleged

4   misclassification of employees as exempt employees  (collectively, "Class Members' Released

5   State Law Claims"). The Class Members' Released State Law Claims include claims meeting the

6   above definition under any and all applicable statutes, including without limitation those set forth

7   in the specific state wage and hour laws set forth in attached Exhibit B.  Notwithstanding the

8   foregoing, nothing in this Settlement releases any claims that do not relate to the claims of the

9   Class Members in the Covered Positions or that cannot be released as a matter of law.

10          The release of claims set forth in the preceding paragraph is intended as a complete

11   release of the Class Members' Released State Law Claims.  In furtherance of this intention, Class

12   Members expressly waive any rights or protections under any statute, legal doctrine, or any other

13   authority that restricts the release of unknown claims, including but not limited to Section 1542

14   of the California Civil Code (and any other similar state statute).  Section 1542 states:

15              "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
             WHICH THE CREDITOR DOES NOW KNOW OR SUSPECT
16           TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
             EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
17           OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
             HER SETTLEMENT WITH THE DEBTOR."
18
        In addition, those Class Members who submit valid and timely Consent to Join
19
     Settlement Forms fully and finally release and discharge the Class Members' Released Parties
20
     from any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action
21
     of every nature and description pursuant to the Fair Labor Standards Act of 1938, as amended,
22
     29 U.S.C. § 201, et seq., whether known or unknown, arising during the Class Members'
23
     Released Period ("Class Members' Released Federal Law Claims").
24
            The release of claims set forth in the preceding paragraph is intended as a complete
25
     release of the Class Members' Released Federal Law Claims.  In furtherance of this intention,
26
     Class Members expressly waive any rights or protections under any statute, legal doctrine, or any
27

28

LA1 6668871.1

other authority that restricts the release of unknown claims, including but not limited to Section 1542 of the California Civil Code (and any other similar state statute).  Section 1542 states:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOW KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Notwithstanding the foregoing, nothing in the Settlement releases any claims that or that cannot be released as a matter of law.

K.    <u>Attorneys' Fees, Litigation Expenses, and Class Representative Payments</u>

Class Counsel will seek approval from the Court for payment of attorneys' fees in the amount of twenty-five percent (25%) of the total Settlement Sum, or $537,500.00, and costs and litigation expenses in the amount of $50,000.00   The attorneys representing the Plaintiffs believe the requested amount for attorneys' fees and costs is fair and reasonable.  Schwab will not oppose their request for that amount.  In addition, Class Counsel will ask the Court to award each of the Plaintiffs up to $15,000 for the time they spent and the risk they took, in bringing the Action.  If approved by the Court, these sums will be deducted from the Settlement Sum under the Settlement.

L.    <u>Other Deductions from the Settlement Sum</u>

Class Counsel also will seek approval from the Court for:  (1) the costs of administering the Settlement, estimated at this time to be approximately $50,000.00; (2) the costs incurred by the parties' court-appointed Special Master, estimated at this time to be a total of $25,000.00; and (3) the sum of $25,000.00 which will be paid to the California Labor and Workforce Development Agency, pursuant to California Labor Code § 2698, *et seq*.  These payments will be deducted from the Settlement Sum under the Settlement.

IV.  <u>PLAINTIFFS AND CLASS COUNSEL SUPPORT THE SETTLEMENT</u>

Plaintiffs as Class Representatives and Class Counsel support this Settlement. Their reasons include the inherent risk of denial of class certification, the risk of a trial on the merits, and the inherent delays and uncertainties associated with litigation. Based on their experience

1   litigating similar cases, Class Counsel believe that further proceedings in this case, including a

2   trial and probable appeals, would be very expensive and protracted. No one can confidently

3   predict how the various legal questions at issue, including the amount of damages, would

4   ultimately be resolved. Therefore, upon careful consideration of all of the facts and

5   circumstances of this case, Plaintiffs and Class Counsel believe that the Settlement is fair,

6   reasonable, and adequate.

7   V. WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

8           Plaintiffs as Class Representatives and Class Counsel represent your interests as a Class

9   Member. Unless you elect not to participate in the Settlement by timely filing an Exclusion Form

10  (green), you are a part of the Class, and you will be bound by the terms of the Settlement and any

11  final judgment that may be entered by the Court with respect to Class Members' Released State

12  Law Claims. Although your decision not to participate will not impair any claims under the

13  FLSA, you may be deemed to have released your state law claims against Schwab and the other

14  released parties as described above. As a member of the Class, you will not be responsible for

15  the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your

16  own counsel, in which event you will be responsible for your own attorneys' fees and costs.

17  Your participation in the Settlement will have no effect on your employment.

18  A.    Claiming Your Share of the Settlement.

19          To receive a share of the Settlement, you must both:

20          1.    Complete and sign the enclosed Consent to Join Settlement Form (white). To be

21  valid, the Consent to Join Form must be completed in full and signed;

22  AND

23          2.    Complete and sign the enclosed Claim Form (green). To be valid, the Claim Form

24  must be completed in full and signed.

25          Both the Consent to Join Settlement Form and the Claim Form must be mailed via first

26  class mail with a postmark on or before _____, 2008 to:

27

28

NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN,
PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL

LA1 6668871.1

Schwab Claims Administrator
c/o Rust Consulting, Inc.
P.O. Box 9442
Minneapolis, Minnesota 55440-9442
Toll Free #: (888) 764-8862

A Class Member who does not mail a Consent to Join Settlement Form (white) AND a Claim Form (green) in the manner and by the deadlines specified above will not receive a share of the Settlement.

B.    Objecting to the Settlement.

If you are dissatisfied with the terms of the Settlement, you may object to the Settlement. Any objection to the Settlement must be in writing and must explain, in clear and concise terms, the basis for your objection. In addition, in order to be considered, your objection must be mailed via first class mail with a postmark on or before _____, 2008 to each of the following:

Office of the Clerk
United States District Court,
Northern District of California
1301 Clay Street, Suite 400S
Oakland, California 94612

Charles A. Jones                           James F. Clapp
McInerney & Jones                          Dostart Clapp & Coveney, LLP
18124 Wedge Parkway #503                   4370 La Jolla Village Drive
Reno, Nevada 89511                         Suite 970
Telephone: (775) 849-3811                  San Diego, CA 92122
Facsimile: (775) 849-3866                  Telephone: (858) 623-4200
                                           Facsimile: (858) 623-4299

Diana Tabacopoulos
Seyfarth Shaw LLP
2029 Century Park East
Suite 3300
Los Angeles, CA 90067-3063

Your objection must include your full name, address, and dates of your employment at Schwab, and must reference this case, *Young v. Schwab, Inc.*, Case No. C 072828 CW.  In addition, your objection must indicate whether you intend to appear at the final approval hearing scheduled for _____, 2008 at _____. It is not necessary, however, for you to appear at this hearing to make an objection.

---

LA1 6668871.1

1    Any Class Member who does not object to the Settlement in the manner described above

2  will be deemed to have waived any objections and will be foreclosed from making any objection

3  (whether by appeal or otherwise) to the Settlement. If the Court rejects your objection, you will

4  still be bound by the terms of the Settlement with respect to your state law claims unless you

5  have also submitted an Exclusion Form (yellow) in the manner described in this notice.  If the

6  Court rejects your objection, you will still be bound by the terms of the settlement, with respect

7  to your FLSA claims if you have submitted a valid and timely Consent to Join Settlement Form

8  (white).

9    Once the Court grants final approval of the Settlement, those Class Members who appeal

10 any objection denied by the Court may be required to post a bond in connection with such

11 appeal. The amount of the bond will be determined by the Court.

12 C.    <u>Excluding Yourself from the Settlement.</u>

13    If you do not wish to participate in the Settlement, you must complete the enclosed

14 Exclusion Form (yellow). To be valid, the Exclusion Form must be completed, signed by you

15 under penalty of perjury, and returned to:

16      Schwab Claims Administrator
        c/o Rust Consulting, Inc.
17      P.O. Box 9442
        Minneapolis, Minnesota 55440-9442
18      Toll Free #: (888) 764-8862

19    The Exclusion Form must be returned with a postmark on or before _____, 2008. If the

20 Exclusion Form is sent from within the United States it must be sent through the United States

21 Postal Service via registered or certified mail, with return receipt requested. A Class Member

22 who fails to mail an Exclusion Form in the manner and by the deadline specified above will be

23 bound by all terms and conditions of the Settlement with respect to their state law claims if the

24 Settlement is approved by the Court, and the Judgment, regardless of whether he or she has

25 objected to the Settlement.

26    Any person who files a complete and timely Exclusion Form will, upon receipt of same

27 by the Claims Administrator, no longer be a member of the Class and will receive no benefits

28

LA1 6668871.1

from the Settlement. Any such person, at his or her own expense, may pursue any claims he or she may have against Schwab.  If you timely submit a Consent to Join Settlement Form (white) and/or Claim Form (green), and an Exclusion Form (yellow), then the Exclusion Form will be invalid and you will be included in the Class and will be bound by the terms of the Settlement.

VI. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing in Courtroom 2, of the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, California 94612, on _____, 2008 at _____, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Class Counsel's request for costs and attorneys' fees and the special payment made to Plaintiffs as the Class Representatives. The hearing may be postponed without further notice to the Class.

VII.  OBTAINING MORE INFORMATION

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to the detailed Joint Stipulation of Settlement and Release which will be on file with the Clerk of the Court. The pleadings and other records in this litigation, including the Joint Stipulation, may be examined at any time during regular business hours in the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, California 94612, or you may contact Class Counsel or the Claims Administrator.

PLEASE DO NOT TELEPHONE THE COURT, SCHWAB'S COUNSEL OR SCHWAB FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.

NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN,
PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL

LA1 6668871.1

# EXHIBIT A

**TO NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN, PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL**

**EXHIBIT A – Class Members**

| State of Employment with Schwab in Covered Position | Dates of Employment with Schwab in Covered Position |
|---|---|
| Alabama<br>Arizona<br>Colorado<br>Connecticut<br>Georgia<br>Indiana<br>Iowa<br>Missouri<br>New Mexico<br>Pennsylvania<br>Virginia | May 31, 2005 -[date of preliminary approval] |
| Alaska<br>Arkansas<br>Delaware<br>District of Columbia<br>Idaho<br>Kansas<br>Louisiana<br>Maryland<br>Massachusetts<br>Michigan<br>Minnesota<br>Mississippi<br>Nevada<br>Hawaii<br>New Hampshire<br>North Carolina<br>Oklahoma<br>Puerto Rico<br>Rhode Island<br>South Carolina<br>Tennessee<br>Washington<br>West Virginia | May 31, 2004 -[date of preliminary approval] |
| California<br>Florida<br>Nebraska<br>Texas | May 31, 2003 -[date of preliminary approval] |

| | |
|---|---|
| Utah | |
| Illinois<br>Kentucky | May 31, 2002 -[date of preliminary approval] |
| Maine<br>New Jersey<br>New York<br>Ohio<br>Oregon<br>Vermont<br>Wisconsin | May 31, 2001 -[date of preliminary approval] |

# EXHIBIT B

**TO NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN, PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL**

**EXHIBIT B**

**CLASS MEMBERS' RELEASED PERIODS BY STATE**

| Released Period | State |
|---|---|
| 2 years going back to May 31, 2005 | Alabama<br>Arizona<br>Colorado<br>Connecticut<br>Georgia<br>Indiana<br>Iowa<br>Missouri<br>New Mexico<br>Pennsylvania<br>Virginia |
| 3 years going back to May 31, 2004 | Alaska<br>Arkansas<br>Delaware<br>District of Columbia<br>Idaho<br>Kansas<br>Louisiana<br>Maryland<br>Massachusetts<br>Michigan<br>Minnesota<br>Mississippi<br>Nevada<br>Hawaii<br>New Hampshire<br>North Carolina<br>Oklahoma<br>Puerto Rico<br>Rhode Island<br>South Carolina<br>Tennessee<br>Washington<br>West Virginia |
| 4 years going back to May 31, 2003 | California<br>Florida<br>Nebraska<br>Texas<br>Utah |

| 5 years going back to May 31, 2002 | Illinois<br>Kentucky |
| --- | --- |
| 6 years going back to May 31, 2001 | Maine<br>New Jersey<br>New York<br>Ohio<br>Oregon<br>Vermont<br>Wisconsin |

| State | Statutory Claims Released |
|---|---|
| Alabama | Code of Alabama, tit. 25, § 25-3-4 |
| Alaska | Alaska Wage & Hour Act: Alaska Stat. §§ 23.10.050 - 23.10.150<br><br>Alaska Admin. Code, tit. 8, §§ 15.010 – 15.910, 25.010 – 25.310 |
| Arizona | General Wages Statute: Ariz. Rev. Stat. §§ 23-350 – 23-362 |
| Arkansas | Minimum Wage Act of Arkansas: Ark. Code Ann. § 11-4-201 *et seq.*<br><br>Admin Regs. of the Labor Standards Div. of the Arkansas DOL § 010.14 *et seq.* |
| Colorado | Wage Claim Act: Colo. Rev. Stat. §§ 8-4-101 *et seq.*<br><br>Minimum Wage Order Nos. 22 and 23, 7 Colo. Code. Regs § 1103-1 |
| Connecticut | Conn. Gen. Stat. §§ 31-13a, 31-51ii, § 31-60, *et seq.*<br><br>Conn. Agencies Regs. §§ 31-60-11, 31-60-14, 31-60-15, 30-16-16 |
| Delaware | Wage Payment & Collection Act: Del. Code Ann., tit. 19, §§ 707, 1101-1115. |
| District of Columbia | Wage Payment & Wage Collection Law: D.C. Code § 32-1301 *et seq.*<br><br>Minimum Wage Act: D.C. Code § 32-1001, *et seq.*<br><br>Wage Hour Rules: D.C. Mun. Reg., tit. 7, §§ 911, 914 |
| Florida | Fla. Stat., tit. 31, §§ 448.1, 448.08, 448.110 |
| Georgia | Ga. Code Ann. §§ 9-3-22, 34-4-5 |
| Hawaii | Haw. Rev. Stat. §§ 387-1 *et seq.*, 388-1 *et seq.*<br><br>Haw. Admin. Rules, tit. 12, § 20-1 *et seq.* |
| Idaho | Wage Payment Act: Idaho Code Ann. § 45-601 *et seq.* |

| Illinois | Wage Payment & Collection Act: 820 ILCS 115/1 *et seq.*<br><br>Minimum Wage Law: 820 ILCS 105/1 *et seq.*<br><br>Eight Hour Work Day Act: 820 ILCS 145/0.01 *et seq.*<br><br>One Day Rest In Seven Act: 820 ILCS 140/1 *et seq.*<br><br>Admin. Code, tit. 56, Ch. 1, Subchapter b, § 210 *et seq.* |
|---|---|
| Indiana | Minimum Wage Law of 1965: Ind. Code § 22-2-2-1 *et seq.*<br><br>Ind. Code. §§ 22-2-5-0.5 *et seq.*, 22-2-9-1 *et seq.*<br><br>Admin. Code: 610 IAC 6-1-1 *et seq.* |
| Iowa | Wage Payment Collection Act: Iowa Code Chapter 91A<br><br>Admin. Code: 875-35.1 (91A) |
| Kansas | Wage Payment Statute: Kan. Stat. Ann. §§ 44-312 – 44-327<br><br>Minimum Wage & Maximum Hours Laws: Kan. Stat. Ann. §§ 44-1201 *et seq.*<br><br>Admin. Regs. §§ 49-16-1 *et seq.*, 49-21-1 *et seq.*, 49-30-1 *et seq.*, 49-31-1 *et seq.* |
| Kentucky | Ky. Rev. Stat. § 337.00 *et seq.*<br><br>Ky. Admin. Regs.: 803 KAR 1:005 *et seq.* |
| Louisiana | La. Rev. Stat. Ann. § 23.10 *et seq.* |
| Maine | Me. Rev. Stat., tit. 26, Ch. 7, §§ 601-626, 663-671<br><br>Me. Admin. Rules: 12-170, Chapters 9 and 16 |
| Maryland | Md. Code Ann.: §§ 3-401 *et seq.*, 3-501 *et seq.*<br><br>Code of Md.: Tit. 9, Subtitle 12, Chapter 41 |

| | |
|---|---|
| Massachusetts | Mass. Gen. Laws., tit. 21, Ch. 149, §§ 100-101, 148-150<br><br>Minimum Fair Wage Law, Mass. Gen. Laws, Ch. 151, tit. 21, Ch. 151, §§ 1A, 1B, 7, 14-20A<br><br>Code Mass. Regs.: 455 CMR 2.00 *et seq.* |
| Michigan | Minimum Wage Law of 1964: Mich. Comp. Laws. Ann. §§ 408.381 – 408.398<br><br>Wages and Fringe Benefits Act: Mich. Comp. Laws. Ann. §§ 408.471 – 408.512 |
| Minnesota | Minn. Stat. Ann., Ch. 177, § 177.22 *et. seq.*, Ch. 181, § 181.032 *et seq.*<br><br>Minn. Admin. Rules, Ch. 5200, § 5200.0060 *et seq.* |
| Mississippi | None |
| Missouri | Mo. Rev. Stat., tit. 18, Ch. 290, §§ 290.010 *et seq.* |
| Nebraska | Neb. Wage Payment & Collection Act:. Neb. Rev. Stat. § 48-1228 *et seq.* |
| Nevada | Nev. Rev. Stat., Ch. 608, §§ 608.016, 608.018 – 608.080, 608.115, 608.140, 608.180,<br><br>Nev. Admin Code., Ch. 608, §§ 608.115 – 608.155 |
| New Hampshire | N.H. Rev. Stat. Ann., tit. 23, Ch. 275, §§ 275.30 *et seq.*, Ch. 29, §§ 279.27 *et. seq.*<br><br>N.H. Code Admin. R. Ann. Lab., Ch. Lab. 800, Part Lab. 803, Lab. 803.01 *et seq.* |
| New Jersey | Wage & Hour Law, N.J. Stat. Ann. § 34:11-56a *et seq.*<br><br>Wage Payment Law, N.J. Stat. Ann. § 34:11-4.1 *et seq.*<br><br>N.J. Admin. Code. 12:55 *et seq.*, 12:56 *et seq.*,  12:61 *et seq.* |
| New Mexico | N.M. Stat. Ann., Ch. 50, Art. 4, § 50-4-1 *et seq.*<br><br>N.M. Admin. Code, tit. 11, Ch. 1, Part 4 |

| | |
|---|---|
| New York | N.Y. Labor Law, Art. 5, tit. 1, § 162; Art. 6, § 190 *et seq.*<br><br>12 N.Y.C.R.R. § 142-2.2 |
| North Carolina | Wage & Hour Act: N.C. Gen. Stat., Ch. 95, Art. 2A, § 95.25.1 *et seq.*<br><br>N.C. Admin. Code, tit. 13, Ch. 12, § 12.0101 *et seq.* |
| Ohio | Ohio Rev. Code, tit. 41, §§ 4111.03, 4113.15, 4113.99 |
| Oklahoma | Okla. Payday Act: Okla. Stat., tit. 40, § 165.1 *et seq.*<br><br>Okla. Admin Code §§ 380:30-1-7, 380:30-1-8, 380:30-1-14, 380:30-3-1, 380:30-3-2 |
| Oregon | Or. Rev. Stat., Ch. 653, § 653.010 *et seq.*, Ch 652, § 652.110 *et seq.*<br><br>Or. Admin. Rules, Chapter 839 |
| Pennsylvania | Minimum Wage Act of 1968: 43 Pa. Stat. Ann. § 333.01 *et seq.*<br><br>Wage Payment and Collection Law: 43 Pa. Stat. Ann. § 260.1 *et seq.*<br><br>Pa. Code of Regs., tit. 34, Ch. 231, §§ 231.41 – 231.43 |
| Rhode Island | R.I. Gen. Laws, tit. 28, Ch. 28-3, §§ 28-3-14, 28-3-15, Ch. 28-12, § 28-12-1 *et seq.*, Ch. 28-14, § 28-14-1 *et seq.* |
| South Carolina | S.C. Payment of Wages Law: Code of Laws 41-10-10 *et seq.* |
| Tennessee | Tenn. Code Ann. § 50-2-101 *et seq.* |
| Texas | Tex. Payday Act: Tex. Lab. Code Ann., Ch. 61, § 61.001 *et seq.*<br><br>Tex. Minimum Wage Act,  Ch. 62, § 62.001 et seq. |
| Utah | Utah Code Ann., tit. 34, Chapters 27-28<br><br>Utah Labor Rules, R610 |
| Vermont | Vt. Stat. Ann., tit. 21, Chapter 5, § 303 *et seq.* |
| Virginia | Va. Ann. Code, tit. 40.1, Ch. 3, §§ 40.1-28.11, 40.1-29 |

| Washington | Minimum Wage Act: RCW § 49.46 *et seq.*<br><br>Rev. Code Wash.: §§ 49.12, *et seq.*, 49.48 *et seq.*<br><br>Wash. Admin. Code: 296-126 *et seq.*; 296-128 *et seq.* |
|---|---|
| West Virginia | West. Virginia Code: §§ 21-3-10A, 21-5-3, 21-5-4, 21-5-6, 21-5-9 – 21-5-13, 21-5C *et seq.*<br><br>Code of State Rules: 42 CSR 5, 42 CSR 8 |
| Wisconsin | Wis. Admin. Code Chapters DWD 272.01 *et seq.*, 274.01 *et seq.*<br><br>Wis. Stat.: Chapters 103.01 *et seq.*, 104.01 *et seq.*, 109.01 *et seq.* |