Kevin J. McInerney, Esq., SBN 46941
Kelly McInerney, Esq., SBN 200017
Charles A. Jones, Esq., SBN 224915
MCINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Telephone:    (775) 849-3811
Facsimile:    (775) 849-3866
kevin@mcinerneylaw.net
kelly@mcinerneylaw.net
caj@mcinerneylaw.net
    *Attorneys for Plaintiffs*

Diana Tabacopoulos
SEYFARTH SHAW LLP
One Century Plaza, Suite 3300
2029 Century Park East
Los Angeles, CA 90067-3063
Telephone:    (310) 201-5255
Facsimile:    (310) 201-5219
DTabacopoulos@seyfarth.com
    *Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA YOUNG, and MIKE SAFAIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES SCHWAB & CO., INC.<br><br>Defendant. | Case No. C 07:2828 CW<br><br>**STIPULATION AND [PROPOSED] ORDER TO FILE SECOND AMENDED COMPLAINT**<br><br>Honorable Claudia Wilken |

---

1
STIPULATION AND [PROPOSED] ORDER TO FILE SECOND AMENDED COMPLAINT
**Case No. C 07:2828 CW**

In connection with the proposed settlement of this action, the parties, through their undersigned counsel, agree and stipulate that the plaintiffs may file the attached Second Amended Complaint (Exhibit A).

DATED:    February 7, 2008          MCINERNEY & JONES
                                     Attorneys For Plaintiffs

                                      /s/ Kevin J. McInerney
                                     Kevin J. McInerney


DATED:    February 7, 2008          SEYFARTH SHAW LLP
                                     Attorneys for Defendant

                                      /s/ Diana Tabacopoulos
                                     Diana Tabacopoulos


IT IS HEREBY ORDERED:

The plaintiffs' Second Amended Complaint will be filed.

Dated:    3/6/08                     *(signature)*

                                     Honorable Claudia Wilken

**PROOF OF SERVICE**
Linda Young and Mike Safaie, et al. v. Charles Schwab & Co., Inc
United States District Court, Northern District of California
Case No. C-07:2828 CW

I, the undersigned, declare as follows:

I am employed in the County of Washoe, State of Nevada.

I am over the age of eighteen (18) years and not a party to the within action; my business address is 18124 Wedge Parkway, #503, Reno Nevada, 89511.

On February 7, 2008, I served the foregoing document(s) described as:

    1.    Stipulation and [Proposed] Order to File Second Amended Complaint

on all interested parties in this action addressed to the addressee as follows:

Diana Tabacopolous
SEYFARTH SHAW LLP
One Century Plaza, Suite 3300
2029 Century Park East
Los Angeles, CA 90067-3063

XX  By CM/ECF. I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the above CM/ECF registrant(s).

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on February 7, 2008, at Reno, Nevada.


                                  /s/ Jennifer Smith
                                  Jennifer Smith

**PROOF OF SERVICE**

# EXHIBIT A

James F. Clapp, Esq., SBN 145814
DOSTART CLAPP GORDON & COVENEY
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Telephone:   (858) 623-4200
Facsimile:   (858) 623-4299
jclapp@sdlaw.com

Kevin J. McInerney, Esq., SBN 46941
Kelly McInerney, Esq., SBN 200017
Charles A. Jones, Esq., SBN 224915
MCINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Telephone:   (775) 849-3811
Facsimile:   (775) 849-3866
kevin@mcinerneylaw.net
kelly@mcinerneylaw.net
caj@mcinerneylaw.net

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LINDA YOUNG, MIKE SAFAIE,** and **JANICE KEVARI,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**CHARLES SCHWAB & CO., INC.**<br><br>Defendant. | Case No. C 07:2828 CW<br><br>**SECOND AMENDED COMPLAINT:**<br><br>1.) **COLLECTIVE ACTION FOR OVERTIME PURSUANT TO SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT**<br><br>2.) **CLASS ACTION FOR WAGES PURSUANT TO STATE LAWS** |

THIS IS A CLASS AND COLLECTIVE ACTION

---

1

**SECOND AMENDED COMPLAINT**
Case No. C 07:2828 CW

# I.

# JURISDICTION

1. This Court has jurisdiction because Plaintiffs sue under a federal statute, the Fair Labor Standards Act (29 U.S.C. §201 *et seq.*), and because that statute is a predicate of the Business and Professions Code violation alleged by Plaintiffs Mike Safaie and Janice Kevari. Jurisdiction also exists under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) defendant is a citizen of California whereas some members of the proposed class are, upon information and belief, citizens of states other than California, and (b) the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Venue is appropriate because the Defendant is a corporation headquartered in and doing business in the Northern District of California.

# II.

# FACTS

2. Plaintiff Linda Young, at all times relevant, has been a resident of Reno, Nevada and, during the past four years, was employed as a Branch Client Service Specialist in Reno, Nevada by Defendant Charles Schwab & Co., Inc. Plaintiff Mike Safaie at all times relevant has been a resident of California and was employed by Defendant Charles Schwab & Co., Inc. as a Branch Client Service Specialist in Torrance, California between July 2004 and September 2006. Plaintiff Janice Kevari at all times relevant has been a resident of California and was employed as a Branch Client Service Specialist in San Diego, California between May 2001 and April 2005.

3. Defendant Charles Schwab & Co., Inc. (hereinafter also referred to as "Defendant") is a corporation engaged in the securities brokerage business and other related activities. Its corporate headquarters is at 101 Montgomery Street in San Francisco, California. Its place of incorporation is Delaware.

4. For many years up to and including the present, Defendant has employed persons with the job title of Client Service Specialist ("CSS") in California and throughout the United States. The Defendant has maintained several hundred brokerage offices across the country, which have been staffed by one or more Client Service Specialists.

5. At no time during their employment as Client Service Specialists throughout the United States were the Plaintiffs exempt from the protection of the overtime provisions of the Fair Labor Standards Act (Title 29 United States Code §201 *et seq.*), the California Labor Code §§510, 1194 and 1198, and/or the wage and hour laws of the other states and jurisdictions as set forth in Exhibit A, attached hereto. Although the Plaintiffs and other CSSs employed by the Defendant regularly worked well in excess of forty (40) hours per week and eight (8) hours per day, they were not paid overtime as required by the Fair Labor Standards Act, the California Labor Code and the applicable wage orders, the labor laws, and regulations of the other jurisdictions identified in Exhibit A. The failure of the Defendant to pay the Plaintiffs and other Client Service Specialists overtime was willful.

6. Up until approximately October 2005, Defendant classified its CSSs, including Plaintiffs, as exempt employees. At that juncture, Defendant informed its CSSs that there was a change in policy and that they would henceforth be eligible to receive overtime.

7. Although Defendant announced that it was changing its treatment of the Client Service Specialists from exempt to non-exempt, there was no change in the actual job description or the duties and activities performed by Plaintiffs and the other CSSs. Approximately seven months ago, the job title of CSSs was changed but the work performed remained essentially the same. These employees are also referred to as CSSs in this complaint.

8. Despite this announced policy change, Defendant failed to actually pay the Plaintiffs and other CSSs overtime, although they and the other CSSs routinely continued to work in excess of forty (40) hours per week and/or eight (8) hours per day.

### III.

### THE NATIONAL FLSA COLLECTIVE CLAIM

9. Plaintiff Linda Young re-alleges the preceding Paragraphs of this First Amended Complaint and charges that Defendant's conduct in failing to pay overtime to its CSSs throughout the nation has been a violation of the Fair Labor Standards Act (Title 29 U.S.C. § 201 *et seq.*).

10. Pursuant to 29 U.S.C. § 216(b), Plaintiff Linda Young seeks to pursue a collective action on behalf of the following similarly-situated individuals: "All individuals who, within the applicable limitations period, were employed by Defendant as CSSs anywhere in the United States."

11. Pursuant to 29 U.S.C. § 201 *et seq.*, Plaintiff Linda Young seeks recovery of overtime pay on behalf of the individuals described above, plus liquidated damages, interest, attorney fees, and costs, in amounts to be proved at trial.

12. Plaintiffs respectfully request that this Court send notice pursuant to Title 29 U.S.C. § 216(b) to all other CSSs employed by the Defendant throughout the United States and its territories during the past three years so those employees may consent to join this collective action.

# IV.

# THE STATE LAW CLASS ACTION

# BROUGHT PURSUANT TO FRCP 23

13. Plaintiffs Mike Safaie and Janice Kevari re-allege and incorporate by reference Paragraphs 1-8 of this First Amended Complaint.

14. Plaintiffs Mike Safaie and Janice Kevari allege that, with respect to Client Service Specialists employed by the Defendant in the State of California, Defendant's failure to pay overtime to these individuals violated California Labor Code §§ 510, 1194, and 1198, as well as the applicable California Wage Orders. In addition, Defendant failed to authorize and permit these individuals with required meal and rest breaks, entitling them to additional wages under California Labor Code § 226.7. It is also alleged that the Defendant failed to observe other labor statutes relating to the time and form of wage payments, giving rise to penalties which plaintiffs seek to recover pursuant to the California Labor Code's Private Attorney General Act (Labor Code §2699, *et seq.*).Defendant's conduct, as alleged herein, has also constituted an unlawful, unfair, or fraudulent business act or practice, in violation of California Business and Professions Code §17200 *et seq.*

15. These Plaintiffs also allege that the Defendant's conduct has been similarly violative of all the other jurisdictions' wage and labor laws where the Defendant has employed CSSs. Those jurisdictions are specifically set forth in Exhibit A.

16. Pursuant to Fed. R. Civ. P. 23(b)(3), Plaintiffs Mike Safaie and Janice Kevari seek to bring a class action on behalf of the following individuals: "All individuals who, within the applicable limitations period, were employed by Defendant as CSSs throughout the United States."

17.    Plaintiff Mike Safaie alleges on information and belief that there are at least 100 individuals who fall within the class definition set forth above.

18.    Common legal and factual questions exist with respect to the claims of the California class members, which predominate over individual questions.  These common questions include, but are not limited to, the following: (a) whether Defendant had a common policy or practice regarding the payment of overtime to CSSs; (b) Defendant's reasons for classifying CSSs as exempt under California law; (c) Defendant's reasons for re-classifying CSSs as non-exempt under California law; (d) what type of evidence exists to reflect the number of hours CSSs worked or work; (e) the job duties of CSSs; (f) whether each of these job duties are properly characterized as exempt or non-exempt under California law; and (g) the extent to which CSSs exercised independent judgment and discretion.

19.    Plaintiffs Mike Safaie and Janice Kevari's claims are typical of those of the class in that they have been injured by Defendant's common policy or practice of failing to pay overtime to CSSs.  They will vigorously protect the interests of the class; they have no interests that are adverse to those of the class; and they have retained counsel who are experienced in federal and state class wage and hour litigation and are competent to prosecute the class claims.

20.    A class action is superior because class treatment provides judicial economy. Many of the central issues are susceptible to being resolved by summary judgment.

21.    Pursuant to California Business and Professions Code §17203, Plaintiffs Mike Safaie and Janice Kevari seek an order requiring Defendant to make restitution of all unpaid overtime owed to the class defined above, plus one hour's worth of pay for each missed meal and rest period, plus interest, attorney fees, and costs, in amounts to be proved at trial.  In addition, they seek penalties pursuant to the California Labor Code's Private Attorney General Act.

# PRAYER FOR RELIEF

22. Plaintiff Linda Young, on her own behalf and for all those similarly situated employees who consent to join, prays for overtime wages, liquidated damages, and attorney fees and costs, in amounts to be proved at trial, and such other relief as the Court may find appropriate.

23. Plaintiffs Mike Safaie and Janice Kevari, individually and on behalf of the class defined above, pray for restitution of unpaid wages, plus interest, attorney fees, and costs, in amounts to be proved at trial, plus such other relief as the Court may find appropriate.

DATED: February 7, 2008                    MCINERNEY & JONES

                                           By: /s/ Kevin J. McInerney
                                               Kevin J. McInerney, Esq.
                                               *Attorneys for Plaintiffs*

# EXHIBIT A

| State | Statutory Provisions |
|---|---|
| Alabama | Code of Alabama, tit. 25, § 25-3-4 |
| Alaska | Alaska Wage & Hour Act: Alaska Stat. §§ 23.10.050 - 23.10.150<br><br>Alaska Admin. Code, tit. 8, §§ 15.010 – 15.910, 25.010 – 25.310 |
| Arizona | General Wages Statute: Ariz. Rev. Stat. §§ 23-350 – 23-362 |
| Arkansas | Minimum Wage Act of Arkansas: Ark. Code Ann. § 11-4-201 *et seq.*<br><br>Admin Regs. of the Labor Standards Div. of the Arkansas DOL § 010.14 *et seq.* |
| California | California Labor Code §§ 201-203, 226-226.7, 510, 512, 1194, 1198, 2698-2699.5<br><br>IWC Wage Order No. 4-2001<br><br>California Business & Professions Code § 17200 *et seq.* |
| Colorado | Wage Claim Act: Colo. Rev. Stat. §§ 8-4-101 *et seq.*<br><br>Minimum Wage Order Nos. 22 and 23, 7 Colo. Code. Regs § 1103-1 |
| Connecticut | Conn. Gen. Stat. §§ 31-13a, 31-51ii, § 31-60, *et seq.*<br><br>Conn. Agencies Regs. §§ 31-60-11, 31-60-14, 31-60-15, 30-16-16 |
| Delaware | Wage Payment & Collection Act: Del. Code Ann., tit. 19, §§ 707, 1101-1115. |
| District of Columbia | Wage Payment & Wage Collection Law: D.C. Code § 32-1301 *et seq.*<br><br>Minimum Wage Act: D.C. Code § 32-1001, *et seq.*<br><br>Wage Hour Rules: D.C. Mun. Reg., tit. 7, §§ 911, 914 |
| Florida | Fla. Stat., tit. 31, §§ 448.1, 448.08, 448.110 |
| Georgia | Ga. Code Ann. §§ 9-3-22, 34-4-5 |
| Hawaii | Haw. Rev. Stat. §§ 387-1 *et seq.*, 388-1 *et seq.*<br><br>Haw. Admin. Rules, tit. 12, § 20-1 *et seq.* |

LA1 6678312.1

| Idaho | Wage Payment Act: Idaho Code Ann. § 45-601 *et seq.* |
|---|---|
| Illinois | Wage Payment & Collection Act: 820 ILCS 115/1 *et seq.* |
| | Minimum Wage Law: 820 ILCS 105/1 *et seq.* |
| | Eight Hour Work Day Act: 820 ILCS 145/0.01 *et seq.* |
| | One Day Rest In Seven Act: 820 ILCS 140/1 *et seq.* |
| | Admin. Code, tit. 56, Ch. 1, Subchapter b, § 210 *et seq.* |
| Indiana | Minimum Wage Law of 1965: Ind. Code § 22-2-2-1 *et seq.* |
| | Ind. Code. §§ 22-2-5-0.5 *et seq.*, 22-2-9-1 *et seq.* |
| | Admin. Code: 610 IAC 6-1-1 *et seq.* |
| Iowa | Wage Payment Collection Act: Iowa Code Chapter 91A |
| | Admin. Code: 875-35.1 (91A) |
| Kansas | Wage Payment Statute: Kan. Stat. Ann. §§ 44-312 – 44-327 |
| | Minimum Wage & Maximum Hours Laws: Kan. Stat. Ann. §§ 44-1201 *et seq.* |
| | Admin. Regs. §§ 49-16-1 *et seq.*, 49-21-1 *et seq.*, 49-30-1 *et seq.*, 49-31-1 *et seq.* |
| Kentucky | Ky. Rev. Stat. § 337.00 *et seq.* |
| | Ky. Admin. Regs.: 803 KAR 1:005 *et seq.* |
| Louisiana | La. Rev. Stat. Ann. § 23.10 *et seq.* |
| Maine | Me. Rev. Stat., tit. 26, Ch. 7, §§ 601-626, 663-671 |
| | Me. Admin. Rules: 12-170, Chapters 9 and 16 |
| Maryland | Md. Code Ann.: §§ 3-401 *et seq.*, 3-501 *et seq.* |
| | Code of Md.: Tit. 9, Subtitle 12, Chapter 41 |
| Massachusetts | Mass. Gen. Laws., tit. 21, Ch. 149, §§ 100-101, 148-150 |

|  | Minimum Fair Wage Law, Mass. Gen. Laws, Ch. 151, tit. 21, Ch. 151, §§ 1A, 1B, 7, 14-20A <br><br> Code Mass. Regs.: 455 CMR 2.00 *et seq.* |
|---|---|
| Michigan | Minimum Wage Law of 1964: Mich. Comp. Laws. Ann. §§ 408.381 – 408.398 <br><br> Wages and Fringe Benefits Act: Mich. Comp. Laws. Ann. §§ 408.471 – 408.512 |
| Minnesota | Minn. Stat. Ann., Ch. 177, § 177.22 *et. seq.*, Ch. 181, § 181.032 *et seq.* <br><br> Minn. Admin. Rules, Ch. 5200, § 5200.0060 *et seq.* |
| Mississippi | None |
| Missouri | Mo. Rev. Stat., tit. 18, Ch. 290, §§ 290.010 *et seq.* |
| Nebraska | Neb. Wage Payment & Collection Act:. Neb. Rev. Stat. § 48-1228 *et seq.* |
| Nevada | Nev. Rev. Stat., Ch. 608, §§ 608.016, 608.018 – 608.080, 608.115, 608.140, 608.180, <br><br> Nev. Admin Code., Ch. 608, §§ 608.115 – 608.155 |
| New Hampshire | N.H. Rev. Stat. Ann., tit. 23, Ch. 275, §§ 275.30 *et seq.*, Ch. 29, §§ 279.27 *et. seq.* <br><br> N.H. Code Admin. R. Ann. Lab., Ch. Lab. 800, Part Lab. 803, Lab. 803.01 *et seq.* |
| New Jersey | Wage & Hour Law, N.J. Stat. Ann. § 34:11-56a *et seq.* <br><br> Wage Payment Law, N.J. Stat. Ann. § 34:11-4.1 *et seq.* <br><br> N.J. Admin. Code. 12:55 *et seq.*, 12:56 *et seq.*, 12:61 *et seq.* |
| New Mexico | N.M. Stat. Ann., Ch. 50, Art. 4, § 50-4-1 *et seq.* <br><br> N.M. Admin. Code, tit. 11, Ch. 1, Part 4 |
| New York | N.Y. Labor Law, Art. 5, tit. 1, § 162; Art. 6, § 190 *et seq.* <br><br> 12 N.Y.C.R.R. § 142-2.2 |

| North Carolina | Wage & Hour Act: N.C. Gen. Stat., Ch. 95, Art. 2A, § 95.25.1 *et seq.* |
| | N.C. Admin. Code, tit. 13, Ch. 12, § 12.0101 *et seq.* |
| Ohio | Ohio Rev. Code, tit. 41, §§ 4111.03, 4113.15, 4113.99 |
| Oklahoma | Okla. Payday Act: Okla. Stat., tit. 40, § 165.1 *et seq.* |
| | Okla. Admin Code §§ 380:30-1-7, 380:30-1-8, 380:30-1-14, 380:30-3-1, 380:30-3-2 |
| Oregon | Or. Rev. Stat., Ch. 653, § 653.010 *et seq.*, Ch 652, § 652.110 *et seq.* |
| | Or. Admin. Rules, Chapter 839 |
| Pennsylvania | Minimum Wage Act of 1968: 43 Pa. Stat. Ann. § 333.01 *et seq.* |
| | Wage Payment and Collection Law: 43 Pa. Stat. Ann. § 260.1 *et seq.* |
| | Pa. Code of Regs., tit. 34, Ch. 231, §§ 231.41 – 231.43 |
| Puerto Rico | Act No. 17 of April 17, 1931: P.R. Laws Ann. tit. 29 §§ 171-177 |
| | Act No. 80 of May 5, 1931: P.R. Laws Ann. tit. 29 §§ 289-290 |
| | Act No. 289 of April 9, 1946: P.R. Laws Ann. tit. 29 §§ 295-299 |
| | Act No. 379 of May 15, 1948: P.R. Laws Ann. tit. 29 §§ 271-288 |
| | Act No. 180 of July 27, 1998: P.R. Laws Ann. tit. 29 §§ 250-250j |
| Rhode Island | R.I. Gen. Laws, tit. 28, Ch. 28-3, §§ 28-3-14, 28-3-15, Ch. 28-12, § 28-12-1 *et seq.*, Ch. 28-14, § 28-14-1 *et seq.* |
| South Carolina | S.C. Payment of Wages Law: Code of Laws 41-10-10 *et seq.* |
| Tennessee | Tenn. Code Ann. § 50-2-101 *et seq.* |
| Texas | Tex. Payday Act: Tex. Lab. Code Ann., Ch. 61, § 61.001 *et seq.* |
| | Tex. Minimum Wage Act, Ch. 62, § 62.001 et seq. |
| Utah | Utah Code Ann., tit. 34, Chapters 27-28 |
| | Utah Labor Rules, R610 |

| | |
|---|---|
| Vermont | Vt. Stat. Ann., tit. 21, Chapter 5, § 303 *et seq.* |
| Virginia | Va. Ann. Code, tit. 40.1, Ch. 3, §§ 40.1-28.11, 40.1-29 |
| Washington | Minimum Wage Act: RCW § 49.46 *et seq.* <br><br> Rev. Code Wash.: §§ 49.12, *et seq.*, 49.48 *et seq.* <br><br> Wash. Admin. Code: 296-126 *et seq.*; 296-128 *et seq.* |
| West Virginia | West. Virginia Code: §§ 21-3-10A, 21-5-3, 21-5-4, 21-5-6, 21-5-9 – 21-5-13, 21-5C *et seq.* <br><br> Code of State Rules: 42 CSR 5, 42 CSR 8 |
| Wisconsin | Wis. Admin. Code Chapters DWD 272.01 *et seq.*, 274.01 *et seq.* <br><br> Wis. Stat.: Chapters 103.01 *et seq.*, 104.01 *et seq.*, 109.01 *et seq.* |