UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LINDA YOUNG, MIKE SAFAIE**, and **JANICE KEVARI** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**CHARLES SCHWAB & CO., INC.**<br><br>Defendant. | Case No. C 07:2828 CW<br><br>**NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN, PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL** |

ATTENTION: THIS NOTICE EXPLAINS YOUR POSSIBLE RIGHT TO RECOVER MONEY AS A RESULT OF A SETTLEMENT OF CLAIMS BROUGHT ON BEHALF OF INDIVIDUALS WHO WERE EMPLOYED BY CHARLES SCHWAB & CO., INC. IN THE UNITED STATES OR ITS TERRITORIES AS A BRANCH CLIENT SERVICE SPECIALIST I AND/OR BRANCH CLIENT SERVICE SPECIALIST II AND/OR IN A NON-EXEMPT CLIENT SERVICE SPECIALIST ROLE DURING CERTAIN TIME PERIODS, AS SET FORTH IN EXHIBIT A. **YOU HAVE RECEIVED THIS NOTICE BECAUSE SCHWAB'S RECORDS INDICATE THAT YOU ARE A MEMBER OF THE CLASS.**

**YOUR PARTICIPATION IN THE SETTLEMENT WILL HAVE NO EFFECT ON YOUR EMPLOYMENT WITH SCHWAB.**

THE MONEY FROM THE SETTLEMENT WILL BE DISTRIBUTED TO ALL ELIGIBLE CLAIMANTS. IF YOU WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT, YOU NEED TO COMPLETE AND RETURN THE **CONSENT TO JOIN SETTLEMENT AND CLAIM FORM (WHITE)** AND POSTMARK IT ON OR BEFORE _____, 2008. IF YOU DO NOT RETURN THIS FORM BY THIS DEADLINE, YOU WILL NOT RECEIVE YOUR SHARE OF MONEY UNDER THE SETTLEMENT BUT YOU WILL STILL BE BOUND BY THE TERMS OF THE SETTLEMENT. **PLEASE READ THIS NOTICE CAREFULLY.**

IF YOU DECIDE TO EXCLUDE YOURSELF FROM THE SETTLEMENT, YOU MUST COMPLETE AND RETURN THE **EXCLUSION FORM (YELLOW)** PURSUANT TO THE DIRECTIONS IN THIS NOTICE.

Pursuant to the order of the United States District Court for the Northern District of California entered on _____, 2008, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement ("Settlement") has been reached between the parties to this action. This action (defined below) alleges claims under both the federal Fair Labor Standards Act ("FLSA") and various state wage and hour laws, and is brought on behalf of all individuals who were employed by Schwab in the United States or it territories as a Branch Client Service Specialist I and/or II and/or in a non-exempt client service specialist role during all or part of the applicable time periods set forth in Exhibit A (the "Class" or the "Class Members"). The Court has approved preliminarily the Settlement and conditionally certified the Class for purposes of the Settlement only. You have received this notice because Schwab's records indicate that you are a member of the Class. This notice is designed to inform you of how you can make a claim under the Settlement, object to the Settlement, or elect not to participate in the Settlement.

To receive your share of the Settlement, you must submit a valid and timely Consent to Join Settlement and Claim Form (white).  If you do not, then you will not receive your share of money paid out under the Settlement but you will still be bound by the terms of the Settlement as to your state law claims if it is granted final approval by this Court.

## I. BACKGROUND OF THE CASE

Plaintiffs Linda Young, Mike Safaie, and Janice Kevari filed a lawsuit on behalf of all individuals nationwide who were employed by Schwab as a Branch Client Service Specialist I and/or Branch Client Service Specialist II.  Plaintiffs allege that Schwab failed to pay for applicable overtime, including interest and penalties. Plaintiffs also allege that Schwab violated certain state laws by not providing them meal and rest periods, itemized wage statements, and all monies due them upon termination (the "Action").

Schwab denies all of Plaintiffs' material allegations in the Action.  Specifically, Schwab denies that Plaintiffs or the Class are owed any compensation for overtime hours or meal or rest periods, or any related claims, or interest or penalties of any kind.

## II. THIS SETTLEMENT IS NOT AN ADMISSION OF LIABILITY

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended to or should be construed as an admission by Schwab that Plaintiffs' claims in the Action have merit or that it has any liability to Plaintiffs or the Class on those claims. Schwab vigorously denies all of Plaintiffs' material allegations. Specifically, Schwab denies that Plaintiffs and the Class are owed any compensation for alleged overtime hours, meal periods or rest periods, or any related claims, or interest or penalties of any kind.

Class Counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties of continued litigation.  Class Counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Class.

## III. SUMMARY OF THE SETTLEMENT

A.    Who is included in the Settlement?

You are included in the Settlement if you were employed by Schwab in the United States or its territories as a Branch Client Service Specialist I and/or Branch Client Service Specialist II during all or part of the applicable time periods for the states and/or territories in which you were employed by Schwab. Also included in the Settlement are persons employed by Schwab on or before June 30, 2007 as a Branch Client Service Specialist I and/or Branch Client Service Specialist II who despite a change in job title have continued to serve in that role at any time between June 30, 2007 and the [date of preliminary approval,] and (b) all individuals hired or employed by Schwab after June 30, 2007 in a non-exempt client service specialist role through the [date of preliminary approval.] (See attached Exhibit A for the applicable time periods broken down by state and territory.)

B.    Who is representing the Class?

Class Counsel are:

| | |
|---|---|
| Kevin J. McInerney<br>McInerney & Jones<br>18124 Wedge Parkway #503<br>Reno, Nevada 89511<br>Telephone: (775) 849-3811<br>Facsimile: (775) 849-3866 | James F. Clapp<br>Dostart Clapp & Coveney, LLP<br>4370 La Jolla Village Drive<br>Suite 970<br>San Diego, CA 92122<br>Telephone: (858) 623-4200<br>Facsimile: (858) 623-4299 |

C.    Should I make a claim?

It is your right to make a claim. Whether or not you make a claim will have no impact on your employment with Schwab. All settlement funds will be distributed to any eligible Class Member who submits a claim with no funds reverting to Schwab. Therefore, if you do not make a claim, your portion of the settlement funds will be distributed pro rata to those employees who do make a claim.

D.    How do I make a claim?

If you wish to make a claim, then complete and sign the Consent to Join Settlement and Claim Form (white) and postmark and mail it by ____, 2008 to the Schwab Claims

1  Administrator, Rust Consulting, Inc., 625 Marquette Avenue, Suite 880, Minneapolis, MN
2  55402-2469.

3  E.   <u>What will I receive from the Settlement?</u>

4      The total Settlement Sum is $2,150,000.00.  Subject to Court approval, certain Class
5  Counsel attorneys' fees and expenses and other costs will be deducted from the total Settlement
6  Sum, as described below.   After such deductions, your share of the total Settlement Sum
7  generally will be based on (1) the number of weeks you worked prior to October 1, 2005 as a
8  Branch Client Service Specialist I and/or II, and the states and/or territories in which you were so
9  employed, and (2) whether you were employed by Schwab on or after October 1, 2005 and are
10 entitled to a fixed sum distribution described below.  The weeks you worked during the
11 applicable periods will be determined from Schwab's payroll records.  The number of work
12 weeks is listed on the enclosed Consent to Join Settlement and Claim Form (white).

13     More specifically, if you submit an approved claim, then your share of the Settlement
14 will be paid pursuant to a Court-approved plan of distribution.  This plan of distribution provides
15 that:

16     (1)  Each Class Member who was employed by Schwab prior to October 1, 2005 and who
17 participates in the Settlement will receive a share of the Class Members' Distribution Amount
18 based on the number of Compensable Work Weeks he/she worked in a Covered Position
19 between the commencement of the applicable statute of limitations period for the states and/or
20 territories in which that Class Member worked for Schwab through September 30, 2005.  The
21 applicable statutes of limitations periods are a function of the states and/or territories in which
22 the Class Member was employed by Schwab, and are set forth at Exhibit B.  "Compensable
23 Work Weeks" means any weeks or portion of a week worked by you or other Class Members as
24 a Branch Client Service Specialist I and/or II during the period running from the beginning of the
25 applicable statute of limitations period for the states and/or territories in which you and the other
26 Class Members were employed by Schwab through September 30, 2005.  The number of

28  5

1  Compensable Work Weeks covered by this Settlement will vary by state and/or territory, because
2  different states and territories have differing statutes of limitation. (See Exhibit B.)
3      (2) Each Class Member who was employed by Schwab on or after October 1, 2005 and
4  who participates in the settlement will receive an equal share of the sum of $275,000. This
5  $275,000 shall be taken from the Settlement Sum.
6      In an effort to divide the Settlement Sum fairly, the Court appointed a retired federal
7  judge to serve as a Special Master and to determine a formula for the allocation of Settlement
8  proceeds among the states and territories that is fair, reasonable and in the best interests of the
9  Class. The Special Master has determined that California law is much more favorable to Class
10 Members who worked in California during the Covered Period than are the laws of other states
11 and territories to the Class Members who worked in those states and territories. The Special
12 Master has recommended, and the Court has approved, a distribution formula whereby: (1) for
13 those Class Members employed prior to October 1, 2005, a Compensable Work Week worked in
14 California will be twice the value of a Compensable Work Week for all other states and
15 territories, and (2) for those Class Members employed on or after October 1, 2005 each Class
16 Member will receive a flat sum. Based on this formula, and after deduction of Class Counsel's
17 fees and expenses, the Class Representatives' payment, the Special Master's fees, the Claims
18 Administrator's fees and costs, and the payment to the California Labor and Workforce
19 Development Agency, Class Counsel estimate that the following payments shall be made to
20 Class Members:
21     (1) Each Class Member who submits a timely and valid Consent to Join Settlement and
22 Claim Form (white) will receive approximately $50.00 for each Compensable Work Week
23 he/she worked prior to October 1, 2005 during the Covered Period in California ;
24     (2) Each Class Member who submits a timely and valid Consent to Join Settlement and
25 Claim Form (white) will receive approximately $25.00 for each Compensable Work Week
26 he/she worked prior to October 1, 2005 during the Covered Period in a territory or state other
27 than California;
28

6

NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN,
PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL

LA1 6668871.1

1     (3) Each Class Member employed on or after October 1, 2005 and who submits a timely and valid Consent to Join Settlement and Claim Form (white) will receive approximately $435.00.

    These estimates are based upon the assumption that all Class Members will file a claim by submitting a Consent to Join Settlement and Claim Form (white). Because all Settlement monies must be paid out, if only 50% of the Class Members file a claim, you could receive more than your estimated Settlement figure.

    The Settlement payments to Class Members are sixty-percent (60%) wages subject to IRS Form W-2 reporting and withholding of all applicable local, state and federal taxes, and forty-percent (40%) alleged penalties and interest, subject to IRS Form 1099 reporting. Notwithstanding the treatment of the settlement amounts above, none of the payments called for by this Settlement, including the wage portion of the Settlement, are to be treated as earnings or wages for any purpose of any Schwab benefit plan.

F. <u>When will I receive my Settlement payment?</u>

    The Settlement payments will be paid after final Court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement.

G. <u>What if I do not want to participate in the Settlement?</u>

    You will not be included in the Settlement if you elect not to participate by submitting an Exclusion Form (yellow) that is provided with this notice in accordance with the conditions for submitting that form. However, if you submit a Consent to Join Settlement and Claim Form (white) as well as an Exclusion Form (yellow), then the Exclusion Form (yellow) will be invalid and you will be included in the Settlement and will be bound by the terms of the Settlement.

///

///

7

NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN,
PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL

LA1 6668871.1

H. **What if I do not submit an Exclusion Form (yellow) but also do not submit a Consent to Join Settlement and Claim Form (white)?**

To receive your share of the Settlement you must submit a valid and timely Consent to Join Settlement and Claim Form (white). If you do nothing, your FLSA rights will not be affected by the Settlement but you may still be bound by the terms of the Settlement with respect to your state law claims even though you will not receive a Settlement payment.

I. **Claims Administrator.**

The Court has appointed Rust Consulting Inc., P.O. Box 9442, Minneapolis, Minnesota 55440-9442, telephone: (888) 764-8862, to act as an independent claims administrator and to resolve any dispute concerning a Class Member's eligibility to participate in the Settlement and his or her share of the Settlement.

J. **Release of Claims.**

The Settlement includes a release by Class Members (other than those who file Exclusion Forms (yellow)) of Schwab and its former and present parents, subsidiaries, and affiliated entities and their officers, directors, employees, partners, registered representatives, shareholders and agents, and any other successors, assigns, or legal representatives ("Class Members' Released Parties"), from any and all applicable state law wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising from the commencement of the applicable statute of limitations period for the jurisdiction in which the Class Member was employed by Schwab, as set forth in attached Exhibit B, to the date on which the Court gives final approval of the Settlement ("Class Members' Released Period"), including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including without limitation penalties under the California Labor Code's Private Attorneys General Act of 2004, as amended in August 2004, and California Labor Code sections 2699, 2699.3, and 2699.5), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of

8
NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN,
PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL

LA1 6668871.1

overtime wages, (b) any and all claims for the failure to provide meal and/or rest periods; (c) any and all claims for failure to provide accurate itemized wage statements; (d) any and all claims to pay final wages; and (e) any and all claims stemming from or based on the alleged misclassification of employees as exempt employees (collectively, "Class Members' Released State Law Claims"). The Class Members' Released State Law Claims include claims meeting the above definition under any and all applicable statutes, including without limitation those set forth in the specific state wage and hour laws set forth in attached Exhibit B. Notwithstanding the foregoing, nothing in this Settlement releases any claims that do not relate to the claims of the Class Members in the Covered Positions or that cannot be released as a matter of law.

The release of claims set forth in the preceding paragraph is intended as a complete release of the Class Members' Released State Law Claims. In furtherance of this intention, Class Members expressly waive any rights or protections under any statute, legal doctrine, or any other authority that restricts the release of unknown claims, including but not limited to Section 1542 of the California Civil Code (and any other similar state statute). Section 1542 states:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

In addition, those Class Members who submit valid and timely Consent to Join Settlement and Claim Forms (white) fully and finally release and discharge the Class Members' Released Parties from any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., whether known or unknown, arising during the Class Members' Released Period ("Class Members' Released Federal Law Claims").

The release of claims set forth in the preceding paragraph is intended as a complete release of the Class Members' Released Federal Law Claims. In furtherance of this intention, Class Members expressly waive any rights or protections under any statute, legal doctrine, or any

9

other authority that restricts the release of unknown claims, including but not limited to Section 1542 of the California Civil Code (and any other similar state statute).  Section 1542 states:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Notwithstanding the foregoing, nothing in the Settlement releases any claims that or that cannot be released as a matter of law.

K.   Attorneys' Fees, Litigation Expenses, and Class Representative Payments

Class Counsel will seek approval from the Court for payment of attorneys' fees in the amount of twenty-five percent (25%) of the total Settlement Sum, or $537,500.00, and costs and litigation expenses in the amount of $50,000.00   The attorneys representing the Plaintiffs believe the requested amount for attorneys' fees and costs is fair and reasonable.  Schwab will not oppose their request for that amount.  In addition, Class Counsel will ask the Court to award each of the Plaintiffs up to $15,000 for the time they spent and the risk they took, in bringing the Action.  If approved by the Court, these sums will be deducted from the Settlement Sum under the Settlement.

L.   Other Deductions from the Settlement Sum

Class Counsel also will seek approval from the Court for:  (1) the costs of administering the Settlement, estimated at this time to be approximately $50,000.00; (2) the costs incurred by the parties' court-appointed Special Master, estimated at this time to be a total of $25,000.00; and (3) the sum of $25,000.00 which will be paid to the California Labor and Workforce Development Agency, pursuant to California Labor Code § 2698, *et seq*.  These payments will be deducted from the Settlement Sum under the Settlement.

IV.  PLAINTIFFS AND CLASS COUNSEL SUPPORT THE SETTLEMENT

Plaintiffs as Class Representatives and Class Counsel support this Settlement. Their reasons include the inherent risk of denial of class certification, the risk of a trial on the merits, and the inherent delays and uncertainties associated with litigation. Based on their experience

10
NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN,
PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL

LA1 6668871.1

litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted. No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, Plaintiffs and Class Counsel believe that the Settlement is fair, reasonable, and adequate.

## V. WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

Plaintiffs as Class Representatives and Class Counsel represent your interests as a Class Member. Unless you elect not to participate in the Settlement by timely filing an Exclusion Form (yellow), you are a part of the Class, and you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court with respect to Class Members' Released State Law Claims. Although your decision not to participate will not impair any claims under the FLSA, you may be deemed to have released your state law claims against Schwab and the other released parties as described above. As a member of the Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and costs.

**Your participation in the Settlement will have no effect on your employment with Schwab.**

A.   Claiming Your Share of the Settlement.

To receive a share of the Settlement, you must both:

1. Complete and sign the enclosed Consent to Join Settlement and Claim Form (white). To be valid, the Consent to Join Settlement and Claim Form (white) must be completed in full and signed;

AND

2. Mail the Consent to Join Settlement and Claim Form (white) via first class mail with a postmark on or before _____, 2008 to:

11

NOTICE OF PENDENCY OF CLASS ACTION AND OPPORTUNITY TO OPT IN,
PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL

LA1 6668871.1

        Schwab Claims Administrator
        c/o Rust Consulting, Inc.
        P.O. Box 9442
        Minneapolis, Minnesota 55440-9442
        Toll Free #: (888) 764-8862

A Class Member who does not mail a Consent to Join Settlement and Claim Form (white) in the manner and by the deadlines specified above will not receive a share of the Settlement.

B.    <u>Objecting to the Settlement.</u>

If you are dissatisfied with the terms of the Settlement, you may object to the Settlement. Any objection to the Settlement must be in writing and must explain, in clear and concise terms, the basis for your objection. In addition, in order to be considered, your objection must be mailed via first class mail with a postmark on or before _____, 2008 to each of the following:

Office of the Clerk
United States District Court,
Northern District of California
1301 Clay Street, Suite 400S
Oakland, California 94612

Kevin J. McInerney
McInerney & Jones
18124 Wedge Parkway #503
Reno, Nevada 89511
Telephone: (775) 849-3811
Facsimile: (775) 849-3866

James F. Clapp
Dostart Clapp & Coveney, LLP
4370 La Jolla Village Drive
Suite 970
San Diego, CA 92122
Telephone: (858) 623-4200
Facsimile: (858) 623-4299

Diana Tabacopoulos
Seyfarth Shaw LLP
2029 Century Park East
Suite 3300
Los Angeles, CA 90067-3063

Your objection must include your full name, address, and dates of your employment at Schwab, and must reference this case, *Young v. Schwab, Inc.*, Case No. C 072828 CW.  In addition, your objection must indicate whether you intend to appear at the final approval hearing scheduled for August 21, 2008 at 2:00 p.m. It is not necessary, however, for you to appear at this hearing to make an objection.

Any Class Member who does not object to the Settlement in the manner described above will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. If the Court rejects your objection, you will still be bound by the terms of the Settlement with respect to your state law claims unless you have also submitted an Exclusion Form (yellow) in the manner described in this notice. If the Court rejects your objection, you will still be bound by the terms of the settlement, with respect to your FLSA claims if you have submitted a valid and timely Consent to Join Settlement and Claim Form (white).

Once the Court grants final approval of the Settlement, those Class Members who appeal any objection denied by the Court may be required to post a bond in connection with such appeal. The amount of the bond will be determined by the Court.

C.    <u>Excluding Yourself from the Settlement.</u>

If you do not wish to participate in the Settlement, you must complete the enclosed Exclusion Form (yellow). To be valid, the Exclusion Form (yellow) must be completed, signed by you under penalty of perjury, and returned to:

> Schwab Claims Administrator
> c/o Rust Consulting, Inc.
> P.O. Box 9442
> Minneapolis, Minnesota 55440-9442
> Toll Free #: (888) 764-8862

The Exclusion Form (yellow) must be returned with a postmark on or before _____, 2008. If the Exclusion Form (yellow) is sent from within the United States it must be sent through the United States Postal Service via registered or certified mail, with return receipt requested. A Class Member who fails to mail an Exclusion Form (yellow) in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement with respect to their state law claims if the Settlement is approved by the Court, and the Judgment, regardless of whether he or she has objected to the Settlement.

Any person who files a complete and timely Exclusion Form (yellow) will, upon receipt of same by the Claims Administrator, no longer be a member of the Class and will receive no

1  benefits from the Settlement. Any such person, at his or her own expense, may pursue any claims
2  he or she may have against Schwab.  If you timely submit a Consent to Join Settlement and
3  Claim Form (white) and an Exclusion Form (yellow), then the Exclusion Form (yellow) will be
4  invalid and you will be included in the Class and will be bound by the terms of the Settlement.

## VI. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing in Courtroom 2, of the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, California 94612, on August 21, 2008 at 2:00 p.m., to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Class Counsel's request for costs and attorneys' fees and the special payment made to Plaintiffs as the Class Representatives. The hearing may be postponed without further notice to the Class.

## VII. OBTAINING MORE INFORMATION

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to the detailed Joint Stipulation of Settlement and Release which will be on file with the Clerk of the Court. The pleadings and other records in this litigation, including the Joint Stipulation, may be examined at any time during regular business hours in the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, California 94612, or you may contact Class Counsel or the Claims Administrator.

PLEASE DO NOT TELEPHONE THE COURT, SCHWAB'S COUNSEL OR SCHWAB FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.