James F. Clapp, Esq., SBN 145814
DOSTART CLAPP GORDON & COVENEY
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Telephone:    (858) 623-4200
Facsimile:    (858) 623-4299
jclapp@sdlaw.com

Kevin J. McInerney, Esq., SBN 46941
Kelly McInerney, Esq., SBN 200017
Charles A. Jones, Esq., SBN 224915
MCINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Telephone:    (775) 849-3811
Facsimile:    (775) 849-3866
kevin@mcinerneylaw.net
kelly@mcinerneylaw.net
caj@mcinerneylaw.net

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA YOUNG, MIKE SAFAIE, and JANICE KEVARI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES SCHWAB & CO., INC.<br><br>Defendant. | Case No. C 07:2828 CW<br><br>**SECOND AMENDED COMPLAINT:**<br><br>1.) **COLLECTIVE ACTION FOR OVERTIME PURSUANT TO SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT**<br><br>2.) **CLASS ACTION FOR WAGES PURSUANT TO STATE LAWS** |

THIS IS A CLASS AND COLLECTIVE ACTION

---

1

**SECOND AMENDED COMPLAINT**
Case No. C 07:2828 CW

# I.

# JURISDICTION

1. This Court has jurisdiction because Plaintiffs sue under a federal statute, the Fair Labor Standards Act (29 U.S.C. §201 *et seq.*), and because that statute is a predicate of the Business and Professions Code violation alleged by Plaintiffs Mike Safaie and Janice Kevari. Jurisdiction also exists under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) defendant is a citizen of California whereas some members of the proposed class are, upon information and belief, citizens of states other than California, and (b) the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Venue is appropriate because the Defendant is a corporation headquartered in and doing business in the Northern District of California.

# II.

# FACTS

2. Plaintiff Linda Young, at all times relevant, has been a resident of Reno, Nevada and, during the past four years, was employed as a Branch Client Service Specialist in Reno, Nevada by Defendant Charles Schwab & Co., Inc. Plaintiff Mike Safaie at all times relevant has been a resident of California and was employed by Defendant Charles Schwab & Co., Inc. as a Branch Client Service Specialist in Torrance, California between July 2004 and September 2006. Plaintiff Janice Kevari at all times relevant has been a resident of California and was employed as a Branch Client Service Specialist in San Diego, California between May 2001 and April 2005.

3. Defendant Charles Schwab & Co., Inc. (hereinafter also referred to as "Defendant") is a corporation engaged in the securities brokerage business and other related activities. Its corporate headquarters is at 101 Montgomery Street in San Francisco, California. Its place of incorporation is Delaware.

4. For many years up to and including the present, Defendant has employed persons with the job title of Client Service Specialist ("CSS") in California and throughout the United States. The Defendant has maintained several hundred brokerage offices across the country, which have been staffed by one or more Client Service Specialists.

5. At no time during their employment as Client Service Specialists throughout the United States were the Plaintiffs exempt from the protection of the overtime provisions of the Fair Labor Standards Act (Title 29 United States Code §201 *et seq.*), the California Labor Code §§510, 1194 and 1198, and/or the wage and hour laws of the other states and jurisdictions as set forth in Exhibit A, attached hereto. Although the Plaintiffs and other CSSs employed by the Defendant regularly worked well in excess of forty (40) hours per week and eight (8) hours per day, they were not paid overtime as required by the Fair Labor Standards Act, the California Labor Code and the applicable wage orders, the labor laws, and regulations of the other jurisdictions identified in Exhibit A. The failure of the Defendant to pay the Plaintiffs and other Client Service Specialists overtime was willful.

6. Up until approximately October 2005, Defendant classified its CSSs, including Plaintiffs, as exempt employees. At that juncture, Defendant informed its CSSs that there was a change in policy and that they would henceforth be eligible to receive overtime.

7. Although Defendant announced that it was changing its treatment of the Client Service Specialists from exempt to non-exempt, there was no change in the actual job description or the duties and activities performed by Plaintiffs and the other CSSs. Approximately seven months ago, the job title of CSSs was changed but the work performed remained essentially the same. These employees are also referred to as CSSs in this complaint.

8. Despite this announced policy change, Defendant failed to actually pay the Plaintiffs and other CSSs overtime, although they and the other CSSs routinely continued to work in excess of forty (40) hours per week and/or eight (8) hours per day.

## III.

## THE NATIONAL FLSA COLLECTIVE CLAIM

9. Plaintiff Linda Young re-alleges the preceding Paragraphs of this First Amended Complaint and charges that Defendant's conduct in failing to pay overtime to its CSSs throughout the nation has been a violation of the Fair Labor Standards Act (Title 29 U.S.C. § 201 *et seq.*).

10. Pursuant to 29 U.S.C. § 216(b), Plaintiff Linda Young seeks to pursue a collective action on behalf of the following similarly-situated individuals: "All individuals who, within the applicable limitations period, were employed by Defendant as CSSs anywhere in the United States."

11. Pursuant to 29 U.S.C. § 201 *et seq.*, Plaintiff Linda Young seeks recovery of overtime pay on behalf of the individuals described above, plus liquidated damages, interest, attorney fees, and costs, in amounts to be proved at trial.

12. Plaintiffs respectfully request that this Court send notice pursuant to Title 29 U.S.C. § 216(b) to all other CSSs employed by the Defendant throughout the United States and its territories during the past three years so those employees may consent to join this collective action.

4
SECOND AMENDED COMPLAINT
Case No. C 07:2828 CW

## IV.

## THE STATE LAW CLASS ACTION

## BROUGHT PURSUANT TO FRCP 23

13. Plaintiffs Mike Safaie and Janice Kevari re-allege and incorporate by reference Paragraphs 1-8 of this First Amended Complaint.

14. Plaintiffs Mike Safaie and Janice Kevari allege that, with respect to Client Service Specialists employed by the Defendant in the State of California, Defendant's failure to pay overtime to these individuals violated California Labor Code §§ 510, 1194, and 1198, as well as the applicable California Wage Orders. In addition, Defendant failed to authorize and permit these individuals with required meal and rest breaks, entitling them to additional wages under California Labor Code § 226.7. It is also alleged that the Defendant failed to observe other labor statutes relating to the time and form of wage payments, giving rise to penalties which plaintiffs seek to recover pursuant to the California Labor Code's Private Attorney General Act (Labor Code §2699, *et seq.*).Defendant's conduct, as alleged herein, has also constituted an unlawful, unfair, or fraudulent business act or practice, in violation of California Business and Professions Code §17200 *et seq.*

15. These Plaintiffs also allege that the Defendant's conduct has been similarly violative of all the other jurisdictions' wage and labor laws where the Defendant has employed CSSs. Those jurisdictions are specifically set forth in Exhibit A.

16. Pursuant to Fed. R. Civ. P. 23(b)(3), Plaintiffs Mike Safaie and Janice Kevari seek to bring a class action on behalf of the following individuals: "All individuals who, within the applicable limitations period, were employed by Defendant as CSSs throughout the United States."

17. Plaintiff Mike Safaie alleges on information and belief that there are at least 100 individuals who fall within the class definition set forth above.

18. Common legal and factual questions exist with respect to the claims of the California class members, which predominate over individual questions. These common questions include, but are not limited to, the following: (a) whether Defendant had a common policy or practice regarding the payment of overtime to CSSs; (b) Defendant's reasons for classifying CSSs as exempt under California law; (c) Defendant's reasons for re-classifying CSSs as non-exempt under California law; (d) what type of evidence exists to reflect the number of hours CSSs worked or work; (e) the job duties of CSSs; (f) whether each of these job duties are properly characterized as exempt or non-exempt under California law; and (g) the extent to which CSSs exercised independent judgment and discretion.

19. Plaintiffs Mike Safaie and Janice Kevari's claims are typical of those of the class in that they have been injured by Defendant's common policy or practice of failing to pay overtime to CSSs. They will vigorously protect the interests of the class; they have no interests that are adverse to those of the class; and they have retained counsel who are experienced in federal and state class wage and hour litigation and are competent to prosecute the class claims.

20. A class action is superior because class treatment provides judicial economy. Many of the central issues are susceptible to being resolved by summary judgment.

21. Pursuant to California Business and Professions Code §17203, Plaintiffs Mike Safaie and Janice Kevari seek an order requiring Defendant to make restitution of all unpaid overtime owed to the class defined above, plus one hour's worth of pay for each missed meal and rest period, plus interest, attorney fees, and costs, in amounts to be proved at trial. In addition, they seek penalties pursuant to the California Labor Code's Private Attorney General Act.

## PRAYER FOR RELIEF

22.  Plaintiff Linda Young, on her own behalf and for all those similarly situated employees who consent to join, prays for overtime wages, liquidated damages, and attorney fees and costs, in amounts to be proved at trial, and such other relief as the Court may find appropriate.

23.  Plaintiffs Mike Safaie and Janice Kevari, individually and on behalf of the class defined above, pray for restitution of unpaid wages, plus interest, attorney fees, and costs, in amounts to be proved at trial, plus such other relief as the Court may find appropriate.

DATED: February 7, 2008                MCINERNEY & JONES

By: /s/ Kevin J. McInerney
Kevin J. McInerney, Esq.
*Attorneys for Plaintiffs*